1   had to reimburse the Plaintiff. When the Holiday Bowl Committee member asked the

2   Plaintiff if the tickets were complimentary for no charge the Plaintiff refused the gift and

3   paid for them. The General Counsel knew he was in violation of the Ethics Code when

4   he made the request for the favors from the Plaintiff.

5       After the Plaintiff filed his Claim with the Airport Authority, the General Counsel

6   wrote to the Plaintiff that "the facts about me are false, misleading, defamatory,

7   slanderous, libelous" because the number of tickets he requested was six, not eight, and

8   the price he paid for the tickets was $300.00 not $400.00. He then threatened to pursue

9   legal action against the Plaintiff for "filing a false defamatory accusation against [him]"

10  because "Mr. Hernandez had volunteered to pick up the tickets since he already had

11  plans to visit the ticket the ticket [sic] location", a statement which is untrue. The

12  General Counsel's threat is an additional and separate violation of the Ethics Code.

13      k.      The Plaintiff was present with the Vice President of Operations when the

    Chairman of the Board of the Authority requested a contractor to be hired to re-survey

14  his Authority office space for "listening devices." The Chairman's office space had

15  previously on two separate occasions been surveyed for "bugging devices" or other

16  "listening apparatus." The Chairman was worried that his communications could be

17  intercepted by the FBI or similar such agencies. This contract request is a gross waste of

18  the Authority funds.

19      l.      The Vice President of Budget and Finance, representing himself and

20  Thella Bowens as Board members of the Jackie Robinson YMCA, requested that the

21  Plaintiff secure a free round trip airline ticket for the owner of national basketball team.

22  The request was made so that the owner could be the featured speaker at a banquet.

23      m.      The Vice President of Operations with the full knowledge of Thella

24  Bowens, requested that the Plaintiff secure free round tip airline tickets to be donated

25  as the featured prizes of the annual United Way campaign. The Plaintiff did this twice.

26      n.      Thella Bowens requested from the Plaintiff that a marked reserved parking

27                                    21

28

stall be designated in the employee parking lot at the Commuter Terminal for her

personal use.  Bowens then never used the stall, choosing to park elsewhere and

she reassigned the stall to the Vice President of Budget and Finance.  That particular

reserved parking staff is clearly marked for use only by the President/CEO of the

Airport Authority.  The designation of the parking stall to the Vice President of Budget

and Finance clearly connotes preferential treatment and is a violation of Airport Authority

rules and regulations.

   o. The Vice President of Operations instructed the Plaintiff to use his

position as Director of Landside Operations to secure a limousine from one of the

Airport's service providers to be used as part of the procession for a colleague's wife's

funeral.

38. Under the Authority's Ethics Code found in Article 2, et seq.: "No Board member

or employee of the Authority shall use or threaten to use any official power or influence

to discourage, restrain or interfere with any other person for the purpose of preventing

such person from acting in good faith to report or otherwise to bring to the attention of

the Board *or any other appropriate agency, office or department* any information which,

if true, would constitute:

   (1) a work-related violation by a Board member or employee of any law or

regulation, including this Ethics Code;

   (2) a gross waste of Authority funds;

   (3) a gross abuse of power;

   (4) a conflict of interest of a Board member or employee; or

   (5) No Board member or employee of the Authority shall use or threaten to use

any official authority or influence to effect any action as a reprisal against a Board

member or employee who reports or otherwise brings to the attention of the Board or

other appropriate agency, office or department, any information regarding the subjects

described in Subsection (a)

22

**11-184**

1    The Plaintiff attempted, time and time again, to bring to the attention of the

2    attorney from LUCE FORWARD the above-stated Ethics violations and every single

3    time the attorney from LUCE FORWARD interrupted and spoke over the Plaintiff to

4    prevent the Plaintiff from reporting violations, both legal and ethical, that he was aware

5    of and had not been 'investigated.' The attorney was not interested in knowing about the

6    above-stated violations or any incident that did not show wrongdoing by the Plaintiff.

7    The Plaintiff did his best to report, disclose, divulge and bring to the attention of his

8    employer's 'investigator' (the attorney from LUCE FORWARD) facts and information

9    relative to both suspected and actual violations of state law directly related to his job.

10   The Plaintiff observed improper governmental activity by employees of the Authority

11   undertaken in the performance of the employee's official duties that demonstrated

12   economic waste, incompetency and inefficiency.  The 'investigator' Thella Bowens hired

13   (the lawyer from LUCE FORWARD) attempted to use and used, both directly and

14   indirectly, intimidating, threatening, coercing, and commanding tactics to influence the

15   information he was told by the Plaintiff and by the witnesses during their interviews.

16   Thella Bowens could not have reasonably believed that taking personnel action, including

17   hiring and directing an 'investigation' into the Plaintiff's alleged but not articulated

18   violations of the Authority's Ethics policy was and is justified based on her own and her

19   direct report employees' own well-know violations of the same policies and Codes.

20   Bowens was well aware that the evidence of her own violations were known to the

21   Plaintiff and when he reported those violations to her hired 'investigator' he was cut off

22   and told not to discuss them.  Other witnesses also disclosed to Bowen's 'investigator'

23   knowledge of Bowne's wrongdoing as well as the Ethics violations by her Vice

24   Presidents that Bowens condoned and ratified.

25   39.    The Plaintiff contends he disclosed a number of legal violations for which the

26   Authority retaliated against him.

27           The first disclosure arose from the Plaintiff's opposition to a "side deal" that

23

1   Bryan Enarson made with a concessionaire at the airport, Host, that restricted the

2   Authority's ability to annex the space needed to comply with ADA requirement for the

3   women's restrooom at the airport..  The result of Enarson's actions increased the project

4   budget by over $2 million.  The Plaintiff believed this resulted in legal noncompliance

5   with the ADA requirements which were well settled at that time and took precedence

6   over the handshake agreement Enarson made without negotiation with Host.

7     The second disclosure also arose from events involving Enarson, who was the

8   lead negotiator on behalf of the Airport for the property known as the General Dynamics

9   property.  Enarson proceeded with the negotiations without ascertaining the extent of the

10  "public hazards around the airport"and resulted in a lease agreement that loses millions of

11  dollars per year for the Authority.

12    The third disclosure involved the misuse and waste of the usable land around the

13  property known as the Teledyne Ryan property.  Enarson proceeded with the negotiations

14  without ascertaining the extent of the "public hazards around the airport" and that

15  resulted in a lease agreement that loses millions of dollars per year for the Authority.

16  Enarson then blocked open discussion of the problem and no resolution has been

17  attempted.

18    The fourth and final disclosure encompassed the issue of the contract bid by the

19  Lindbergh Parking, Inc.  (LPI) and its failure to meet its contract expectations and the

20  offenses and actions by the LPI that indicate a lack of business integrity.

21    The Plaintiff believes it was the personal relationship of the President/CEO of the

22  Authority, Thella Bowens (Doe No.1) who has shown favoritism, partiality and a refusal

23  to hold those of the same minority race as herself to the same accountability as the Ethics

24  Code and other laws and regulations require.  Besides Enarson, who is white, and a

25  premier kiss ass, Bowens has never applied the same policy standards to herself or to her

26  Vice Presidents who are black.  Maurice Gray is black and is the beneficiary of not

27  having to comply with the standards and requirements that other Authority contractors

28

24

have been held to. By eliminating the Plaintiff from his job she has assured that no one else surrounding her at the high management levels will speak up or oppose whatever it is she desires to do, both personally and in her job position. Thella Bowens (Doe No.1) made it clear through the attorney she hired from LUCE FORWARD and through the investigator the attorney hired that she alone would make the determinations as to conclusions and findings of the two. Bowens (Doe No.1) met on a regular, if not daily basis, with the two she hired and reviewed their "findings" and personally directed them in their 'work', including their 'work' that invaded the Plaintiff's privacy and had no relation whatsoever to the Plaintiff's job or his job performance.

40.     The Ethics Code, Art. 2, Part 2.0, Section 2.05 (a) requires that : "Board members and employees of the Authority shall comply with the laws of the . . . State of California and the ordinances, codes, rules and regulations of the Authority in the performance of their public duties. . . ." Section 1.17 (a) of the Ethics Code provides: "Whenever in this Code any act or omission is made unlawful, it shall include causing, permitting, aiding or abetting such act or omission." Under these laws, all employees, including Thella Bowens (Doe No.1) and her Vice Presidents and Directors who participated in acts that violated the Ethics Code, whether by requesting them, directing them, condoning them or ratifying them, are "causing, permitting, aiding or abetting" the acts.

41.     The Plaintiff believed in good faith that LPI was in violation of California Public Contracting laws found in the California Public Contract Code Section 100 et seq. The discovery that LPI had presented false expenses in its bid submission, combined with the unsatisfactory performance of the contract, its failure to submit insurance documents and its lack of business integrity when given time and opportunities to correct its wrongdoing seriously affected the reliability and credibility of the performance of LPI. The final deadline for Maurice Gray to submit a job description that detailed the duties he performed as President of LPI to justify his salary of $60,000.00 was quickly approaching when Thella Bowens (Doe No.1) made the decision to begin an 'investigation' of the

25

1  Plaintiff. Bowens wanted Maurice Gray to continue in that position, partly because he

2  was black, and she favored protection of the black employees, but also because she did

3  not want anyone, including the Plaintiff, to speak up and oppose whatever decisions she

4  made, whether they involved misuse of government funds as the Plaintiff believed when

5  he opposed and objected to the leases that cost the Authority millions of dollars for

6  nothing in exchange. Over and over again the Plaintiff voiced his opinions that waste of

7  money occurred when Enarson, with Bowen's approval, failed to consider the budget and

8  its inability to sustain payments when no revenue could be generated from projects

9  improperly negotiated and Bowen's refusal to address those problems. LPI was the last

10  straw for Bowens. The Plaintiff believed that Bowens and her Vice Presidents were using

11  favoritism as a form of corruption in the LPI contract. There is no other "justification"

12  for the timing, the identity of the retaliators, and the secretive and calculated course of

13  conduct that Bowens called for choosing to 'investigate' the Plaintiff at that time.

14  Bowens cannot show independent reasons for her hiring of an 'investigator' that

15  demonstrates clear and convincing evidence that she would have conducted an

16  'investigation' if the Plaintiff had not engaged in protected disclosures or refused to

17  participate in suspected and actual violations of state law governing public contracts.

18  42.     The Ethics policies and Code are not uniformly followed, enforced or used by

19  Authority management. The Plaintiff was singled out because he opposed and objected

20  on numerous occasions to the actions of the Authority's President/CEO Thella Bowens

21  and her Vice Presidents when he believed he had reasonable cause to believe that the

22  opposition was necessary to disclose a violation of state statute, or a violation or

23  noncompliance with a state statute, rule or regulation. The Authority, as the Plaintiff's

24  employer, retaliated against the Plaintiff for having exercised his rights under Labor Code

25  section 1102.5(a)(b) ( c).

26  43.     The conduct of the Defendant Authority and DOES 1 through 20 was a

27  substantial factor in causing the Plaintiff's harm.

28

26

11-188

44.     As a direct and proximate cause of said acts of harm and conduct described above, Plaintiff has been and continued to be subjected to shame, humiliation and extreme emotional distress, all to the Plaintiff's damage in a sum as yet undetermined, and Plaintiff requests leave of court to state such damages in accordance with proof at trial.

45.     As a direct and proximate cause of said acts of harm and conduct against the Plaintiff by Defendants and DOES 1 through 20 the Plaintiff has lost standing in his community, been held up to ridicule and shame, suffered great mental and emotional distress, worry, fear of his economic future and depression, all to the Plaintiff's damage in a sum that cannot be computed at this time, and the Plaintiff requests leave to amend this complaint to state these damages in accordance with proof at trial.

### THIRD CAUSE OF ACTION
#### (Violation of the Right to Privacy)
#### (Against All Defendants)

46.     Plaintiff incorporates paragraphs 1 through 7 of the Facts Common to all Causes of Action and paragraphs 8 through 45 of the Plaintiff's First Cause of Action and paragraphs 34-44 of the Second Cause of Action as though fully set forth herein.

47.     Thella Bowens (Doe No.1) hired an attorney from LUCE FORWARD and he hired an investigator to supposedly look into "allegations" of violations of the Ethics policy and Code by the Plaintiff.  There is nothing in either the Ethics policy or the Ethics Code of the Authority that invites intrusion into the private life of the Plaintiff, including "investigating" anything in regard to his marriage.  The Plaintiff's private life, including his marriage, has nothing to do with his job duties, his job position or any matter that is of any concern to the Authority or to Thella Bowens personally.  The attorney from LUCE FORWARD hired by Thella Bowens and the investigator hired by the attorney from LUCE FORWARD are both subject to the Authority's Ethics policies and to the Ethics

27

1    Code of the Authority, as both were hired by Thella Bowens on behalf of the Authority as

2    consultants to her and the officers of the Authority with whom she shared the decision

3    making of the 'investigation.' In addition, Thella Bowens and all of those with whom she

4    shared the 'investigation' responsibilities were and are charged with knowledge of the

5    Ethics policies and Ethics Code of the Authority and as so charged knowingly with the

6    actions of intrusion committed by them individually and in the dual capacity of their job

7    duties on behalf of the Authority.

8    48.    The Plaintiff had a reasonable expectation of privacy in regard to his marriage.

9    The interrogation of witnesses as to their observations, personal knowledge or opinions

10   regarding the Plaintiff's marriage, including communication within his marriage, the

11   manner of communication between the Plaintiff and his wife, the appearance of the

12   marriage to outsiders, and any other matters that the attorney for LUCE FORWARD and

13   his hired investigator made regarding the Plaintiff's marriage from witnesses who were

14   being interviewed regarding an 'investigation' whose subject matter had not been

15   revealed to the Plaintiff was intentionally intruded in by the hired help of the Authority.

16   The intrusion of the Authority's 'consultants' and the stated discussion regarding the

17   findings of the 'consultants' with the Authority management on a regular basis that

18   included findings of the interrogation of witnesses on the subject of the Plaintiff's

19   marriage was highly offensive to the Plaintiff and would be highly offensive to a

     reasonable person.

20   49.    The investigator hired by the attorney from LUCE FORWARD also intruded into

21   the Plaintiff's privacy by coercing the owner of the car repair shop (where the Plaintiff

22   had his car repaired) to hand over copies of car repair records and invoices showing

23   payment of the car repairs. The owner immediately contacted the Plaintiff to explain that

24   the investigator told him he was hired by the Authority to look into the Plaintiff's records

25   and threatened him with legal proceedings if he did not immediately turn over the records

26   to him. The owner protested and opposed the demand but was coerced into providing the

27                                              28

28

1  records by the investigator. Neither the Authority, the attorney for LUCE FORWARD or

2  the investigator had sought permission from the Plaintiff to obtain or look at those private

3  records. The Plaintiff was furious at the intrusion into his private affairs without his

4  knowledge or permission. Given the instruction that he could not tell the owner what the

5  circumstances of the invasion into his privacy meant, the Plaintiff was further denied the

6  opportunity to defend himself from the invasion or explain the reason why the

7  investigator had committed this act of intrusion. Once again, the Plaintiff was left in a

8  position of not knowing himself the reason for the 'investigation' and the embarrassment

9  that this investigator could act to further leave the Plaintiff in another position of

10  looking like he had done something wrong when he had not.

11  50.    The Plaintiff had a reasonable expectation of privacy in regard to his private

12  vehicle and its repair documents and invoices. The intentional intrusion and false

13  statements used by the investigator hired by the attorney for LUCE FORWARD to obtain

14  the Plaintiff's private records were highly offensive to him and would be highly offensive

15  to a reasonable person. The circumstances surrounding the Authority's intrusion were

16  part of a calculated scheme to find some violation that could "justify" the termination of

17  the Plaintiff because he had made disclosures regarding the Authority's operations and

18  budget that he believed were illegal and would prevent the Plaintiff and others from

19  reporting similar violations by the Authority and allow the Authority to continue to

20  operate in whatever manner it desired to do so regardless of the consequences to the

21  budget of the Authority.

22  51.    The Plaintiff did not consent to the Defendant Authority's or Defendants DOES

23  1 through 20's intrusion into either his marriage or the records of his car repair.

24  52.    The Plaintiff suffered harm from the Defendant Authority's and Defendants

25  DOES 1 through 20's wrongful intrusion into his private affairs and Defendants' conduct

26  was a substantial factor in causing the Plaintiff harm.

27  53.    The Plaintiff suffered severe emotional distress The Defendants' conduct was a

28  

29

1   substantial factor in causing Plaintiff severe emotional distress.  As a direct and
2   proximate result of the acts and conduct described above, Plaintiff has been and continues
3   to be subjected to shame, humiliation, and extreme emotional distress, all to the Plaintiff'
4   damage in a sum as yet undetermined, and Plaintiff requests leave of court to state such
5   damages in accordance with proof at trial.

6   54.    As a direct and proximate cause of said acts of harm and conduct against the
7   Plaintiff by Defendants the Plaintiff has lost standing in his community, been held
8   up to ridicule and shame, suffered great mental and emotional distress, worry, fear of his
9   economic future and depression, all to the Plaintiff's damage in a sum that cannot be
10  computed at this time, and the Plaintiff requests leave to amend this complaint to state
    those damages in accordance with proof at trial.
11

### FOURTH CAUSE OF ACTION

### (Wrongful Discharge in Violation of Public Policy)

### (Against All Defendants)

15  55.    Plaintiff incorporates paragraphs 1 through 7 of the Facts Common to All Causes
16  of Action and paragraphs 8 through 45 of the First Cause of Action and paragraphs 34 to
17  44 of the Second Cause of Action and paragraphs 46 to 54 of the Third Cause of Action
18  as though fully set forth herein.

19  56.    The Plaintiff was discharged from employment for reasons that violate a public
20  policy.  The Plaintiff was forced to resign his position from the Authority because he
21  had disclosed in good faith to his own Authority, a government agency, the violations of
22  the Authority regarding its misuse of money, waste of government funds, the violations of
23  law regarding four projects of which he had personal knowledge of the violations of law
24  and rules and regulations that the Authority violated repeatedly.

25  57.    The Plaintiff was exercising a statutory right or privilege to disclose the legal
26  violations he in good faith believed were violations and in doing so was reporting to his

27                                         30

28

**11-192**

own agency violations of statutes, rules and regulations that were of paramount public importance.  It is well settled in California law that in addition to statutory provisions, valid administrative regulations such as Ethics Code may serve as a source of fundamental public policy because those regulations implement fundamental public policy.

58.    The Plaintiff absolutely made  clear his opposition in private meetings, in public meetings, at open door and closed door meetings to the failure of the Authority to implement the annexation of the space needed to have the women's restroom comply with the ADA requirements and to complete the project at a reasonable cost and in a timely manner.  The American Disabilities Act and its enabling statutes and regulations are federal law and federal regulations.

59.    The Plaintiff made clear to the Vice President to whom he reported that he objected and opposed during the negotiations and the due diligence process that Enarson ( Vice President and confidante to Thella Bowens ) was not properly understanding the lawful use and conditions of the General Dynamics property that resulted and continues to result in losses of millions of dollars for the Authority.  California Public Utilities Code section 170056(f)(1)(2)(3)

60.    The Plaintiff disclosed and opposed the misuse and waste of the unusable land around the Teledyne Ryan property at Capitol Improvement meetings, at weekly Operations meetings, at Directors meetings and other times. California Public Utilities Code section 170056(a)(1)(B)

61.    The Plaintiff conducted numerous disclosure meetings with the Vice President to whom he reported regarding the failure of LPI to meet the expenses and conditions that the company had used to bid on the parking operations contract.  California Code of Contracts section 1100; section 100.  The Plaintiff also met repeatedly with Maurice Gray of LPI and gave him extended help and time to come into compliance on the contract and he failed and refused to do so.  This correlated with the idea of conducting an

31

'investigation' of the Plaintiff rather than of the contractor.

62. The conduct of the Defendants was a substantial factor in causing the Plaintiff's harm.

63. As a direct and proximate cause of the acts and conduct described above, Plaintiff has ben and continues to be subjected to shame, humiliation and extreme emotional distress, all to the Plaintiff's damages in a sum as yet undetermined, and Plaintiff requests leave of court to state such damages in accordance with proof at trial.

64. As a direct and proximate cause of said acts of harm and conduct against the Plaintiff by Defendants and DOES 1 through 20 the Plaintiff has lost standing in his community, been held up to ridicule and shame, suffered great mental and emotional distress, worry, fear of his economic future and depression, all to the Plaintiff's damage in a sum that cannot be computed at this time, and the Plaintiff requests leave to amend this complaint to state those damages in accordance with proof at trial.

WHEREFORE, Plaintiff JOSE HERNANDEZ respectfully prays this court:

1. For general damages according to proof;

2. For attorneys fees and costs on this suit pursuant to CCP Section 1021.5;

3. For such other and further relief as the court deems just and proper.

Dated: December 8, 2006

CATHRYN CHINN, Attorney for

Plaintiff Jose Hernandez

32

11-194

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

330 W. Broadway, Dept. 75
San Diego, CA 92101
619-685-6120

TO:

SANDRA MCDONOUGH      #193308
PAUL PLEVIN, SULLIVAN & CONNAUGHTON LLP
401 B ST 10TH FLOOR
SAN DIEGO, CA 92101

| | |
|---|---|
| JOSE HERNANDEZ<br><br>Plaintiff(s)<br><br>vs.<br><br>SAN DIEGO COUNTY REGIONAL AIRPORT<br>Defendant(s) | **Case No.:** GIC871979<br><br>**NOTICE OF**<br>**CASE MANAGEMENT CONFERENCE**<br><br>Sanctions pursuant to CCP 177.5, 575.2 and CRC 227(b)<br>may be imposed for failure to serve this notice. |

**COUNSEL: CHECK SERVICE LIST. IF YOU HAVE BROUGHT A PARTY INTO THIS CASE WHO IS NOT INCLUDED IN THE SERVICE LIST, Superior Court Rules, Division II, Rule 2.9 REQUIRES YOU TO SERVE THEM WITH A COPY OF THIS NOTICE.**

Notice is given that the above-entitled case has been set for the reason listed below and at the location shown above.
All inquiries regarding this notice should be referred to the court and phone number listed above.

| TYPE OF HEARING | DATE | TIME | REPORT TO JUDGE |
|---|---|---|---|
| Case Management Conference | 04/20/07 | 01:30PM | RICHARD E. L. STRAUSS |

A Case Management Statement must be completed by counsel for all parties or parties in pro per and timely
filed with the court at least 15 days prior to the initial Case Management Conference. (Rule 2.9, CRC Rule 212).

All counsel of record or parties in pro per shall appear at the Case Management Conference, be familiar with the case, and
be fully prepared to participate effectively in the hearing, including discussions of ADR options.

**CERTIFICATE OF SERVICE**

I certify that: I am not a party to the above-entitled case; on the date shown below, I served this notice on the
parties shown by placing a true copy in a separate envelope, addressed as shown; each envelope was then sealed and,
with postage thereon fully prepaid, deposited in the United States Postal Service at San Diego
California.

DATED: 01/12/07

BY: CLERK OF THE SUPERIOR COURT

CATHRYN CHINN (P)
SANDRA MCDONOUGH (D)

**EXHIBIT 13**



## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

330 W. Broadway, Dept. 75
San Diego, CA 92101
619-685-6120


TO:

SANDRA MCDONOUGH    #193308
PAUL PLEVIN, SULLIVAN & CONNAUGHTON LLP
401 B ST 10TH FLOOR
SAN DIEGO, CA 92101

---

| | |
|---|---|
| JOSE HERNANDEZ<br><br>                          Plaintiff(s)<br><br>vs.<br><br>S D COUNTY REGIONAL AIRPORT AUTHRT<br>                          Defendant(s) | Case No.:  GIC871979<br><br>**NOTICE OF<br>CASE MANAGEMENT CONFERENCE**<br><br>Sanctions pursuant to CCP 177.5, 575.2 and CRC 227(b)<br>may be imposed for failure to serve this notice. |

---

**COUNSEL: CHECK SERVICE LIST. IF YOU HAVE BROUGHT A PARTY INTO THIS CASE WHO IS NOT INCLUDED IN THE SERVICE LIST, Superior Court Rules, Division II, Rule 2.9 REQUIRES YOU TO SERVE THEM WITH A COPY OF THIS NOTICE.**

Notice is given that the above-entitled case has been set for the reason listed below and at the location shown above. All inquiries regarding this notice should be referred to the court and phone number listed above.

| TYPE OF HEARING | DATE | TIME | REPORT TO JUDGE |
|---|---|---|---|
| Case Management Conference | 04/20/07 | 10:00AM | RICHARD E. L. STRAUSS |

RESCHEDULED from 04/20/07 01:30PM Judge RICHARD E. L. STRAUSS

A Case Management Statement must be completed by counsel for all parties or parties in pro per and timely filed with the court at least 15 days prior to the initial Case Management Conference. (Rule 2.9, CRC Rule 212).

All counsel of record or parties in pro per shall appear at the Case Management Conference, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of ADR options.

**CERTIFICATE OF SERVICE**

I certify that: I am not a party to the above-entitled case; on the date shown below, I served this notice on the parties shown by placing a true copy in a separate envelope, addressed as shown; each envelope was then sealed and, with postage thereon fully prepaid, deposited in the United States Postal Service at San Diego California.

DATED: 01/19/07                                      BY: CLERK OF THE SUPERIOR COURT

CATHRYN CHINN (P)
SANDRA MCDONOUGH (D)

---

*SDRAA/Hernandez pld*

1   FRED M. PLEVIN (SBN 126185)
    SANDRA L. MCDONOUGH (SBN 193308)
2   ALBERT R. LIMBERG (SBN 211110)
    **PAUL, PLEVIN, SULLIVAN & CONNAUGHTON** LLP
3   401 B Street, Tenth Floor
    San Diego, California 92101-4232
4   Telephone: 619-237-5200
    Facsimile: 619-615-0700
5

6   AMY S. GONZALEZ (SBN 181745)
    **SAN DIEGO COUNTY REGIONAL AIRPORT**
    **AUTHORITY**
7   3225 N. Harbor Drive
    San Diego, CA 92138
8   Telephone: (619) 400-2425
    Facsimile: (619) 400-2428
9

10   Attorneys for Defendant
    SAN DIEGO COUNTY REGIONAL AIRPORT
11   AUTHORITY

12          SUPERIOR COURT OF THE STATE OF CALIFORNIA

13                COUNTY OF SAN DIEGO

14   JOSE HERNANDEZ,            CASE NO. GIC 871979

15         Plaintiff,          **NOTICE OF MOTION AND MOTION TO**
                      **STRIKE PLAINTIFF'S FIRST AMENDED**
16       v.              **COMPLAINT**

17   SAN DIEGO COUNTY REGIONAL
    AIRPORT AUTHORITY, a public entity;
18   and DOES 1 through 12, inclusive,     Date:         April 6, 2007
                                 Time:         9:30 a.m.
19         Defendants.        Dept:         75
                                 Judge:       Hon. Richard E. Strauss
20                             Complaint Filed:  September 1, 2006
                                 Trial Date:     Not Set
21

22                                 **EXEMPT FROM FEES**
                                **GOVT. CODE § 6103**

23

24      TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

25      PLEASE TAKE NOTICE that on April 6, 2007, at 9:30 a.m., the first available date from

26  the Court, or as soon thereafter as counsel may be heard, in Department 75 of the San Diego

27  County Superior Court, located at 330 West Broadway, San Diego, California 92101, defendant

28  San Diego County Regional Airport Authority ("Authority") will and hereby does move to strike

PAUL, PLEVIN,
SULLIVAN &
CONNAUGHTON LLP

NOTICE OF MOTION AND MOTION TO STRIKE      1            CASE NO. GIC 871979
PLAINTIFF'S FIRST AMENDED COMPLAINT

1  improper and irrelevant allegations from the First Amended Complaint ("FAC") pursuant to Code

2  of Civil Procedure section 436(a), as detailed in the table attached to this notice as Exhibit A and

3  incorporated herein by reference, on the following grounds:

    1.  Plaintiff has failed to allege a state or federal law, rule or regulation that the Authority

        allegedly violated, as required by Labor Code section 1102.5 (FAC ¶¶ 14, 18, 28, 29, 37

        (a-o), 38-42, 56, 57, and 61.);

    2.  Plaintiff has failed to allege facts supporting his allegation that he reasonably believed that

        the Authority's actions violated a state or federal law, rule or regulation, as required by

        Labor Code section 1102.5(b).  (FAC ¶¶ 10, 11, 12, 29, 37, 38-39, 49, and 58-59);

    3.  Plaintiff has failed to allege that the Authority made or enforced a rule, policy or

        regulation that prevented him from disclosing violations of law, as required by Labor

        Code section 1102.5(a) (FAC ¶ 38);

    4.  Plaintiff has failed to allege that he disclosed certain purported ethical violations (FAC ¶

        37);

    5.  The Authority is immune from liability for its actions in connection with the investigation

        of potential ethics code violations under Government Code sections 821.6 and 815.2(b)

        (FAC ¶¶ 23-26, 28, 30, 38, 47-50, and 56-61);

    6.  The Authority is immune from liability for its discretionary acts under Government Code

        sections 820.2 and 815.2(b) (Complaint ¶¶ 23-26, 28, 30, 38, 47-50, and 56-61);

    7.  Plaintiff did not have a reasonable expectation of privacy in his car repair records (FAC ¶

        25);

    8.  Plaintiff did not have a reasonable expectation of privacy in third parties' observations of

        his marital relationship (FAC ¶¶ 26 and 48); and

    9.  Plaintiff may not pursue a private right of action for violations of the Authority's internal

        ethics code. (Complaint ¶¶ 37-42).

        This motion is based on this notice and motion, the accompanying memorandum of points

and authorities filed in support of the demurrer and this motion to strike, the entire file in this

///

PAUL, PLEVIN,
SULLIVAN &
CONNAUGHTON LLP

NOTICE OF MOTION AND MOTION TO STRIKE
PLAINTIFF'S FIRST AMENDED COMPLAINT

2

CASE NO. GIC 871979

14-198

1    case, and any other evidence or argument properly considered by the Court in connection with this

2    motion.

3          This Court follows California Rules of Court, Rule 324. The Court will therefore make its

4    tentative ruling available by telephone at (619) 531-3690 the court day before the scheduled

5    hearing at 3:00 p.m., or the tentative ruling may be reviewed on the Court's internet web site

6    (www.sdcourt.ca.gov) after 3:00 p.m. on that same day.

7

8    Dated: January 10, 2007                        PAUL, PLEVIN, SULLIVAN &
                                                     CONNAUGHTON LLP

9
                                                     By:
10                                                      FRED M. PLEVIN
                                                        SANDRA L. MCDONOUGH
11                                                      ALBERT R. LIMBERG
                                                        Attorneys for Defendant
12                                                      SAN DIEGO COUNTY REGIONAL
                                                        AIRPORT AUTHORITY

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PAUL, PLEVIN,
SULLIVAN &
CONNAUGHTON LLP

NOTICE OF MOTION AND MOTION TO STRIKE              3              CASE NO. GIC 871979
PLAINTIFF'S FIRST AMENDED COMPLAINT

14-199

**EXHIBIT A**

**TABLE OF ALLEGATIONS TO BE STRICKEN FROM THE COMPLAINT**

| ALLEGATION TO BE STRICKEN | LEGAL GROUNDS FOR STRIKING ALLEGATION FROM COMPLAINT |
|---|---|
| Paragraph 6, p. 3, lines 1-5, which reads: " . . . as well as the San Diego County Regional Airport Authority's Code of Ethics and Conflicts of Interest Code, Article 1, Part 1.1, Section 1.17(a); Article 2, Parts 2.0 to 2.30; Article 3, Part 3.0, Section 3.01; Article 5, Par 5.1. Sections 5.10 to 5.18; San Diego County Regional Airport Authority Policies, Article 2, Part 2.0, Section 2.01 (1)(a)(b)(2) et seq." | This paragraph is subject to a motion to strike under California Code of Civil Procedure section 436(a) because it contains improper and irrelevant allegations as follows:<br><br>Local rules and internal regulations do not support a cause of action under Labor Code section 1102.5, because they are not *state or federal* laws, rules or regulations. (Labor Code § 1102.5; see also *Patten v. Grant Joint Union High School Dist.* (2005) 134 Cal.App.4th 1378, 1384 [the court recognized that the 2003 Amendment to Labor Code section 1102.5, which added that the plaintiff could disclose a violation of a "rule" as a protected activity, made it clear that the alleged violated "rule" must be a "state or federal 'rule'"].) |
| Para. 10, p. 5, lines 1-11, which reads: " . . . In the process it was revealed that Enarson had entered into side deals with a handshake agreement with Host that restricted the Operations Division's ability to annex the space which was needed to comply with ADA requirements. The Plaintiff had reasonable cause to believe that the Authority was in violation of the federal American Disabilities Act [sic] and its enabling regulations. Because Enarson refused to either take the space away from Host or renegotiate with them, major modifications had to be made that increased the project budget by over $2 million. During the long delays women were forced to endure the long lines to use the restrooms. There was no access for the disabled to the restroom for which the Plaintiff also had reasonable cause to believe that the Authority was in violation | This paragraph is subject to a motion to strike under California Code of Civil Procedure section 436(a) because it contains improper and irrelevant allegations as follows:<br><br>Plaintiff does not allege facts supporting his ultimate conclusion that he reasonably believed the Authority violated the ADA. Instead, he only alleges that he reported that the Authority was restricted from complying with the ADA and the Authority was thus required to increase the project budget by over $2 million. Plaintiff fails to allege which ADA provision was purportedly violated, or how the "side deal" or project's cost increase purportedly violated the ADA. Because plaintiff fails to allege facts supporting his conclusory allegation, he could not have had a reasonable belief that the Authority was violating the ADA, as required by Labor Code section 1102.5. |

4

CASE NO. GIC 871979

**14-200**

| ALLEGATION TO BE STRICKEN | LEGAL GROUNDS FOR STRIKING ALLEGATION FROM COMPLAINT |
|---|---|
| of the equal access provision of the ADA." | |
| Paragraph 11, which reads: "The Plaintiff disclosed to members of the Authority Enarson's "side deal" made with out negotiation that restricted the Authority's ability to annex the space needed to comply with ADA requirements for the airport restroom. Plaintiff also disclosed that Enarson's refusal had increased the project budget by over $2 million. On both counts, Plaintiff believed that he was disclosing legal violations: violations of the ADA requirements and also disclosing the unauthorized use of public assets because Enarson had a "handshake" deal. The project suffered over three (3) years of delays due to Enarson's conflict with the airport's food and beverage concessionaire." | This paragraph is subject to a motion to strike under California Code of Civil Procedure section 436(a) because it contains improper and irrelevant allegations as follows:<br><br>Plaintiff does not allege facts supporting his ultimate conclusion that he reasonably believed the Authority violated the ADA. Instead, he only alleges that he reported that the Authority was restricted from complying with the ADA and the Authority was thus required to increase the project budget by over $2 million.  Plaintiff fails to allege which ADA provision was purportedly violated, or how the "side deal" or project's cost increase purportedly violated the ADA.  Because plaintiff fails to allege facts supporting his conclusory allegation, he could not have had a reasonable belief that the Authority was violating the ADA, as required by Labor Code section 1102.5. |
| Paragraph 12, which reads: "The General Dynamics property is approximately 85 acres and sits along Pacific Coast Highway on the north side of the airport. The property contains a 1,600 parking stall long term parking lot (SAN Park Pacific Highway), and provides for Convention Center truck staging, rental car storage, and Cruise Ship truck staging. The terms of the original three year lease called for rent of $4.6 million year one, $6.6 million year two, and $8.6 million year three. Enarson was the lead negotiator on the lease. When Plaintiff compared the revenue potential of the approximately $3 million net from the parking operation and $1 million from the vehicle storage, the lease payments were too expensive and out of line. Plaintiff disclosed that the increased lease payments pulled funds away from the operating budget and he believed it was an unauthorized use of the Authority funds. Plaintiff also believed the failure to | This paragraph is subject to a motion to strike under California Code of Civil Procedure section 436(a) because it contains improper and irrelevant allegations as follows:<br><br>Plaintiff could not have had a reasonable belief that the General Dynamics lease violated a federal or state law because the terms of the lease were authorized by statute. (See Public Utilities Code § 170056(f); Labor Code § 1102.5 [reasonable belief requirement]) |

PAUL, PLEVIN,
SULLIVAN &
CONNAUGHTON LLP

NOTICE OF MOTION AND MOTION TO STRIKE
PLAINTIFF'S FIRST AMENDED COMPLAINT

5

CASE NO. GIC 871979

14-201

| ALLEGATION TO BE STRICKEN | LEGAL GROUNDS FOR STRIKING ALLEGATION FROM COMPLAINT |
|---|---|
| negotiate the lease properly was a violation of law and contrary to public interest. The Plaintiff had reasonable cause to believe that this failure and other actions related to the lease were unlawful acts that violated California Public Utilities Code section 170056 (f)(1)(2)(3)[.]  Plaintiff had reasonable cause to believe that the terms of the lease were in violation of the California Public Utilities Code section 1700056(f)(3) [sic]. Despite the Plaintiff's objections to the actual revenue streams, Enarson decided the matter would go up to the Vice President level, where it died and no corrective action was taken. The lease was signed contrary to the objections of true forms of revenue streams." | |
| Paragraph 13, which reads:  "The Authority's Teledyne Ryan property lease calls for $3 million in annual payments for the 46.77 acre property, located immediately east of the airport along Harbor Drive. At the time the lease was negotiated, with Enarson as the lead negotiator, contamination of the property allegedly required approximately $10 million. The failure to properly inspect and analyze the actual contamination resulted in a finding that the contamination remediation range would be approximately $30 million and would limit the use of the property to the existing 350 space long term parking lot (SAN Park Harbor Drive). Current revenues derived from the parking lot are approximately $1.2 million a year with about $700,000.00 in expenses, netting the Authority only $500,000.00. The original plan for the property was to phase in the parking development from what is now Phase I, 350 parking stalls, to Phase 2, approximately 1,300 stalls. If the project had stayed as planned the property would now be developed and be positioned to take advantage of the increasing occupancy levels in the market. When the development process began | This paragraph is subject to a motion to strike under California Code of Civil Procedure section 436(a) because it contains improper and irrelevant allegations as follows:<br><br>1.  Plaintiff could not have had a reasonable belief that he was reporting a statutory violation when the referenced statute is in no way connected to the complained-of conduct. (See California Public Utilities Code section 170056(a)(1)(B).)<br><br>2.  A republication of publicly known information or findings does not support a Labor Code section 1102.5 claim because the plaintiff is not "making known" the violations of law.  (See Labor Code § 1102.5(b); See e.g. *Holmes v. General Dynamics Corp.* (1993) 17 Cal.App.4th 1418, 1433 [analyzing meaning of "disclosure" under wrongful termination in violation of public policy doctrine].) |

PAUL, PLEVIN, SULLIVAN & CONNAUGHTON LLP

NOTICE OF MOTION AND MOTION TO STRIKE PLAINTIFF'S FIRST AMENDED COMPLAINT

6

CASE NO. GIC 871979

| ALLEGATION TO BE STRICKEN | LEGAL GROUNDS FOR STRIKING ALLEGATION FROM COMPLAINT |
|---|---|
| the discovery of the deep environmental concerns with the property, which were not previously disclosed before Enarson completed the negotiations for the lease, significantly curtailed the purpose of the lease because of the unusable areas. Plaintiff disclosed the findings that there was no way to open Phase 2 of the parking development and also disclosed the enormous amount of money the Authority was paying for the lease. The Plaintiff believed that these acts by the Authority were unlawful and in violation of California Public Utilities Code section 170056(a)(1)(B).  Further, the Plaintiff's disclosure of the unlawful acts occurred at committee meetings closed to the public, [sic] at management and staff meetings closed to the public.  Plaintiff asked the Authority members, including Enarson, "Why are we paying all this money? Why are we paying the rent?" Enarson replied, "We're obligated to pay the rent." Plaintiff stated that "we can use a little bit, 351 parking stalls, yet we're paying $3 million and we can't use any of the rest. We're on the hook for the $30 million. We should only pay a pro rata amount." Enarson's response was that it would get pushed up to the Vice President group. When the Teledyne Ryan transition team, of which the Plaintiff was a member, re-briefed the Vice Presidents, at a second meeting, the members and officers were in awe, and asked, "Are you sure it's $30 million? Are you kidding me?" Enarson was agitated and Plaintiff received reports that Enarson was angry." | |
| Paragraph 14, p. 9, lines 9-22, which reads: "Plaintiff then discovered that LPI was double billing the Authority for Workers Compensation Insurance. He had noted that the premiums were running twice the amount of the previous year and were being billed to a different expense category. As a result Plaintiff | This paragraph is subject to a motion to strike under California Code of Civil Procedure section 436(a) because it contains improper and irrelevant allegations as follows:

1. Plaintiff has not set forth a state or federal law, rule, or regulation that he reasonably |

| ALLEGATION TO BE STRICKEN | LEGAL GROUNDS FOR STRIKING ALLEGATION FROM COMPLAINT |
|---|---|
| posted a credit of approximately $150,000.00 against LPI's monthly request for reimbursement. Plaintiff had communicated throughout the process and disclosed LPI's wrongdoing and financial misuse issues with his direct supervisor, the Vice President of Airport Operations. The Vice President asked Plaintiff to work out the issues with Grey because he was a Minority Owned Business and the Authority needed the relationship in order to comply with FAA regulations governing Minority participation. Plaintiff had disclosed computational or other errors in LPI's bid submission; the unsatisfactory performance of the contract; the failure of LPI to submit insurance documents acceptable to the Authority; Grey's unjustified refusal to warrant his performance and other offenses and actions that indicated a lack of business integrity by LPI. Plaintiff believed that disclosures he made pursuant to the contract contained violations of the Ethics Code and also of rules and regulations of law." | believes was violated by the LPi contract, as required by Labor Code section 1102.5. (Labor Code § 1102.5)  Even if Plaintiff's reference to the "California Code of Contracts" is meant to refer to the California Public Contract Code, his claim still fails. Section 100(b) of the Public Contract Code merely states the legislature's intent in enacting that code is to "ensure full compliance with competitive bidding statutes as a means of protecting the public from misuse of public funds."  None of Plaintiff's alleged disclosures could reasonably be interpreted as a disclosure of a "violation" of this statement of legislative intent.  2.  A republication of publicly known information or findings does not support a Labor Code section 1102.5 claim because the plaintiff is not "making known" the violations of law.  (See Labor Code § 1102.5(b); See e.g. *Holmes v. General Dynamics Corp.* (1993) 17 Cal.App.4th 1418, 1433 [analyzing meaning of "disclosure" under wrongful termination in violation of public policy doctrine].) |
| Paragraph 18, which reads: "By October 2005 the Plaintiff had met with the Vice President of Operations to inform the Vice President of Operations of the status of LPI's non-compliance and areas of deficiencies and to obtain agreement that Maurice Gray would step down as President of LPI should he not be able to comply with the standards and improve the deficiencies and clarify his job duties for his position.  Pursuant to the California Code of Contracts section 1100, the Authority was required to comply with the California Code of Contracts, section 100(b), which the Plaintiff had reasonable cause to believe was being violated by the Authority.  The Authority's | This paragraph is subject to a motion to strike under California Code of Civil Procedure section 436(a) because it contains improper and irrelevant allegations as follows:  1.  Plaintiff has not set forth a state or federal law, rule, or regulation that he reasonably believes was violated by the LPi contract, as required by Labor Code section 1102.5. (Labor Code § 1102.5)  Even if Plaintiff's reference to the "California Code of Contracts" is meant to refer to the California Public Contract Code, his claim still fails. Section 100(b) of the Public Contract Code merely states the legislature's intent in |

| ALLEGATION TO BE STRICKEN | LEGAL GROUNDS FOR STRIKING ALLEGATION FROM COMPLAINT |
|---|---|
| Contracts Code, Article 5, sections 5.1(a)(3)(4)(5)(6)(8 and section 5.18(a) were also a basis for the Plaintiff to have reasonable cause of violation by the Authority. The Plaintiff regularly worked with these Codes and regulation s and expected the Authority to follow them." | enacting that code is to "ensure full compliance with competitive bidding statutes as a means of protecting the public from misuse of public funds." None of Plaintiff's alleged disclosures could reasonably be interpreted as a disclosure of a "violation" of this statement of legislative intent.<br><br>2. A republication of publicly known information or findings does not support a Labor Code section 1102.5 claim because the plaintiff is not "making known" the violations of law. (See Labor Code § 1102.5(b); See e.g. *Holmes v. General Dynamics Corp.* (1993) 17 Cal.App.4th 1418, 1433 [analyzing meaning of "disclosure" under wrongful termination in violation of public policy doctrine].)<br><br>3. Plaintiff may not maintain a private right of action under the Authority's internal contracts code. |
| Paragraph 23, p. 12, lines 16-24, which reads: ". . . He was also told specifically that he could not discuss anything related to this interrogation or "the investigation" with anyone else. Under California Labor Code section 1102.5 an employer may not make or enforce any rule or policy preventing an employee from disclosing information to a government agency, including the Authority, where the employer has reasonable cause to believe that the information discloses a violation of state statute, or a violation or noncompliance with a state rule or regulation. The Plaintiff asked the Vice Presidents to clarify the specific charges but they refused to do so." | This paragraph is subject to a motion to strike under California Code of Civil Procedure section 436(a) because it contains improper and irrelevant allegations as follows:<br><br>1. The Authority is immune for its actions taken in connection with an investigation. (See Gov. Code §§ 821.6 and 815.2(b).)<br><br>2. The Authority is immune from liability for its discretionary acts. (See Gov. Code §§ 820.2 and 815.2(b).) |
| Paragraph 24, which reads as follows: "The attorney from LUCE FORWARD and his hired investigator then began to contact various people of the Plaintiff's acquaintance. | This paragraph is subject to a motion to strike under California Code of Civil Procedure section 436(a) because it contains improper |

PAUL, PLEVIN,
SULLIVAN &
CONNAUGHTON LLP

NOTICE OF MOTION AND MOTION TO STRIKE
PLAINTIFF'S FIRST AMENDED COMPLAINT

9

CASE NO. GIC 871979

14-205

| ALLEGATION TO BE STRICKEN | LEGAL GROUNDS FOR STRIKING ALLEGATION FROM COMPLAINT |
|---|---|
| These witnesses immediately contacted the Plaintiff to complain about the hostile, rude and demanding treatment of the attorney from LUCE FORWARD and the Plaintiff informed each witness that he was unable to discuss anything regarding the matter, but all of the contacting witnesses reported similar unprofessional treatment and reported their own conversations and attempts at conversation with the lawyer from LUCE FORWARD. The lawyer seemed to be fishing to find anything he could about the Plaintiff that might put him in a negative light, and by all accounts he seemed to be failing. The lawyer from LUCE FORWARD was reduced to "suggesting" various scenarios to the witnesses, some of whom laughed at the lawyer and concluded he was engaged in a "witch hunt" to do harm to the Plaintiff. The Plaintiff, unable to respond and tell the contacting witnesses anything, was unable to defend himself. The Plaintiff knew what Thella Bowens (Doe No.1) was doing to him and why she was doing it but could not disclose anything about it." | and irrelevant allegations as follows:<br><br>1.  The Authority is immune for its actions taken in connection with an investigation. (See Gov. Code §§ 821.6 and 815.2(b).)<br><br>2.  The Authority is immune from liability for its discretionary acts. (See Gov. Code §§ 820.2 and 815.2(b).) |
| Paragraph 25, which reads as follows: "As the attorney for LUCE FORWARD became more desperate to find some wrong doing from people who did not want to see the Plaintiff harmed, he utilized the Private Investigator to go after tangential subjects and try to get some "hard evidence" that the Plaintiff had done something, anything, wrong. The attorney for LUCE FORWARD sent the investigator over to the car repair place the Plaintiff used and threatened and coerced the owner to give him copies of the repair bills for the Plaintiff's car. The investigator specifically represented himself as working for the Authority and not for LUCE FORWARD. The Plaintiff had never been asked to produce these car repair bills and did not give his permission to the | This paragraph is subject to a motion to strike under California Code of Civil Procedure section 436(a) because it contains improper and irrelevant allegations as follows:<br><br>1.  The Authority is immune for its actions taken in connection with an investigation. (See Gov. Code §§ 821.6 and 815.2(b).)<br><br>2.  The Authority is immune from liability for its discretionary acts.. (See Gov. Code §§ 820.2 and 815.2(b).)<br><br>3.  Seeking information regarding plaintiff's car repairs is not an unreasonable invasion of privacy. |

| ALLEGATION TO BE STRICKEN | LEGAL GROUNDS FOR STRIKING ALLEGATION FROM COMPLAINT |
|---|---|
| owner of the repair place to give them to the investigator or to anyone else. The investigator produced the documents in front of the attorney for LUCE FORWARD and in front of the Plaintiff. The investigator and the attorney for LUCE FORWARD refused to say where they had obtained them. In fact, it was the witness, who called the Plaintiff and told him about the incident. The car repair bills yielded no evidence of wrong doing by the Plaintiff." | |
| Paragraph 26, which reads as follows: "Next the attorney for LUCE FORWARD questioned witnesses about what they knew about the Plaintiff's marriage, including whether they had observed "communication" problems in the marriage. The witnesses quickly defended the Plaintiff's marriage and quickly informed the Plaintiff of the attorney's specific invasion into the Plaintiff's marriage and informed him that it was a great marriage and asked the Plaintiff why this attorney was asking questions that had nothing to do with the Plaintiff's job and were also none of his business." | This paragraph is subject to a motion to strike under California Code of Civil Procedure section 436(a) because it contains improper and irrelevant allegations as follows:<br><br>1. The Authority is immune for its actions taken in connection with an investigation. (See Gov. Code §§ 821.6 and 815.2(b).)<br><br>2. The Authority is immune from liability for its discretionary acts. (See Gov. Code §§ 820.2 and 815.2(b).)<br><br>3. Questioning third party witnesses regarding their observations of plaintiff and his wife is not an unreasonable invasion into plaintiff's privacy. |
| Paragraph 28, which reads as follows: "Plaintiff then pointed out his points of concern to the former Vice President: (1) the ambiguousness of the "Conflict of Interest" Code, and (2) more importantly, the application of the policy among Authority employees. The Plaintiff mentioned the specific abuse of the policy from the Authority Vice Presidents, Board Members, and the President/CEO Thella Bowens (Doe No.1) This included airline ticket changes, upgrades, access to First Class lounges and other routinely-demanded expensive privileges not allowed to other Authority employees. The | This paragraph is subject to a motion to strike under California Code of Civil Procedure section 436(a) because it contains improper and irrelevant allegations as follows:<br><br>1. The Authority is immune for its actions taken in connection with an investigation. (See Gov. Code §§ 821.6 and 815.2(b).)<br><br>2. The Authority is immune from liability for its discretionary acts. (See Gov. Code §§ 820.2 and 815.2(b).)<br><br>3. Plaintiff has not set forth a state or federal |

PAUL, PLEVIN,
SULLIVAN &
CONNAUGHTON LLP

NOTICE OF MOTION AND MOTION TO STRIKE
PLAINTIFF'S FIRST AMENDED COMPLAINT

11

CASE NO. GIC 871979

14-207

| ALLEGATION TO BE STRICKEN | LEGAL GROUNDS FOR STRIKING ALLEGATION FROM COMPLAINT |
|---|---|
| Plaintiff pointed out to the Vice President that the application of the "Conflict of Interest" Code policy was selective and unfairly enforced. SDCRAA Code of Ethics Article 2, part 2 et.seq." | law, rule, or regulation that he believes was violated by the Authority, as required by Labor Code section 1102.5. (Labor Code § 1102.5)<br><br>4. Plaintiff may not maintain a private right of action under the Authority's internal ethics code. |
| Paragraph 29, which reads as follows: "The Plaintiff had discussed such items as the above-stated violations of the Authority's policy with the former Vice President when he had been the Vice President and the Plaintiffs supervisor and he had always seen no reason for concern, and no action had been taken. This same former Vice President had himself directed the Plaintiff to take care of tickets for Authority employees and Board Members. The Plaintiff asked why it was okay for Thella Bowens (Doe No.1) to ask and receive favors and not okay for employees to receive the same benefits. One example was Bowen's request to fly in BBQ meat from Texas. The former Vice President defended this practice as approved as an "Accepted Industry Practice", which connotes that among the Regional Airport Authority for the Counties paying to fly in meat from another state is a billable expense. SDCRAA Code of Ethics Article 2, section 2.10 (d)(9)(A)(B)." | This paragraph is subject to a motion to strike under California Code of Civil Procedure section 436(a) because it contains improper and irrelevant allegations as follows:<br><br>1. Plaintiff has not set forth a state or federal law, rule, or regulation that he believes was violated by the Authority, as required by Labor Code section 1102.5. (Labor Code § 1102.5)<br><br>2. A republication of publicly known information or findings does not support a Labor Code section 1102.5 claim because the plaintiff is not "making known" the violations of law. (See Labor Code § 1102.5(b); See e.g. *Holmes v. General Dynamics Corp.* (1993) 17 Cal.App.4th 1418, 1433 [analyzing meaning of "disclosure" under wrongful termination in violation of public policy doctrine].)<br><br>3. Plaintiff has not alleged that he reasonably believed that these actions were a violation of law, as required by Labor Code section 1102.5.<br><br>4. Plaintiff may not maintain a private right of action under the Authority's internal ethics code. |
| Paragraph 30, which reads: "The former Vice President then told the Plaintiff that the Authority could no longer trust his judgment and they are "forced to discontinue working relations." His "choice" was to sign a resignation or they would terminate him. | This paragraph is subject to a motion to strike under California Code of Civil Procedure section 436(a) because it contains improper and irrelevant allegations as follows:<br><br>1. The Authority is immune for its actions |

| ALLEGATION TO BE STRICKEN | LEGAL GROUNDS FOR STRIKING ALLEGATION FROM COMPLAINT |
|---|---|
| When the former Vice President, now Chief of Staff to Thella Bowens (Doe No.1), asked the Plaintiff for final comments he told him his opinion as to the unfairness of the 'investigation' and the lack of professionalism on the part of the 'hired help' (the lawyer from LUCE FORWARD and the 'investigator' he hired). The Plaintiff stated that the outcome of the investigation had already been pre-determined and that the 'investigators' were not impartial and did not let the 'truth come out.' The Plaintiff asked the following questions, all of which went unanswered: How did this 'investigation' come about? Why were the allegations made against him never explained? Why was the reasoning behind being placed on administrative leave never disclosed? Am I the only person being 'investigated' or are there others? What authority was given to the 'investigators' to allow them to invade my privacy and procure privileged information? The former Vice President's last comment to the Plaintiff was: 'Holy shit, I knew something like this would happen as part of the reorganization.'" | taken in connection with an investigation. (See Gov. Code §§ 821.6 and 815.2(b).)<br><br>2. The Authority is immune from liability for its discretionary acts. (See Gov. Code §§ 820.2 and 815.2(b).) |
| Paragraph 37(a), which reads: "The Vice President of Operations paid $1200.00 for a ticket on an airline to get Blue Bell ice cream for Thella Bowen's BBQ, received reimbursement for the travel expense under the guise that he was attending a cultural awareness development meeting with another airline. The ice cream was available in Southern California. When word got around the Authority about the cost of going to Texas for ice cream, the Vice President directed the Plaintiff to "shut that little shit up" referring to the budget analyst who continued to comment on it. The Plaintiff refused the directive. This travel expense was not reasonably related to a governmental purpose." [hereinafter "Blue Bell Transaction"] | This paragraph is subject to a motion to strike under California Code of Civil Procedure section 436(a) because it contains improper and irrelevant allegations as follows:<br><br>1. Plaintiff has not set forth a state or federal law, rule, or regulation that he believes was violated by the Blue Bell transaction, as required by Labor Code section 1102.5. (Labor Code § 1102.5) The Authority's internal ethics code is not a state or federal law, rule, or regulation covered by the provisions of Labor Code section 1102.5.<br><br>2. Plaintiff has not set forth any violation of the Authority's internal ethics code. |

PAUL, PLEVIN,
SULLIVAN &
CONNAUGHTON LLP

NOTICE OF MOTION AND MOTION TO STRIKE
PLAINTIFF'S FIRST AMENDED COMPLAINT

13

CASE NO. GIC 871979

14-209

| ALLEGATION TO BE STRICKEN | LEGAL GROUNDS FOR STRIKING ALLEGATION FROM COMPLAINT |
|---|---|
| | 3. Plaintiff has not alleged that he disclosed this Blue Bell Transaction, or that he reasonably believed this Blue Bell Transaction was a violation of a state or federal law, rule or regulation, as required by Labor Code section 1102.5(b). |
| | 4. Plaintiff also has not sufficiently alleged that he refused to perform an activity that would result in a violation of state or federal law, rule, or regulation, as required by Labor Code section 1102.5(c). |
| | 5. A republication of publicly known information or findings does not support a Labor Code section 1102.5 claim because the plaintiff is not "making known" the violations of law. (See Labor Code § 1102.5(b); See e.g. *Holmes v. General Dynamics Corp.* (1993) 17 Cal.App.4th 1418, 1433 [analyzing meaning of "disclosure" under wrongful termination in violation of public policy doctrine].) |
| | 6. Plaintiff may not maintain a private right of action under the Authority's internal ethics code. |
| Paragraph 37(b), which reads: "Each time an Authority employee requested a change to be made to an airline ticket a benefit was accepted when the recipient took "any action exercising control over the benefit." Thella Bowen would purchase her own tickets and then request date changes and upgrades, along with Premier Lounge Access (only permitted for airline premier club members). This practice was so prevalent by Bowen and her staff that on the day that the investigation of the Plaintiff began, Bowens had secured access to an airline Premier lounge prior to her trip to Asia. Any change to any ticket itinerary is approximately fifty to one hundred dollars, a service charge, plus the cost in set price for an upgrade on a | This paragraph is subject to a motion to strike under California Code of Civil Procedure section 436(a) because it contains improper and irrelevant allegations as follows:\n\n1. Plaintiff has not set forth a state or federal law, rule, or regulation that he believes was violated by these transactions, as required by Labor Code section 1102.5. (Labor Code § 1102.5) The Authority's internal ethics code is not a state or federal law, rule, or regulation covered by the provisions of Labor Code section 1102.5.\n\n2. Plaintiff has not alleged that he disclosed these alleged ethical violations, or that he |

PAUL, PLEVIN, SULLIVAN & CONNAUGHTON LLP    NOTICE OF MOTION AND MOTION TO STRIKE PLAINTIFF'S FIRST AMENDED COMPLAINT    14    CASE NO. GIC 871979

14-210

| ALLEGATION TO BE STRICKEN | LEGAL GROUNDS FOR STRIKING ALLEGATION FROM COMPLAINT |
|---|---|
| ticket, ranging from one hundred fifty to two hundred dollars each way. Thella Bowens routinely instructed her Assistant to contact either the Plaintiff or the Vice President that the Plaintiff reported to, to make the changes described above. The Plaintiff would make the changes for Bowen by going directly to the airline Station Manager and requesting the change for Thella Bowens. The Plaintiff performed this benefit accommodation more than thirty times for Bowen and her staff. All of these requested benefits were in violation of the Ethics policy." | reasonably believed these Transactions were a violation of a state or federal law, rule or regulation, as required by Labor Code section 1102.5(b).<br><br>3. Plaintiff may not maintain a private right of action under the Authority's internal ethics code. |
| Paragraph 37(c), which reads: "Each year Thella Bowens requested an employee BBQ named "Thella's BBQ." The event drew from fifty to over three hundred attendees. The centerpiece of the event called for pork, beef ribs and brisket to be flown out from her favorite restaurant in the Dallas Fort Worth area, Angelo's. Employees from the Director level and above were required to pay money to help subsidize the expense of the meat. Currently Thella's BBQ has been renamed the "Annual Employee Appreciation Employees BBQ" and now costs approximately ten to fifteen thousand dollars, not including the cost of the labor for the Authority employees who are designated to support the event. The Plaintiff was then instructed to contact an airline to make arrangements at her behest for free airline delivery of the meat. The net weight of the total delivery was over two hundred pounds at an approximate cost of $2500.00. The free airline flight of the meat violated the Ethics policy. The cost of the BBQ comes from the revenue collected by the Authority from the airlines and its users." | This paragraph is subject to a motion to strike under California Code of Civil Procedure section 436(a) because it contains improper and irrelevant allegations as follows:<br><br>1. Plaintiff has not set forth a state or federal law, rule, or regulation that he believes was violated by the BBQ, as required by Labor Code section 1102.5. (Labor Code § 1102.5) The Authority's internal codes are not a state or federal law, rule, or regulation covered by the provisions of Labor Code section 1102.5.<br><br>2. The facts as alleged do not demonstrate a violation of the Authority's internal ethics code.<br><br>3. Plaintiff has not alleged that he disclosed these alleged ethical violations, or that he reasonably believed this transaction was a violation of a state or federal law, rule or regulation, as required by Labor Code section 1102.5(b).<br><br>4. Plaintiff did not allege that he refused to perform this directive, as required by Labor Code section 1102.5(c).<br><br>5. Plaintiff may not maintain a private right of |

| ALLEGATION TO BE STRICKEN | LEGAL GROUNDS FOR STRIKING ALLEGATION FROM COMPLAINT |
|---|---|
| | action under the Authority's internal ethics code. |
| Paragraph 37(d), which reads: "Thella Bowens requested through a Vice President that he obtain special airline flight privileges for her sister who lives in Texas. Bowens asked for the ability to get either stand by or reduced rate tickets for her sister for business and personal travel. The request was made to the airline Station Manager. The airline Station Manager then responded to the conditions under which they could do it. This request by Thella Bowens (Doe No.1) violates the Ethics Code." | This paragraph is subject to a motion to strike under California Code of Civil Procedure section 436(a) because it contains improper and irrelevant allegations as follows:<br><br>1. Plaintiff has not set forth a state or federal law, rule, or regulation that he believes was violated by this transaction, as required by Labor Code section 1102.5. (Labor Code § 1102.5) The Authority's "rules and regulations" are not a state or federal law, rule, or regulation covered by the provisions of Labor Code section 1102.5.<br><br>2. The facts as alleged do not demonstrate a violation of the Authority's internal ethics code.<br><br>3. Plaintiff has not alleged that he disclosed these alleged ethical violations, or that he reasonably believed this transaction was a violation of a state or federal law, rule or regulation, as required by Labor Code section 1102.5(b).<br><br>4. Plaintiff did not allege that he refused to perform this directive, as required by Labor Code section 1102.5(c).<br><br>5. Plaintiff may not maintain a private right of action under the Authority's internal ethics code. |
| Paragraph 37(e), which reads: "The request from the Chairman of the Board of the Authority to secure First Class upgrade airline tickets on the day of his planned departure for his wife and himself required the intervention of the airline Station Manager. This tactic allowed the Chairman of the Board of the | This paragraph is subject to a motion to strike under California Code of Civil Procedure section 436(a) because it contains improper and irrelevant allegations as follows:<br><br>1. Plaintiff has not set forth a state or federal law, rule, or regulation that he believes was |

PAUL, PLEVIN,
SULLIVAN &
CONNAUGHTON LLP

NOTICE OF MOTION AND MOTION TO STRIKE
PLAINTIFF'S FIRST AMENDED COMPLAINT

16

CASE NO. GIC 871979

14-212

| ALLEGATION TO BE STRICKEN | LEGAL GROUNDS FOR STRIKING ALLEGATION FROM COMPLAINT |
|---|---|
| Authority to save approximately two hundred fifty dollars for the upgrade expenses. This action violates the Ethics Code." | violated by this transaction, as required by Labor Code section 1102.5. (Labor Code § 1102.5) The Authority's internal codes are not a state or federal law, rule, or regulation covered by the provisions of Labor Code section 1102.5.<br><br>2. The facts as alleged do not demonstrate a violation of the Authority's internal ethics code.<br><br>3. Plaintiff has not alleged that he disclosed these alleged ethical violations, or that he reasonably believed this transaction was a violation of a state or federal law, rule or regulation, as required by Labor Code section 1102.5(b).<br><br>4. Plaintiff did not allege that he refused to perform this directive, as required by Labor Code section 1102.5(c).<br><br>5. Plaintiff may not maintain a private right of action under the Authority's internal ethics code. |
| Paragraph 37(f), which reads: "The Chairman of the Board of the Authority on several occasions requested to enter into a temporary lease to use a portion of the parking lot at Harbor Island for no expense for an activity he is involved with annually. The lease of Authority property for non-aviation use is strictly prohibited and a violation of the Ethics Code as well as other laws and regulations." | This paragraph is subject to a motion to strike under California Code of Civil Procedure section 436(a) because it contains improper and irrelevant allegations as follows:<br><br>1. Plaintiff has not set forth a state or federal law, rule, or regulation that he believes was violated by this transaction, as required by Labor Code section 1102.5. (Labor Code § 1102.5) The Authority's internal codes are not a state or federal law, rule, or regulation covered by the provisions of Labor Code section 1102.5.<br><br>2. The facts as alleged do not demonstrate a violation of the Authority's internal ethics |

| ALLEGATION TO BE STRICKEN | LEGAL GROUNDS FOR STRIKING ALLEGATION FROM COMPLAINT |
|---|---|
| | code. |
| | 3. Plaintiff has not alleged that he disclosed these alleged ethical violations, or that he reasonably believed this transaction was a violation of a state or federal law, rule or regulation, as required by Labor Code section 1102.5(b). |
| | 4. Plaintiff did not allege that he refused to perform this directive, as required by Labor Code section 1102.5(c). |
| | 5. Plaintiff may not maintain a private right of action under the Authority's internal ethics code. |
| Paragraph 37(g), which reads: An Authority Board member annually inserts his official authority to influence negotiations between a community event and the rental of the General Dynamics property at a rate lower than the fair market value. As a condition of this use, all rental cars must be removed from the property and a large amount of vehicles relocated from the property. This violates the Ethics Code as well as other laws and regulations. | This paragraph is subject to a motion to strike under California Code of Civil Procedure section 436(a) because it contains improper and irrelevant allegations as follows: |
| | 1. Plaintiff has not set forth a state or federal law, rule, or regulation that he believes was violated by this transaction, as required by Labor Code section 1102.5. (Labor Code § 1102.5) The Authority's internal codes are not a state or federal law, rule, or regulation covered by the provisions of Labor Code section 1102.5. |
| | 2. The facts as alleged do not demonstrate a violation of the Authority's internal ethics code. |
| | 3. Plaintiff has not alleged that he disclosed these alleged ethical violations, or that he reasonably believed this transaction was a violation of a state or federal law, rule or regulation, as required by Labor Code section 1102.5(b). |
| | 4. Plaintiff did not allege that he refused to |

| ALLEGATION TO BE STRICKEN | LEGAL GROUNDS FOR STRIKING ALLEGATION FROM COMPLAINT |
|---|---|
| | perform this directive, as required by Labor Code section 1102.5(c).<br><br>5. Plaintiff may not maintain a private right of action under the Authority's internal ethics code. |
| Paragraph 37(h), which reads: "An Authority Board member requested assistance in rearranging his itinerary so that he could attend the Little League World Championships in Williamsport, Pennsylvania. The Plaintiff had to work with three different airlines to coordinate the First Class upgrade the Board member requested, as well as the time changes to allow the Authority Board member his desired schedule. This violates the Ethics Code." | This paragraph is subject to a motion to strike under California Code of Civil Procedure section 436(a) because it contains improper and irrelevant allegations as follows:<br><br>1. Plaintiff has not set forth a state or federal law, rule, or regulation that he believes was violated by this transaction, as required by Labor Code section 1102.5. (Labor Code § 1102.5) The Authority's internal codes are not a state or federal law, rule, or regulation covered by the provisions of Labor Code section 1102.5.<br><br>2. The facts as alleged do not demonstrate a violation of the Authority's internal ethics code.<br><br>3. Plaintiff has not alleged that he disclosed these alleged ethical violations, or that he reasonably believed this transaction was a violation of a state or federal law, rule or regulation, as required by Labor Code section 1102.5(b).<br><br>4. Plaintiff did not allege that he refused to perform this directive, as required by Labor Code section 1102.5(c).<br><br>5. Plaintiff may not maintain a private right of action under the Authority's internal ethics code. |
| Paragraph 37(I), which reads: "The Authority's Vice President of Budget and Finance repeatedly requested from the Plaintiff | This paragraph is subject to a motion to strike under California Code of Civil Procedure section 436(a) because it contains improper |

PAUL, PLEVIN,
SULLIVAN &
CONNAUGHTON LLP

NOTICE OF MOTION AND MOTION TO STRIKE
PLAINTIFF'S FIRST AMENDED COMPLAINT

19

CASE NO. GIC 871979

14-215

| ALLEGATION TO BE STRICKEN | LEGAL GROUNDS FOR STRIKING ALLEGATION FROM COMPLAINT |
|---|---|
| assistance in changing flight schedules. Over a one year period the Plaintiff assisted with the change of approximately fifteen to twenty schedules, all to accommodate personal and non Authority business travel to Las Vegas and Texas. This violates the Ethics Code." | and irrelevant allegations as follows:<br><br>1. Plaintiff has not set forth a state or federal law, rule, or regulation that he believes was violated by this transaction, as required by Labor Code section 1102.5. (Labor Code § 1102.5) The Authority's internal codes are not a state or federal law, rule, or regulation covered by the provisions of Labor Code section 1102.5.<br><br>2. The facts as alleged do not demonstrate a violation of the Authority's internal ethics code.<br><br>3. Plaintiff has not alleged that he disclosed these alleged ethical violations, or that he reasonably believed this transaction was a violation of a state or federal law, rule or regulation, as required by Labor Code section 1102.5(b).<br><br>4. Plaintiff did not allege that he refused to perform this directive, as required by Labor Code section 1102.5(c).<br><br>5. Plaintiff may not maintain a private right of action under the Authority's internal ethics code. |
| Paragraph 37(j), which reads: "The General Counsel of the Authority used his official position to obtain fifty-yard-line premier seating at the Poinsettia Bowl football game by getting the Plaintiff to use his official position as Director, Landside Operations to make contact with the Holiday Bowl Committee and request premium seating for the event. This involved securing six tickets for $300.00, which the Plaintiff paid for so that the General Counsel had to reimburse the Plaintiff. When the Holiday Bowl Committee member asked the Plaintiff if the tickets were complimentary | This paragraph is subject to a motion to strike under California Code of Civil Procedure section 436(a) because it contains improper and irrelevant allegations as follows:<br><br>1. Plaintiff has not set forth a state or federal law, rule, or regulation that he believes was violated by these transactions, as required by Labor Code section 1102.5. (Labor Code § 1102.5) The Authority's internal codes are not a state or federal law, rule, or regulation covered by the provisions of Labor Code |

| ALLEGATION TO BE STRICKEN | LEGAL GROUNDS FOR STRIKING ALLEGATION FROM COMPLAINT |
|---|---|
| for no charge the Plaintiff refused the gift and paid for them. The General Counsel knew he was in violation of the Ethics Code when he made the request for the favors from the Plaintiff. After the Plaintiff filed his Claim with the Airport Authority, the General Counsel wrote to the Plaintiff that "the facts about me are false, misleading, defamatory, slanderous, libelous" because the number of tickets he requested was six, not eight, and the price he paid for the tickets was $300.00 not $400.00. He then threatened to pursue legal action against the Plaintiff for "filing a false defamatory accusation against [him]" because "Mr. Hernandez had volunteered to pick up the tickets since he already had plans to visit the ticket the ticket [sic] location", a statement which is untrue. The General Counsel's threat is an additional and separate violation of the Ethics Code." | section 1102.5.

2. The facts as alleged do not demonstrate a violation of the Authority's internal ethics code.

3. Plaintiff has not alleged that he disclosed these alleged ethical violations, or that he reasonably believed these transactions were a violation of a state or federal law, rule or regulation, as required by Labor Code section 1102.5(b).

4. Plaintiff did not allege that he refused to perform this directive, as required by Labor Code section 1102.5(c).

5. Plaintiff may not maintain a private right of action under the Authority's internal ethics code.

6. A plaintiff must be an employee at the time of the alleged disclosure and retaliation act. (See *Edwards v. Arthur Andersen LLP* (2006) 142 Cal.App.4th 603.) |
| Paragraph 37(k), which reads: "The Plaintiff was present with the Vice President of Operations when the Chairman of the Board of the Authority requested a contractor to be hired to re-survey his Authority office space for "listening devices." The Chairman's office space had previously on two separate occasions been surveyed for "bugging devices" or other "listening apparatus." The Chairman was worried that his communications could be intercepted by the FBI or similar such agencies. This contract request is a gross waste of the Authority funds." | This paragraph is subject to a motion to strike under California Code of Civil Procedure section 436(a) because it contains improper and irrelevant allegations as follows:

1. Plaintiff has not set forth a state or federal law, rule, or regulation that he believes was violated by this transaction, as required by Labor Code section 1102.5. (Labor Code § 1102.5)

2. The facts as alleged do not demonstrate a violation of the Authority's internal ethics code.

3. Plaintiff has not alleged that he disclosed this alleged violation, or that he reasonably |

14-217

| ALLEGATION TO BE STRICKEN | LEGAL GROUNDS FOR STRIKING ALLEGATION FROM COMPLAINT |
|---|---|
| | believed this transaction was a violation of a state or federal law, rule or regulation, as required by Labor Code section 1102.5(b). |
| | 4. Plaintiff did not allege that he refused to perform this directive, as required by Labor Code section 1102.5(c). |
| | 5. Plaintiff may not maintain a private right of action under the Authority's internal ethics code. |
| Paragraph 37(l), which reads: "The Vice President of Budget and Finance, representing himself and Thella Bowens as Board members of the Jackie Robinson YMCA, requested that the Plaintiff secure a free round trip airline ticket for the owner of national basketball team. The request was made so that the owner could be the featured speaker at a banquet." | This paragraph is subject to a motion to strike under California Code of Civil Procedure section 436(a) because it contains improper and irrelevant allegations as follows: |
| | 1. Plaintiff has not set forth a state or federal law, rule, or regulation that he believes was violated by this transaction, as required by Labor Code section 1102.5. (Labor Code § 1102.5) |
| | 2. The facts as alleged do not demonstrate a violation of the Authority's internal ethics code. |
| | 3. Plaintiff has not alleged that he disclosed this alleged ethical violation, or that he reasonably believed this transaction was a violation of a state or federal law, rule or regulation, as required by Labor Code section 1102.5(b). |
| | 4. Plaintiff did not allege that he refused to perform this directive, as required by Labor Code section 1102.5(c). |
| | 5. Plaintiff may not maintain a private right of action under the Authority's internal ethics code. |
| Paragraph 37(m), which reads: "The Vice | This paragraph is subject to a motion to strike |

PAUL, PLEVIN,
SULLIVAN &
CONNAUGHTON LLP

NOTICE OF MOTION AND MOTION TO STRIKE
PLAINTIFF'S FIRST AMENDED COMPLAINT

22

CASE NO. GIC 871979

14-218

| ALLEGATION TO BE STRICKEN | LEGAL GROUNDS FOR STRIKING ALLEGATION FROM COMPLAINT |
|---|---|
| President of Operations with the full knowledge of Thella Bowens, requested that the Plaintiff secure free round tip airline tickets to be donated as the featured prizes of the annual United Way campaign. The Plaintiff did this twice." | under California Code of Civil Procedure section 436(a) because it contains improper and irrelevant allegations as follows:<br><br>1. Plaintiff has not set forth a state or federal law, rule, or regulation that he believes was violated by this transaction, as required by Labor Code section 1102.5. (Labor Code § 1102.5)<br><br>2. The facts as alleged do not demonstrate a violation of the Authority's internal ethics code.<br><br>3. Plaintiff has not alleged that he disclosed this alleged ethical violation, or that he reasonably believed this transaction was a violation of a state or federal law, rule or regulation, as required by Labor Code section 1102.5(b).<br><br>4. Plaintiff did not allege that he refused to perform this directive, as required by Labor Code section 1102.5(c).<br><br>5. Plaintiff may not maintain a private right of action under the Authority's internal ethics code. |
| Paragraph 37(n), which reads as follows: "Thella Bowens requested from the Plaintiff that a marked reserved parking stall be designated in the employee parking lot at the Commuter Terminal for her personal use. Bowens then never used the stall, choosing to park elsewhere and she reassigned the stall to the Vice President of Budget and Finance. That particular reserved parking staff is clearly marked for use only by the President/CEO of the Airport Authority. The designation of the parking stall to the Vice President of Budget and Finance clearly connotes preferential treatment and is a violation of Airport | This paragraph is subject to a motion to strike under California Code of Civil Procedure section 436(a) because it contains improper and irrelevant allegations as follows:<br><br>1. Plaintiff has not set forth a state or federal law, rule, or regulation that he believes was violated by this transaction, as required by Labor Code section 1102.5. (Labor Code § 1102.5) The Authority's "rules and regulations" are not a state or federal law, rule, or regulation covered by the provisions of Labor Code section 1102.5. |

PAUL, PLEVIN, SULLIVAN & CONNAUGHTON LLP

NOTICE OF MOTION AND MOTION TO STRIKE PLAINTIFF'S FIRST AMENDED COMPLAINT

23

CASE NO. GIC 871979

14-219

| ALLEGATION TO BE STRICKEN | LEGAL GROUNDS FOR STRIKING ALLEGATION FROM COMPLAINT |
|---|---|
| Authority rules and regulations." | 2. The facts as alleged do not demonstrate a violation of the Authority's internal ethics code.<br><br>3. Plaintiff has not alleged that he disclosed these alleged ethical violations, or that he reasonably believed these transactions were a violation of a state or federal law, rule or regulation, as required by Labor Code section 1102.5(b).<br><br>4. Plaintiff did not allege that he refused to perform this directive, as required by Labor Code section 1102.5(c).<br><br>5. Plaintiff may not maintain a private right of action under the Authority's internal ethics code. |
| Paragraph 37(o), which reads: "The Vice President of Operations instructed the Plaintiff to use his position as Director of Landside Operations to secure a limousine from one of the Airport's service providers to be used as part of the procession for a colleague's wife's funeral." | This paragraph is subject to a motion to strike under California Code of Civil Procedure section 436(a) because it contains improper and irrelevant allegations as follows:<br><br>1. Plaintiff has not set forth a state or federal law, rule, or regulation that he believes was violated by this transaction, as required by Labor Code section 1102.5. (Labor Code § 1102.5) The Authority's internal ethics code is not a state or federal law, rule, or regulation covered by the provisions of Labor Code section 1102.5.<br><br>2. The facts as alleged do not demonstrate a violation of the Authority's internal ethics code.<br><br>3. Plaintiff has not alleged that he disclosed this alleged ethical violation, or that he reasonably believed this transaction was a violation of a state or federal law, rule or regulation, as required by Labor Code section |

| ALLEGATION TO BE STRICKEN | LEGAL GROUNDS FOR STRIKING ALLEGATION FROM COMPLAINT |
|---|---|
|  | 1102.5(b).<br><br>4. Plaintiff did not allege that he refused to perform this directive, as required by Labor Code section 1102.5(c).<br><br>5. Plaintiff may not maintain a private right of action under the Authority's internal ethics code. |
| Paragraph 38, p. 22, lines 1-23, which reads: "The Plaintiff attempted, time and time again, to bring to the attention of the attorney from LUCE FORWARD the above-stated Ethics violations and every single time the attorney from LUCE FORWARD interrupted and spoke over the Plaintiff to prevent the Plaintiff from reporting violations, both legal and ethical, that he was aware of and had not been 'investigated.' The attorney was not interested in knowing about the above-stated violations or any incident that did not show wrongdoing by the Plaintiff. The Plaintiff did his best to report, disclose, divulge and bring to the attention of his employer's 'investigator' (the attorney from LUCE FORWARD) facts and information relative to both suspected and actual violations of state law directly related to his job. The Plaintiff observed improper governmental activity by employees of the Authority undertaken in the performance of the employee's official duties that demonstrated economic waste, incompetency and inefficiency. The 'investigator' Thella Bowens hired (the lawyer from LUCE FORWARD) attempted to use and used, both directly and indirectly, intimidating, threatening, coercing, and commanding tactics to influence the information he was told by the Plaintiff and by the witnesses during their interviews. Thella Bowens could not have reasonably believed that taking personnel action, including hiring and directing an 'investigation' into the | This paragraph is subject to a motion to strike under California Code of Civil Procedure section 436(a) because it contains improper and irrelevant allegations as follows:<br><br>1. Plaintiff has not set forth a state or federal law, rule, or regulation that he believes was violated by the Authority's acts, as required by Labor Code section 1102.5. (Labor Code § 1102.5) The Authority's internal ethics code is not a state or federal law, rule, or regulation covered by the provisions of Labor Code section 1102.5.<br><br>2. Plaintiff has not alleged that the Authority made, adopted or enforced a rule, regulation, or policy, as required by Labor Code section 1102.5(a), that prevented him from disclosing alleged improprieties.<br><br>3. The Authority is immune for its actions taken in connection with an investigation. (See Gov. Code §§ 821.6 and 815.2(b).)<br><br>4. Plaintiff may not maintain a private right of action under the Authority's internal ethics code. |

PAUL, PLEVIN,
SULLIVAN &
CONNAUGHTON LLP

NOTICE OF MOTION AND MOTION TO STRIKE
PLAINTIFF'S FIRST AMENDED COMPLAINT

25

CASE NO. GIC 871979

14-221

| ALLEGATION TO BE STRICKEN | LEGAL GROUNDS FOR STRIKING ALLEGATION FROM COMPLAINT |
|---|---|
| Plaintiff's alleged but not articulated violations of the Authority's Ethics policy was and is justified based on her own and her direct report employees' own well-know [sic] violations of the same policies and Codes. Bowens was well aware that the evidence of her own violations were known to the Plaintiff and when he reported those violations to her hired 'investigator' he was cut off and told not to discuss them. Other witnesses also disclosed to Bowen's 'investigator' knowledge of Bowne's [sic] wrongdoing as well as the Ethics violations by her Vice Presidents that Bowens condoned and ratified." | |
| Paragraph 39, p. 23, line 26 through p. 24, line 6, which reads: ". . . The first disclosure arose from the Plaintiff's opposition to a "side deal" that Bryan Enarson made with a concessionaire at the airport, Host, that restricted the Authority's ability to annex the space needed to comply with ADA requirement for the women's restroom at the airport.. [sic] The result of Enarson's actions increased the project budget by over $2 million. The Plaintiff believed this resulted in legal noncompliance with the ADA requirements which were well settled at that time and took precedence over the handshake agreement Enarson made without negotiation with Host." | This paragraph is subject to a motion to strike under California Code of Civil Procedure section 436(a) because it contains improper and irrelevant allegations as follows:<br><br>1. Plaintiff does not allege facts supporting his ultimate conclusion that he reasonably believed the Authority violated the ADA. Instead, he only alleges that he reported that the Authority was restricted from complying with the ADA and the Authority was thus required to increase the project budget by over $2 million. But Plaintiff fails to allege which ADA provision was purportedly violated, or how the "side deal" or project's cost increase purportedly violated the ADA. Because fails to allege facts supporting his conclusory allegation, he could not have had a reasonable belief that the Authority was violating the ADA, as required by Labor Code section 1102.5.<br><br>2. Plaintiff may not maintain a private right of action under the Authority's internal ethics code. |
| Paragraph 39, p. 24, lines 7-11, which reads: "The second disclosure also arose from events involving Enarson, who was the lead negotiator on behalf of the Airport for the | This paragraph is subject to a motion to strike under California Code of Civil Procedure section 436(a) because it contains improper |

PAUL, PLEVIN,
SULLIVAN &
CONNAUGHTON LLP

NOTICE OF MOTION AND MOTION TO STRIKE
PLAINTIFF'S FIRST AMENDED COMPLAINT

26

CASE NO. GIC 871979

| ALLEGATION TO BE STRICKEN | LEGAL GROUNDS FOR STRIKING ALLEGATION FROM COMPLAINT |
|---|---|
| property known as the General Dynamics property. Enarson proceeded with the negotiations without ascertaining the extent of the "public hazards around the airport" and resulted in a lease agreement that loses millions of dollars per year for the Authority." | and irrelevant allegations as follows:<br><br>1. Plaintiff could not have had a reasonable belief that the General Dynamics lease violated a federal or state law because the terms of the lease were authorized by statute. (See Public Utilities Code § 170056(f); Labor Code § 1102.5 [reasonable belief requirement])<br><br>2. Plaintiff may not maintain a private right of action under the Authority's internal ethics code. |
| Paragraph 39, p. 24, lines 12-16, which reads: "The third disclosure involved the misuse and waste of the usable land around the property known as the Teledyne Ryan property. Enarson proceeded with the negotiations without ascertaining the extent of the "public hazards around the airport" and that resulted in a lease agreement that loses millions of dollars per year for the Authority. Enarson then blocked open discussion of the problem and no resolution has been attempted." | This paragraph is subject to a motion to strike under California Code of Civil Procedure section 436(a) because it contains improper and irrelevant allegations as follows:<br><br>1. Plaintiff could not have had a reasonable belief that he was reporting a statutory violation when the referenced statute is in no way connected to the complained of conduct. (See California Public Utilities Code section 170056(a)(1)(B); Labor Code § 1102.5)<br><br>2. A republication of publicly known information or findings does not support a Labor Code section 1102.5 claim because the plaintiff is not "making known" the violations of law. (See Labor Code § 1102.5(b); See e.g. *Holmes v. General Dynamics Corp.* (1993) 17 Cal.App.4th 1418, 1433 [analyzing meaning of "disclosure" under wrongful termination in violation of public policy doctrine].)<br><br>3. Plaintiff may not maintain a private right of action under the Authority's internal ethics code. |
| Paragraph 39, p. 24, lines 17-19, which reads: "The fourth and final disclosure encompassed the issue of the contract bid by the Lindbergh | This paragraph is subject to a motion to strike under California Code of Civil Procedure section 436(a) because it contains improper |

PAUL, PLEVIN,
SULLIVAN &
CONNAUGHTON LLP

NOTICE OF MOTION AND MOTION TO STRIKE
PLAINTIFF'S FIRST AMENDED COMPLAINT

27

CASE NO. GIC 871979

14-223

| ALLEGATION TO BE STRICKEN | LEGAL GROUNDS FOR STRIKING ALLEGATION FROM COMPLAINT |
|---|---|
| Parking, Inc. (LPI) and its failure to meet its contract expectations and the offenses and actions by the LPI that indicate a lack of business integrity." | and irrelevant allegations as follows:<br><br>1. Plaintiff has not set forth a state or federal law, rule, or regulation that he reasonably believes was violated by the LPi contract, as required by Labor Code section 1102.5. (Labor Code § 1102.5) Even if Plaintiff's reference to the "California Code of Contracts" is meant to refer to the California Public Contract Code, his claim still fails. Section 100(b) of the Public Contract Code merely states the legislature's intent in enacting that code is to "ensure full compliance with competitive bidding statutes as a means of protecting the public from misuse of public funds." None of Plaintiff's alleged disclosures could reasonably be interpreted as a disclosure of a "violation" of this statement of legislative intent.<br><br>2. A republication of publicly known information or findings does not support a Labor Code section 1102.5 claim because the plaintiff is not "making known" the violations of law. (See Labor Code § 1102.5(b); See e.g. *Holmes v. General Dynamics Corp.* (1993) 17 Cal.App.4th 1418, 1433 [analyzing meaning of "disclosure" under wrongful termination in violation of public policy doctrine].)<br><br>3. Plaintiff may not maintain a private right of action under the Authority's internal ethics code. |
| Paragraph 39, p. 24, line 20 through p. 25, line 9, which reads: "The Plaintiff believes it was the personal relationship of the President/CEO of the Authority, Thella Bowens (Doe No.1) who has shown favoritism, partiality and a refusal to hold those of the same minority race as herself to the same accountability as the Ethics Code and other laws and regulations require. Besides Enarson, who is white, and a | This paragraph is subject to a motion to strike under California Code of Civil Procedure section 436(a) because it contains improper and irrelevant allegations that do not support any cause of action alleged by plaintiff.<br><br>1. Plaintiff may not maintain a private right of action under the Authority's internal ethics |

PAUL, PLEVIN,
SULLIVAN &
CONNAUGHTON LLP

NOTICE OF MOTION AND MOTION TO STRIKE
PLAINTIFF'S FIRST AMENDED COMPLAINT

28

CASE NO. GIC 871979

| ALLEGATION TO BE STRICKEN | LEGAL GROUNDS FOR STRIKING ALLEGATION FROM COMPLAINT |
|---|---|
| premier kiss ass, Bowens has never applied the same policy standards to herself or to her Vice Presidents who are black. Maurice Gray is black and is the beneficiary of not having to comply with the standards and requirements that other Authority contractors have been held to. By eliminating the Plaintiff from his job she has assured that no one else surrounding her at the high management levels will speak up or oppose whatever it is she desires to do, both personally and in her job position. Thella Bowens (Doe No.1) made it clear through the attorney she hired from LUCE FORWARD and through the investigator the attorney hired that she alone would make the determinations as to conclusions and findings of the two. Bowens (Doe No.1) met on a regular, if not daily basis, with the two she hired and reviewed their "findings" and personally directed them in their 'work', including their 'work' that invaded the Plaintiff's privacy and had no relation whatsoever to the Plaintiff's job or his job performance." | code.<br><br>2. The Authority is immune for its actions taken in connection with an investigation. (See Gov. Code §§ 821.6 and 815.2(b).)<br><br>3. The Authority is immune from liability for its discretionary acts. (See Gov. Code §§ 820.2 and 815.2(b).) |
| Paragraph 41, which reads: "The Plaintiff believed in good faith that LPI was in violation of California Public Contracting laws found in the California Public Contract Code Section 100 et seq. The discovery that LPI had presented false expenses in its bid submission, combined with the unsatisfactory performance of the contract, its failure to submit insurance documents and its lack of business integrity when given time and opportunities to correct its wrongdoing seriously affected the reliability and credibility of the performance of LPI. The final deadline for Maurice Gray to submit a job description that detailed the duties he performed as President of LPI to justify his salary of $60,000.00 was quickly approaching when Thella Bowens (Doe No.1) made the decision to begin an 'investigation' of the Plaintiff. Bowens wanted Maurice Gray to | This paragraph is subject to a motion to strike under California Code of Civil Procedure section 436(a) because it contains improper and irrelevant allegations as follows:<br><br>1. Plaintiff has not set forth a state or federal law, rule, or regulation that he reasonably believes was violated by the LPi contract, as required by Labor Code section 1102.5. (Labor Code § 1102.5) Even if Plaintiff's reference to the "California Code of Contracts" is meant to refer to the California Public Contract Code, his claim still fails. Section 100(b) of the Public Contract Code merely states the legislature's intent in enacting that code is "ensure full compliance with competitive bidding statutes as a means of protecting the public from misuse of public funds." None of Plaintiff's alleged disclosures |

| ALLEGATION TO BE STRICKEN | LEGAL GROUNDS FOR STRIKING ALLEGATION FROM COMPLAINT |
|---|---|
| continue in that position, partly because he was black, and she favored protection of the black employees, but also because she did not want anyone, including the Plaintiff, to speak up and oppose whatever decisions she made, whether they involved misuse of government funds as the Plaintiff believed when he opposed and objected to the leases that cost the Authority millions of dollars for nothing in exchange. Over and over again the Plaintiff voiced his opinions that waste of money occurred when Enarson, with Bowen's approval, failed to consider the budget and its inability to sustain payments when no revenue could be generated from projects improperly negotiated and Bowen's refusal to address those problems. LPI was the last straw for Bowens. The Plaintiff believed that Bowens and her Vice Presidents were using favoritism as a form of corruption in the LPI contract. There is no other "justification" for the timing, the identity of the retaliators, and the secretive and calculated course of conduct that Bowens called for choosing to 'investigate' the Plaintiff at that time. Bowens cannot show independent reasons for her hiring of an 'investigator' that demonstrates clear and convincing evidence that she would have conducted an 'investigation' if the Plaintiff had not engaged in protected disclosures or refused to participate in suspected and actual violations of state law governing public contracts." | could reasonably be interpreted as a disclosure of a "violation" of this statement of legislative intent.<br><br>2. A republication of publicly known information or findings does not support a Labor Code section 1102.5 claim because the plaintiff is not "making known" the violations of law. (See Labor Code § 1102.5(b); See e.g. *Holmes v. General Dynamics Corp.* (1993) 17 Cal.App.4th 1418, 1433 [analyzing meaning of "disclosure" under wrongful termination in violation of public policy doctrine].)<br><br>3. Plaintiff may not maintain a private right of action under the Authority's internal ethics code.<br><br>4. The Authority is immune for its actions taken in connection with an investigation. (See Gov. Code §§ 821.6 and 815.2(b).)<br><br>5. The Authority is immune from liability for its discretionary acts. (See Gov. Code §§ 820.2 and 815.2(b).) |
| Paragraph 42, which reads: "The Ethics policies and Code are not uniformly followed, enforced or used by Authority management. The Plaintiff was singled out because he opposed and objected on numerous occasions to the actions of the Authority's President/ CEO Thella Bowens and her Vice Presidents when he believed he had reasonable cause to believe that the opposition was necessary to disclose a violation of state statute, or a | This paragraph is subject to a motion to strike under California Code of Civil Procedure section 436(a) because it contains improper and irrelevant allegations as follows:<br><br>1. Plaintiff has not set forth a state or federal law, rule, or regulation that he reasonably believes was violated by the Authority's conduct, as required by Labor Code section |

PAUL, PLEVIN,
SULLIVAN &
CONNAUGHTON LLP

NOTICE OF MOTION AND MOTION TO STRIKE
PLAINTIFF'S FIRST AMENDED COMPLAINT

30

CASE NO. GIC 871979

| ALLEGATION TO BE STRICKEN | LEGAL GROUNDS FOR STRIKING ALLEGATION FROM COMPLAINT |
|---|---|
| violation or noncompliance with a state statute, rule or regulation. The Authority, as the Plaintiff's employer, retaliated against the Plaintiff for having exercised his rights under Labor Code section 1102.5(a)(b) (c)." | 1102.5. (Labor Code § 1102.5)<br><br>2. Plaintiff may not maintain a private right of action under the Authority's internal ethics code.<br><br>3. The Authority is immune for its actions taken in connection with an investigation. (See Gov. Code §§ 821.6 and 815.2(b).)<br><br>4. The Authority is immune from liability for its discretionary acts. (See Gov. Code §§ 820.2 and 815.2(b).) |
| Paragraph 47, which reads: "Thella Bowens (Doe No.1) hired an attorney from LUCE FORWARD and he hired an investigator to supposedly look into "allegations" of violations of the Ethics policy and Code by the Plaintiff. There is nothing in either the Ethics policy or the Ethics Code of the Authority that invites intrusion into the private life of the Plaintiff, including "investigating" anything in regard to his marriage. The Plaintiff's private life, including his marriage, has nothing to do with his job duties, his job position or any matter that is of any concern to the Authority or to Thella Bowens personally. The attorney from LUCE FORWARD hired by Thella Bowens and the investigator hired by the attorney from LUCE FORWARD are both subject to the Authority's Ethics policies and to the Ethics Code of the Authority, as both were hired by Thella Bowens on behalf of the Authority as consultants to her and the officers of the Authority with whom she shared the decision making of the 'investigation.' In addition, Thella Bowens and all of those with whom she shared the 'investigation' responsibilities were and are charged with knowledge of the Ethics policies and Ethics Code of the Authority and as so charged knowingly with the actions of intrusion | This paragraph is subject to a motion to strike under California Code of Civil Procedure section 436(a) because it contains improper and irrelevant allegations as follows:<br><br>1. The Authority is immune for its actions taken in connection with an investigation. (See Gov. Code §§ 821.6 and 815.2(b).)<br><br>2. The Authority is immune from liability for its discretionary acts. (See Gov. Code § 820.2 and 815.2(b).) |

PAUL, PLEVIN,
SULLIVAN &
CONNAUGHTON LLP

NOTICE OF MOTION AND MOTION TO STRIKE
PLAINTIFF'S FIRST AMENDED COMPLAINT

31

CASE NO. GIC 871979

14-227

| | ALLEGATION TO BE STRICKEN | LEGAL GROUNDS FOR STRIKING ALLEGATION FROM COMPLAINT |
|---|---|---|
| 1<br>2 | | |
| 3<br>4 | committed by them individually and in the dual capacity of their job duties on behalf of the Authority." | |
| 5<br>6<br>7<br>8<br>9<br>10<br>11<br>12<br>13<br>14<br>15<br>16<br>17<br>18<br>19 | Paragraph 48, which reads: "The Plaintiff had a reasonable expectation of privacy in regard to his marriage. The interrogation of witnesses as to their observations, personal knowledge or opinions regarding the Plaintiff's marriage, including communication within his marriage, the manner of communication between the Plaintiff and his wife, the appearance of the marriage to outsiders, and any other matters that the attorney for LUCE FORWARD and his hired investigator made regarding the Plaintiff's marriage from witnesses who were being interviewed regarding an 'investigation' whose subject matter had not been revealed to the Plaintiff was intentionally intruded in by the hired help of the Authority. The intrusion of the Authority's 'consultants' and the stated discussion regarding the findings of the 'consultants' with the Authority management on a regular basis that included findings of the interrogation of witnesses on the subject of the Plaintiff's marriage was highly offensive to the Plaintiff and would be highly offensive to a reasonable person." | This paragraph is subject to a motion to strike under California Code of Civil Procedure section 436(a) because it contains improper and irrelevant allegations as follows:<br><br>1. The Authority is immune for its actions taken in connection with an investigation. (See Gov. Code §§ 821.6 and 815.2(b).)<br><br>2. The Authority is immune from liability for its discretionary acts. (See Gov. Code §§ 820.2 and 815.2(b).)<br><br>3. Questioning third party witnesses regarding their observations of plaintiff and his wife is not an unreasonable invasion into plaintiff's privacy. |
| 20<br>21<br>22<br>23<br>24<br>25<br>26<br>27<br>28 | Paragraph 49, which reads: "The investigator hired by the attorney from LUCE FORWARD also intruded into the Plaintiff's privacy by coercing the owner of the car repair shop (where the Plaintiff had his car repaired) to hand over copies of car repair records and invoices showing payment of the car repairs. The owner immediately contacted the Plaintiff to explain that the investigator told him he was hired by the Authority to look into the Plaintiff's records and threatened him with legal proceedings if he did not immediately turn over the records to him. The owner protested and opposed the demand but was | This paragraph is subject to a motion to strike under California Code of Civil Procedure section 436(a) because it contains improper and irrelevant allegations as follows:<br><br>1. The Authority is immune for its actions taken in connection with an investigation. (See Gov. Code §§ 821.6 and 815.2(b).)<br><br>2. The Authority is immune from liability for its discretionary acts. (See Gov. Code §§ 820.2 and 815.2(b).)<br><br>3. Plaintiff did not have a reasonable |

PAUL, PLEVIN,
SULLIVAN &
CONNAUGHTON LLP

NOTICE OF MOTION AND MOTION TO STRIKE
PLAINTIFF'S FIRST AMENDED COMPLAINT

32

CASE NO. GIC 871979

14-228

| ALLEGATION TO BE STRICKEN | LEGAL GROUNDS FOR STRIKING ALLEGATION FROM COMPLAINT |
|---|---|
| coerced into providing the records by the investigator. Neither the Authority, the attorney for LUCE FORWARD or the investigator had sought permission from the Plaintiff to obtain or look at those private records. The Plaintiff was furious at the intrusion into his private affairs without his knowledge or permission. Given the instruction that he could not tell the owner what the circumstances of the invasion into his privacy meant, the Plaintiff was further denied the opportunity to defend himself from the invasion or explain the reason why the investigator had committed this act of intrusion. Once again, the Plaintiff was left in a position of not knowing himself the reason for the 'investigation' and the embarrassment that this investigator could act to further leave the Plaintiff in another position of looking like he had done something wrong when he had not." | expectation of privacy regarding his car repair records. |
| Paragraph 50, which reads: "The Plaintiff had a reasonable expectation of privacy in regard to his private vehicle and its repair documents and invoices. The intentional intrusion and false statements used by the investigator hired by the attorney for LUCE FORWARD to obtain the Plaintiff's private records were highly offensive to him and would be highly offensive to a reasonable person. The circumstances surrounding the Authority's intrusion were part of a calculated scheme to find some violation that could "justify" the termination of the Plaintiff because he had made disclosures regarding the Authority's operations and budget that he believed were illegal and would prevent the Plaintiff and others from reporting similar violations by the Authority and allow the Authority to continue to operate in whatever manner it desired to do so regardless of the consequences to the | This paragraph is subject to a motion to strike under California Code of Civil Procedure section 436(a) because it contains improper and irrelevant allegations as follows:<br><br>1. The Authority is immune for its actions taken in connection with an investigation. (See Gov. Code §§ 821.6 and 815.2(b).)<br><br>2. The Authority is immune from liability for its discretionary acts. (See Gov. Code § 820.2.)<br><br>3. Plaintiff did not have a reasonable expectation of privacy regarding his car repair records. |

PAUL, PLEVIN,
SULLIVAN &
CONNAUGHTON LLP

NOTICE OF MOTION AND MOTION TO STRIKE
PLAINTIFF'S FIRST AMENDED COMPLAINT

33

CASE NO. GIC 871979

14-229

| ALLEGATION TO BE STRICKEN | LEGAL GROUNDS FOR STRIKING ALLEGATION FROM COMPLAINT |
|---|---|
| budget of the Authority." | |
| Paragraph 56, which reads: "The Plaintiff was discharged from employment for reasons that violate a public policy. The Plaintiff was forced to resign his position from the Authority because he had disclosed in good faith to his own Authority, a government agency, the violations of the Authority regarding its misuse of money, waste of government funds, the violations of law regarding four projects of which he had personal knowledge of the violations of law and rules and regulations that the Authority violated repeatedly." | This paragraph is subject to a motion to strike under California Code of Civil Procedure section 436(a) because it contains improper and irrelevant allegations as follows:<br><br>1. Plaintiff has not set forth a state or federal law, rule, or regulation that he reasonably believes was violated by the Authority's acts, as required by Labor Code section 1102.5. (Labor Code § 1102.5)<br><br>2. The Authority is immune for its actions taken in connection with an investigation. (See Gov. Code §§ 821.6 and 815.2(b).)<br><br>3. The Authority is immune from liability for its discretionary acts. (See Gov. Code §§ 820.2 and 815.2(b).)<br><br>4. Plaintiff may not maintain a private right of action under the Authority's internal ethics code. |
| Paragraph 57, which reads: "The Plaintiff was exercising a statutory right or privilege to disclose the legal violations he in good faith believed were violations and in doing so was reporting to his own agency violations of statutes, rules and regulations that were of paramount public importance. It is well settled in California law that in addition to statutory provisions, valid administrative regulations such as Ethics Code may serve as a source of fundamental public policy because those regulations implement fundamental public policy." | This paragraph is subject to a motion to strike under California Code of Civil Procedure section 436(a) because it contains improper and irrelevant allegations as follows:<br><br>1. Plaintiff has not set forth a state or federal law, rule, or regulation that he reasonably believes was violated by the Authority's acts, as required by Labor Code section 1102.5. (Labor Code § 1102.5)<br><br>2. The Authority is immune for its actions taken in connection with an investigation. (See Gov. Code §§ 821.6 and 815.2(b).)<br><br>3. The Authority is immune from liability for its discretionary acts. (See Gov. Code §§ |

| ALLEGATION TO BE STRICKEN | LEGAL GROUNDS FOR STRIKING ALLEGATION FROM COMPLAINT |
|---|---|
| | 820.2 and 815.2(b).)<br><br>4. Plaintiff may not maintain a private right of action under the Authority's internal ethics code. |
| Paragraph 58, which reads: "The Plaintiff absolutely made clear his opposition in private meetings, in public meetings, at open door and closed door meetings to the failure of the Authority to implement the annexation of the space needed to have the women's restroom comply with the ADA requirements and to complete the project at a reasonable cost and in a timely manner. The American Disabilities Act and its enabling statutes and regulations are federal law and federal regulations." | This paragraph is subject to a motion to strike under California Code of Civil Procedure section 436(a) because it contains improper and irrelevant allegations as follows:<br><br>Plaintiff does not allege facts supporting his ultimate conclusion that he reasonably believed the Authority violated the ADA. Instead, he only alleges that he reported that the Authority was restricted from complying with the ADA and the Authority was required to increase the project budget by over $2 million. Plaintiff fails to allege which ADA provision was purportedly violated, or how the "side deal" or project's cost increase purportedly violated the ADA. Because plaintiff fails to allege facts supporting his conclusory allegation, he could not have had a reasonable belief that the Authority was violating the ADA, as required by Labor Code section 1102.5. |
| Paragraph 59, which reads as follows: "The Plaintiff made clear to the Vice President to whom he reported that he objected and opposed during the negotiations and the due diligence process that Enarson (Vice President and confidante to Thella Bowens) was not properly understanding the lawful use and conditions of the General Dynamics property that resulted and continues to result in losses of millions of dollars for the Authority. California Public Utilities Code section 170056(f)(1)(2)(3)" | This paragraph is subject to a motion to strike under California Code of Civil Procedure section 436(a) because it contains improper and irrelevant allegations as follows:<br><br>Plaintiff could not have had a reasonable belief that the General Dynamics lease violated a federal or state law because the terms of the lease were authorized by statute. (See Public Utilities Code § 170056(f); Labor Code § 1102.5 [reasonable belief requirement]) |
| Paragraph 60, which reads as follows: "The Plaintiff disclosed and opposed the misuse and waste of the unusable land around the Teledyne Ryan property at Capitol | This paragraph is subject to a motion to strike under California Code of Civil Procedure section 436(a) because it contains improper |

NOTICE OF MOTION AND MOTION TO STRIKE
PLAINTIFF'S FIRST AMENDED COMPLAINT

35

CASE NO. GIC 871979

**14-231**

| ALLEGATION TO BE STRICKEN | LEGAL GROUNDS FOR STRIKING ALLEGATION FROM COMPLAINT |
|---|---|
| Improvement meetings, at weekly Operations meetings, at Directors meetings and other times. California Public Utilities Code section 170056(a)(1)(B)" | and irrelevant allegations as follows:<br><br>Plaintiff could not have had a reasonable belief that he was reporting a statutory violation when the referenced statute is in no way connected to the complained of conduct. (See California Public Utilities Code section 170056(a)(1)(B); Labor Code § 1102.5) |
| Paragraph 61, which reads: "The Plaintiff conducted numerous disclosure meetings with the Vice President to whom he reported regarding the failure of LPI to meet the expenses and conditions that the company had used to bid on the parking operations contract. California Code of Contracts section 1100; section 100. The Plaintiff also met repeatedly with Maurice Gray of LPI and gave him extended help and time to come into compliance on the contract and he failed and refused to do so. This correlated with the idea of conducting an 'investigation' of the Plaintiff rather than of the contractor." | This paragraph is subject to a motion to strike under California Code of Civil Procedure section 436(a) because it contains improper and irrelevant allegations as follows:<br><br>1. Plaintiff has not set forth a state or federal law, rule, or regulation that he reasonably believes was violated by the LPi contract, as required by Labor Code section 1102.5. (Labor Code § 1102.5) Even if Plaintiff's reference to the "California Code of Contracts" is meant to refer to the California Public Contract Code, his claim still fails. Section 100(b) of the Public Contract Code merely states the legislature's intent in enacting that code is to "ensure full compliance with competitive bidding statutes as a means of protecting the public from misuse of public funds." None of Plaintiff's alleged disclosures could reasonably be interpreted as a disclosure of a "violation" of this statement of legislative intent.<br><br>2. The Authority is immune for its actions taken in connection with an investigation. (See Gov. Code §§ 821.6 and 815.2(b).)<br><br>3. The Authority is immune from liability for its discretionary acts. (See Gov. Code §§ 820.2 and 821.6.) |

EXHIBIT 15

1   FRED M. PLEVIN (SBN 126185)
    SANDRA L. MCDONOUGH (SBN 193308)
2   ALBERT R. LIMBERG (SBN 211110)
    **PAUL, PLEVIN, SULLIVAN & CONNAUGHTON** LLP
3   401 B Street, Tenth Floor
    San Diego, California 92101-4232
4   Telephone: 619-237-5200
    Facsimile: 619-615-0700

5

6   AMY S. GONZALEZ (SBN 181745)
    **SAN DIEGO COUNTY REGIONAL AIRPORT**
    **AUTHORITY**
7   3225 N. Harbor Drive
    San Diego, CA 92138
8   Telephone: (619) 400-2425
    Facsimile: (619) 400-2428

9

10   Attorneys for Defendant
    SAN DIEGO COUNTY REGIONAL AIRPORT
11   AUTHORITY

12           SUPERIOR COURT OF THE STATE OF CALIFORNIA

13                  COUNTY OF SAN DIEGO

14   JOSE HERNANDEZ,                CASE NO. GIC 871979

15         Plaintiff,             **NOTICE OF HEARING ON DEMURRER**
                        **AND DEMURRER TO PLAINTIFF'S FIRST**
16       v.                  **AMENDED COMPLAINT**

17   SAN DIEGO COUNTY REGIONAL
    AIRPORT AUTHORITY, a public entity;
18   and DOES 1 through 12, inclusive,     Date:        April 6, 2007
                            Time:       9:30 a.m.
19         Defendants.         Dept:       71
                            Judge:     Hon. Richard E. Strauss
20                         Complaint Filed:  September 1, 2006
                            Trial Date:   Not Set
21

22                           **EXEMPT FROM FEES**
                          **GOVT. CODE § 6103**

23       TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

24       PLEASE TAKE NOTICE that on April 6, 2007 at 9:30 a.m., the first available date from

25   the Court, or as soon thereafter as counsel may be heard, in Department 75 of the San Diego

26   County Superior Court, located at 330 West Broadway, San Diego, California 92101, defendant

27   San Diego County Regional Airport Authority ("Authority") demurs to plaintiff's First Amended

28   Complaint on the following grounds:

PAUL, PLEVIN,
SULLIVAN &
CONNAUGHTON LLP

NOTICE OF HEARING ON DEMURRER AND         1                 CASE NO. GIC 871979
DEMURRER TO PLAINTIFF'S FAC

1)    The second cause of action fails because there is no private right of action for violation of the Authority's Ethics Code.

2)    The second fourth causes of action are all common law claims and are barred by Government Code section 815(a);

3)    Each cause of action is barred by the discretionary act immunity and investigatory immunity found in Government Code sections 820.2 [second through fourth causes of action] and 821.6 [all causes of action], which apply to the Authority through Government Code section 815.2(b);

4)    The first, second and fourth causes of action, which allege retaliation and violations of Labor Code section 1102.5, fail as a matter of law because Plaintiff has not alleged facts supporting a prima facie case showing that he reasonably believed that the Authority's actions violated a state or federal law, rule or regulation; and

5)    The third cause of action for invasion of privacy fails as a matter of law because Plaintiff did not have any reasonable expectation of privacy in his motor vehicle repair records or in third parties' opinions regarding his marriage.

This demurrer is based on this notice, the accompanying demurrer and memorandum of points and authorities filed in support of this demurrer and motion to strike, the entire file in this case, and any other evidence or argument properly considered by the court in connection with this demurrer.

This court follows California Rules of Court, Rule 324. The court will therefore make its tentative ruling available by telephone at (619) 531-3690 the court day before the scheduled

///
///
///
///
///
///
///

PAUL, PLEVIN,
SULLIVAN &
CONNAUGHTON LLP

NOTICE OF HEARING ON DEMURRER AND
DEMURRER TO PLAINTIFF'S FAC

2

CASE NO. GIC 871979

15-234

1  hearing at 3:00 p.m., or the tentative ruling may be reviewed on the Court's internet web site

2  (www.sdcourt.ca.gov) after 4:00 p.m. on that same day.

3

4  Dated: January 10, 2007          PAUL, PLEVIN, SULLIVAN & CONNAUGHTON LLP

5

6                                   By:

7                                   FRED M. PLEVIN
                                    SANDRA L. MCDONOUGH
8                                   ALBERT R. LIMBERG
                                    Attorneys for Defendant
9                                   SAN DIEGO COUNTY REGIONAL AIRPORT
                                    AUTHORITY

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PAUL, PLEVIN,
SULLIVAN &
CONNAUGHTON LLP

NOTICE OF HEARING ON DEMURRER AND
DEMURRER TO PLAINTIFF'S FAC                    3                    CASE NO. GIC 871979

15-235

**EXHIBIT 16**

1    FRED M. PLEVIN (SBN 126185)
     SANDRA L. MCDONOUGH (SBN 193308)
2    ALBERT R. LIMBERG (SBN 211110)
     **PAUL, PLEVIN, SULLIVAN & CONNAUGHTON** LLP
3    401 B Street, Tenth Floor
     San Diego, California 92101-4232
4    Telephone: 619-237-5200
     Facsimile: 619-615-0700
5
     AMY S. GONZALEZ (SBN 181745)
6    **SAN DIEGO COUNTY REGIONAL AIRPORT
     AUTHORITY**
7    3225 N. Harbor Drive
     San Diego, CA 92138
8    Telephone: (619) 400-2425
     Facsimile: (619) 400-2428
9
10   Attorneys for Defendant
     SAN DIEGO COUNTY REGIONAL AIRPORT
11   AUTHORITY

12              SUPERIOR COURT OF THE STATE OF CALIFORNIA

13                       COUNTY OF SAN DIEGO

14   JOSE HERNANDEZ,                      CASE NO. GIC 871979

15              Plaintiff,                **DEFENDANT SAN DIEGO COUNTY
                                          REGIONAL AIRPORT AUTHORITY'S**
16        v.                              **DEMURRER TO PLAINTIFF'S FIRST
                                          AMENDED COMPLAINT**
17   SAN DIEGO COUNTY REGIONAL
     AIRPORT AUTHORITY, a public entity;
18   and DOES 1 through 12, inclusive,
                                          Date:              April 6, 2007
19              Defendants.               Time:              9:30 a.m.
                                          Dept:              71
20                                        Judge:             Hon. Richard E. Strauss
                                          Complaint Filed:   September 1, 2006
21                                        Trial Date:        Not Set

22                                              **EXEMPT FROM FEES
                                                GOVT. CODE § 6103**
23

24

25

26

27

28

PAUL, PLEVIN,
SULLIVAN &
CONNAUGHTON LLP   DEFENDANT'S DEMURRER TO PLAINTIFF'S          1                 CASE NO. GIC 871979
                                   FIRST AMENDED COMPLAINT

16-236

1           Pursuant to Code of Civil Procedure section 430.10(a), (e) and (f), defendant San Diego

2 County Regional Airport Authority ("the Authority") hereby demurs to each cause of action in

3 plaintiff's First Amended Complaint as follows:

### FIRST CAUSE OF ACTION

#### Violation of California Labor Code Section 1102.5 et seq.

#### Retaliation for Protected Disclosure

7     1.     Plaintiff's first cause of action fails to state sufficient facts to constitute a cause of

8         action because the Authority is immune from suit under Government Code

9         sections 821.6 and 815.2(b). (Code Civ. Proc. § 430.10(a) and (e).)

10    2.     Plaintiff's first cause of action fails to state sufficient facts to constitute a cause of

11        action because plaintiff has not pled facts supporting his conclusion that he

12        reasonably believed that the Authority's actions violated a state or federal law, rule

13        or regulation. (Code Civ. Proc. § 430.10(a) and (f).)

14    3.     Plaintiff's first cause of action is uncertain. (Code Civ. Proc. § 430.10(f).)

### SECOND CAUSE OF ACTION

#### Pretextrual Investigation of Violation of Ethics Code

17    4.     Plaintiff's second cause of action is barred under Government Code section 815(a)

18        because the Authority, as a public entity, cannot be liable for common law claims.

19        (Code Civ. Proc. § 430.10(a) and (e).)

20    5.     Plaintiff's second cause of action is barred as a matter of law because there is no

21        private action for a violation of the Authority's Ethics Code. (Code Civ. Proc. §

22        430.10(a) and (e).)

23    6.     Plaintiff's second cause of action fails to state sufficient facts to constitute a cause

24        of action because the Authority is immune from suit under Government Code

25        sections 821.6 and 815.2(b). (Code Civ. Proc. § 430.10(a) and (e).)

26    7.     Plaintiff's second cause of action fails to state sufficient facts to constitute a cause

27        of action because the Authority is immune from suit under Government Code

28        sections 820.2 and 815.2(b). (Code Civ. Proc. § 430.10(a) and (e).)

PAUL, PLEVIN,
SULLIVAN &
CONNAUGHTON LLP

DEFENDANT'S DEMURRER TO PLAINTIFF'S
FIRST AMENDED COMPLAINT

2

CASE NO. GIC 871979

16-237

8.  Plaintiff's second cause of action fails to state sufficient facts to constitute a cause of action because plaintiff has not pled facts supporting his conclusion that he reasonably believed that the Authority's actions violated a state or federal law, rule or regulation.  (Code Civ. Proc. § 430.10(a) and (f).)

9.  Plaintiff's second cause of action is uncertain.  (Code Civ. Proc. § 430.10(f).)

### THIRD CAUSE OF ACTION

#### Violation of the Right to Privacy

10.  Plaintiff's third cause of action is barred under Government Code section 815(a) because the Authority, as a public entity, cannot be liable for common law claims.  (Code Civ. Proc. § 430.10(a) and (e).)

11.  Plaintiff's third cause of action fails to state sufficient facts to constitute a cause of action because the Authority is immune from suit under Government Code sections 821.6 and 815.2(b).  (Code Civ. Proc. § 430.10(a) and (e).)

12.  Plaintiff's third cause of action fails to state sufficient facts to constitute a cause of action because the Authority is immune from suit under Government Code sections 820.2 and 815.2(b).  (Code Civ. Proc. § 430.10(a) and (e).)

13.  Plaintiff's third cause of action fails to state sufficient facts to constitute a cause of action because plaintiff has not alleged a sufficient invasion of privacy.  (Code Civ. Proc. § 430.10(a) and (f).)

14.  Plaintiff's third cause of action is uncertain.  (Code Civ. Proc. § 430.10(f).)

### FOURTH CAUSE OF ACTION

#### Wrongful Discharge in Violation of Public Policy

15.  Plaintiff's fourth cause of action is barred under Government Code section 815(a) because the Authority, as a public entity, cannot be liable for common law claims.  (Code Civ. Proc. § 430.10(a) and (e).)

16.  Plaintiff's fourth cause of action fails to state sufficient facts to constitute a cause of action because the Authority is immune from suit under Government Code sections 821.6 and 815.2(b).  (Code Civ. Proc. § 430.10(a) and (e).)

17.  Plaintiff's fourth cause of action fails to state sufficient facts to constitute a cause of action because the Authority is immune from suit under Government Code sections 820.2 and 815.2(b).  (Code Civ. Proc. § 430.10(a) and (e).)

18.  Plaintiff's fourth cause of action fails to state sufficient facts to constitute a cause of action because plaintiff has not pled facts supporting his conclusion that he reasonably believed that the Authority's actions violated a state or federal law, rule or regulation.  (Code Civ. Proc. § 430.10(a) and (f).)

19.  Plaintiff's fourth cause of action is uncertain.  (Code Civ. Proc. § 430.10(f).)

Dated: January 10, 2007

PAUL, PLEVIN, SULLIVAN & CONNAUGHTON LLP

By:
FRED M. PLEVIN
SANDRA L. MCDONOUGH
ALBERT R. LIMBERG
Attorneys for Defendant
SAN DIEGO COUNTY REGIONAL
AIRPORT AUTHORITY

PAUL. PLEVIN,
SULLIVAN &
CONNAUGHTON LLP

DEFENDANT'S DEMURRER TO PLAINTIFF'S
FIRST AMENDED COMPLAINT

4

CASE NO. GIC 871979

16-239

1  FRED M. PLEVIN (SBN 126185)
   SANDRA L. MCDONOUGH (SBN 193308)
2  ALBERT R. LIMBERG (SBN 211110)
   **PAUL, PLEVIN, SULLIVAN & CONNAUGHTON** LLP
3  401 B Street, Tenth Floor
   San Diego, California 92101-4232
4  Telephone: 619-237-5200
   Facsimile: 619-615-0700
5
   AMY S. GONZALEZ (SBN 181745)
6  **SAN DIEGO COUNTY REGIONAL AIRPORT**
   **AUTHORITY**
7  3225 N. Harbor Drive
   San Diego, CA 92138
8  Telephone: (619) 400-2425
   Facsimile: (619) 400-2428
9

10 Attorneys for Defendant
   SAN DIEGO COUNTY REGIONAL AIRPORT
11 AUTHORITY

12              SUPERIOR COURT OF THE STATE OF CALIFORNIA

13                        COUNTY OF SAN DIEGO

14 JOSE HERNANDEZ,                      CASE NO. GIC 871979

15         Plaintiff,                   **MEMORANDUM OF POINTS AND**
                                        **AUTHORITIES IN SUPPORT OF**
16     v.                               **DEFENDANT SAN DIEGO COUNTY**
                                        **REGIONAL AIRPORT AUTHORITY'S**
17 SAN DIEGO COUNTY REGIONAL            **DEMURRER TO PLAINTIFF'S FIRST**
   AIRPORT AUTHORITY, a public entity;  **AMENDED COMPLAINT AND/OR**
18 and DOES 1 through 12, inclusive,    **MOTION TO STRIKE**

19         Defendants.

20                                      Date:            April 6, 2007
                                        Time:            9:30 a.m.
21                                      Dept:            71
                                        Judge:           Hon. Richard E. Strauss
22                                      Complaint Filed: September 1, 2006
                                        Trial Date:      Not Set
23
                                             **EXEMPT FROM FEES**
24                                           **GOVT. CODE § 6103**

25

26

27

28

PAUL, PLEVIN,
SULLIVAN &        MEMO OF POINTS AND AUTHORITIES IN                    CASE NO. GIC 871979
CONNAUGHTON LLP   SUPPORT OF DEMURRER/MOTION TO STRIKE

                                                              17-240

# TABLE OF CONTENTS

I.      INTRODUCTION AND SUMMARY OF ALLEGATIONS ........................................... 1

II.     DEMURRER AND MOTION TO STRIKE STANDARDS ...................................... 3

    A.     General Standard for Demurrer. ..................................................................... 3

    B.     Plaintiff Must Plead with Specificity Because the Authority is a
        Public Entity. ................................................................................................... 4

    C.     In the Alternative, this Court May Strike any Improper or Irrelevant
        Material ............................................................................................................ 4

III.    EACH OF PLAINTIFF'S CAUSES OF ACTION IS BARRED BY
    IMPORTANT GOVERNMENTAL IMMUNITIES ............................................. 5

    A.     Government Code Sections 815.2(b) and 820.2 Bar Plaintiff's
        Second, Third and Fourth Causes of Action. ................................................. 5

    B.     Government Code section 821.6 and 815.2(b) Immunize the
        Authority From Suit for Instituting Administrative Proceedings .................. 7

    C.     The Authority is Immune from Liability for Non-Statutory Claims. ............ 7

IV.     EACH OF PLAINTIFF'S CLAIMS IS BARRED ON SUBSTANTIVE
    GROUNDS AS WELL ........................................................................................ 9

    A.     Plaintiff's First, Second and Fourth Causes of Action for Retaliation
        Fail as a Matter of Law. ................................................................................. 9

        1.     Alleged Violations of the Authority's Ethics Code Cannot
            Support a Retaliation Claim .............................................................. 9

        2.     Plaintiff Could Not Have Had a Reasonable Belief That He
            Was Disclosing a Violation of a State or Federal Law, Rule
            or Regulation. ................................................................................... 10

            a.     The General Dynamics Lease. ..................................... 10

            b.     The Teledyne Ryan Lease. ........................................... 11

            c.     Lindbergh Parking ....................................................... 12

            d.     The Restroom ............................................................... 12

        3.     Plaintiff's Belief Could Not Have Been Reasonable as a
            Matter of Law Because Defendant is Immune From
            Liability. .......................................................................................... 12

    B.     Plaintiff Has Not Alleged a Right to Privacy Claim as a Matter of
        Law. ............................................................................................................... 13

    C.     The Authority's Ethics Code Does Not Create a Private Right of
        Action. ........................................................................................................... 14

PAUL, PLEVIN,
SULLIVAN &
CONNAUGHTON LLP

MEMO OF POINTS AND AUTHORITIES IN          i          CASE NO. GIC 871979
SUPPORT OF DEMURRER/MOTION TO STRIKE

17-241

V.    THE FIRST AMENDED COMPLAINT IS UNCERTAIN............................................ 15

VI.    CONCLUSION .......................................................................................................... 15

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PAUL, PLEVIN,
SULLIVAN &
CONNAUGHTON LLP

MEMO OF POINTS AND AUTHORITIES IN
SUPPORT OF DEMURRER/MOTION TO STRIKE

ii

CASE NO. GIC 871979

17-242

**TABLE OF AUTHORITIES**

**STATE CASES**

*Ankeny v. Lockheed Missiles and Space Co.*
     (1979) 88 Cal.App.3d 531.................................................................. 9, 10

*Arriaga v. Loma Linda University*
     (1992) 10 Cal.App.4th 1556............................................................. 14

*Blank v. Kirwan*
     (1985) 39 Cal.3d 311..................................................................... 4

*Burgdorf v. Funder*
     (1966) 246 Cal.App.2d 443............................................................. 5

*CAMSI IV v. Hunter Technology Corp.*
     (1991) 230 Cal.App.3d 1525........................................................... 4

*Caldwell v. Montoya*
     (1995) 10 Cal.4th 972 ................................................................ 5, 6, 7

*Colome v. State Athletic Com.*
     (1996) 47 Cal.App.4th 1444........................................................... 5, 8

*County of Sacramento v. Superior Court*
     (1972) 8 Cal.3d 479................................................................... 4

*Crusader Insurance Co. v. Scottsdale Insurance Co.*
     (1997) 54 Cal.App.4th 121............................................................ 14

*Gonzales v. State*
     (1977) 68 Cal.App.3d 621............................................................. 4

*Hardy v. Vial*
     (1957) 48 Cal.2d 577................................................................. 5

*Harshbarger v. City of Colton*
     (1988) 197 Cal.App.3d 1335.......................................................... 8

*Holmes v. General Dynamics Corp.*
     (1993) 17 Cal.App.4th 1418.......................................................... 11

*Kemmerer v. County of Fresno*
     (1988) 200 Cal.App.3d 1426.......................................................... 5, 7

*Keyes v. Santa Clara Valley Water District*
     (1982) 128 Cal.App.3d 882........................................................... 4

*Kim v. Walker* (1989)
     208 Cal.App.3d 375 ................................................................. 5

*Lawrence v. Bank of America*
     (1985) 163 Cal.App.3d 431........................................................... 4

PAUL, PLEVIN,
SULLIVAN &
CONNAUGHTON LLP

MEMO OF POINTS AND AUTHORITIES IN
SUPPORT OF DEMURRER/MOTION TO STRIKE

iii

CASE NO. GIC 871979

17-243

Lopez v. Southern Cal. Rapid Transit District
(1985) 40 Cal.3d 780.................................................................................. 4

Marich v. MGM/UA Telecommunications, Inc.
(2003) 113 Cal.App.4th 415.................................................................. 8, 13

Michael J. v. County Department of Adoptions
(1988) 201 Cal.App.3d 859....................................................................... 8

Miller v. National Broadcasting Co
(1986) 187 Cal.App.3d 1463.................................................................... 13

Moradi-Shalal v. Fireman's Fund Insurance Companies
(1988) 46 Cal.3d 287............................................................................. 14

Morgan v. Regents of University of Cal.
(2000) 88 Cal.App.4th 52......................................................................... 9

Palmer v. Regents of University of California
(2003) 107 Cal.App.4th 899..................................................................... 8

Patten v. Grant Joint Union High School District
(2005) 134 Cal.App.4th 1378.................................................................. 10

Saltares v. Kristovich
(1970) 6 Cal.App.3d 504......................................................................... 13

Sanchez-Scott v. Alza Pharmaceuticals
(2001) 86 Cal.App.4th 365...................................................................... 13

Shoemaker v. Myers
(1992) 2 Cal.App.4th 1407.................................................................... 7, 8

Summers v. City of Cathedral City
(1990) 225 Cal.App.3d 1047 [same]........................................................... 7

Tokeshi v. State of California
(1990) 217 Cal.App.3d 999....................................................................... 5

Vikco Insurance Services, Inc. v. Ohio Indemnity Company
(1999) 70 Cal.App.4th 55........................................................................ 14

Widdows v. Koch
(1968) 263 Cal.App.2d 228...................................................................... 13

Wilkins v. National Broadcasting Co., Inc.
(1999) 71 Cal.App.4th 1066..................................................................... 13

Williams v. Beechnut Nutrition Corp.
(1986) 185 Cal.App.3d 135...................................................................... 15

///

///

///

PAUL, PLEVIN, SULLIVAN & CONNAUGHTON LLP    MEMO OF POINTS AND AUTHORITIES IN SUPPORT OF DEMURRER/MOTION TO STRIKE    iv    CASE NO. GIC 871979

17-244

**STATE STATUTES**

California Code of Civil Procedure § 435........................................................................... 4

California Public Utilities Code § 170002 .......................................................................... 8

Code of Civil Procedure § 430.10 ............................................................................... 3 15

Gov. Code § 810 ................................................................................................................. 5

Gov. Code § 811.2 .............................................................................................................. 8

Gov. Code § 815 .................................................................................................. 2, 3, 5, 6, 7, 8

Gov. Code § 815.2 .............................................................................................................. 7

Gov. Code § 820.2 ............................................................................................. 3, 5, 6, 7, 13

Gov. Code § 820.4 ............................................................................................................ 13

Gov. Code § 821.6 .......................................................................................................... 5, 8

Gov. Code § 815 ................................................................................................................. 8

Gov. Code § 6103 .............................................................................................................. 1

Public Utilities Code § 170056 ........................................................................................ 11

Labor Code § 1102.5 ........................................................................................ 2, 3, 9, 10, 12

**MISCELLANEOUS**

Pretextual Investigation of Violation of Ethics Code ......................................................... 8

PAUL, PLEVIN,
SULLIVAN &
CONNAUGHTON LLP

MEMO OF POINTS AND AUTHORITIES IN
SUPPORT OF DEMURRER/MOTION TO STRIKE

v

CASE NO. GIC 871979

17-245

# I. INTRODUCTION AND SUMMARY OF ALLEGATIONS

Plaintiff Jose Hernandez used his one opportunity to amend his complaint when he faced the San Diego County Regional Airport Authority's ("Authority") demurrer and motion to strike, but the First Amended Complaint ("FAC") does nothing more than add conclusory allegations that do not support Hernandez' legal theories. Hernandez has now shown that he is incapable of properly alleging his causes of action and, as a result, the Authority's demurrer should be sustained without leave to amend and/or its motion to strike should be granted.

Hernandez was employed as a Director of Landside Operations for the Authority. In late December 2005, an Authority employee reported that Hernandez may have violated certain provisions of the Authority's Ethics Code, so it began an investigation. At the conclusion of the investigation, the Authority determined that Hernandez had acted inappropriately by accepting free goods and services from Authority vendors, including free roundtrip tickets to Hawaii, tickets to football and baseball games, and free parking passes. Hernandez resigned from his employment in February 2006 after the Authority informed him of its conclusions.

Hernandez now brings this baseless First Amended Complaint in an effort to smear the Authority's reputation and to place blame on others for his own personal actions. Primarily, Hernandez alleges that the Authority retaliated against him for disclosing improper activities, even though Hernandez was merely engaged in his day-to-day duties of evaluating aspects of the Authority's operations. Although the FAC is replete with allegations of the Authority's alleged ethical violations, Plaintiff explicitly alleges that he disclosed just four alleged improprieties (See FAC ¶ 39; see also ¶¶ 10-14):

- Bryan Enarson's alleged "side deal" with Host regarding the women's restroom renovation in Terminal One (FAC ¶¶ 10-11);

- The General Dynamics parking lot lease ("General Dynamics Lease") (FAC ¶ 12);

- The Teledyne Ryan parking lot lease ("Teledyne Ryan Lease") (FAC ¶ 13); and

- Double-billing of expenses on the Lindbergh Parking ("LPi") Contract (FAC ¶ 14).

The dates of the above disclosures by Plaintiff are notably missing from Plaintiff's FAC (see FAC ¶¶ 10-14 and 39), but as detailed below, Plaintiff could not have reasonably believed that any of

PAUL, PLEVIN,
SULLIVAN &
CONNAUGHTON LLP

MEMO OF POINTS AND AUTHORITIES IN
SUPPORT OF DEMURRER/MOTION TO STRIKE

1

CASE NO. GIC 871979

17-246

1   these actions violated the law.

2          In his second cause of action for "Pretextual Investigation of Violation of Ethics Code"[1],

3   Plaintiff alleges that the Authority, through its officers and employees, violated certain provisions of

4   the Authority's Ethics Code, but Plaintiff does not actually wrap these allegations into any

5   cognizable cause of action against the Authority. In fact, the second cause of action appears more to

6   be a dig at the Authority than a claim for retaliation since Plaintiff does not even allege that he

7   complained about the alleged unethical acts.[2] (*Id.* at ¶¶ 38-39.)[3]

8          Plaintiff also alleges a third cause of action for privacy based on the investigator's inquiry

9   into Plaintiff's car repairs through an on-site vendor at the Airport and Plaintiff's relationship with

10  his wife. Finally, the fourth cause of action for wrongful termination in violation of public policy

11  appears to be merely a repeat of the first and second causes.

12         Overall, Plaintiff's FAC is uncertain and poorly pled. In addition, each cause of action in

13  the FAC fails for the following reasons:

14         1)     The second cause of action fails because there is no private right of action for

15                violation of the Authority's Ethics Code;

16         2)     The second, third and fourth causes of action are all common law claims and as such

17                are barred by Government Code section 815(a);

18         3)     Plaintiff's causes of action are barred by the discretionary act immunity and

19  _____

20  [1] The legal theory underpinning the second cause of action is uncertain. The second cause of action could be construed as alleging (1) an independent cause of action under the Authority's Ethics Code, (2) a Labor Code section 1102.5 claim, or (3) a wrongful termination in violation of public policy claim. However, the complaint already contains express causes of action for (2) and (3). In an abundance of caution, this demurrer and motion to strike addresses each potential legal theory presented in the second cause of action. However, as shown in this memorandum, the second cause of action fails under any of the three potential legal theories.

21
22

23  [2] The alleged unethical acts include: Flying to Texas for Blue Bell ice cream (FAC ¶ 37(a)); inappropriate CEO ticket changes and Premier Club access (*Id.* at ¶ 37(b)); shipping meat from Texas for free for the Authority's employee barbeque (*Id.* at ¶ 37(c)); airline privileges for the Authority's CEO's sister (*Id.* at ¶ 37(d)); free upgrades (*Id.* at ¶ 37(e) and (l)); using Airport parking lots for non-Airport activities (*Id.* at ¶ 37(f) and (g)); using official position to obtain tickets (*Id.* at ¶ 37(j)); sweeping the Authority Board Chairman's office for listening devices (*Id.* at ¶ 37(k)); and the allegedly unwarranted investigation and subsequent termination of Plaintiff (*Id.* at ¶ 15-16 and 23-33). As further detailed in the accompanying notice of motion and motion to strike, none of these alleged unethical acts, even if reported, violate the Ethics Code or support a Labor Code section 1102.5 claim.

24
25
26

27  [3] In fact, the only alleged unethical acts that Plaintiff affirmatively alleges that he reported are those listed in the First Cause of Action: the Concession Renovations, the GD and Teledyne Ryan Leases, and the LPi Contract (*Id.* at ¶ 39.)

28

MEMO OF POINTS AND AUTHORITIES IN            2            CASE NO. GIC 871979
SUPPORT OF DEMURRER/MOTION TO STRIKE

1    investigatory immunity found in Government Code sections 820.2 (second through

2    fourth causes of action) and 821.6 (all causes of action), which apply to the Authority

3    through Government Code section 815.2(b);

4    4)    The first, second and fourth causes of action, which allege retaliation and violations

5    of Labor Code section 1102.5, fail as a matter of law because Plaintiff has not

6    alleged facts supporting a prima facie case showing that he reasonably believed that

7    the Authority's actions violated a state or federal law, rule or regulation; and

8    5)    The third cause of action for invasion of privacy fails as a matter of law because

9    Plaintiff did not have any reasonable expectation of privacy in his motor vehicle

10    repair records or in third parties' opinions regarding his marriage;

11    For the foregoing reasons, and as more fully discussed herein, defendant respectfully

12    requests that this court sustain its demurrer to each cause of action in the FAC. In the alternative,

13    defendant moves to strike those allegations that are barred by the various deficiencies noted above,

14    as detailed in the accompanying notice of motion and motion to strike the FAC.[4]

15    **II. DEMURRER AND MOTION TO STRIKE STANDARDS**

16    **A.    General Standard for Demurrer.**

17    A demurrer tests the legal sufficiency of the Plaintiff's complaint. (Code Civ. Proc.,

18

19    [4] The Authority requests that the Court strike allegations from the complaint on the following grounds:

20    • Plaintiff has failed to allege a state or federal law, rule or regulation that the Authority allegedly violated, as required by Labor Code section 1102.5 (FAC ¶¶ 14, 18, 28, 29, 37 (a-o), 38-41, 56, 57, and 61);

21    • Plaintiff failed to allege facts supporting his conclusory allegation that he reasonably believed that the Authority's actions violated a state or federal law, rule or regulation, as required by Labor Code section 1102.5(b). (FAC ¶¶ 10, 11,

22    12, 29, 37, 38-39, 49, 57, 58);

• Plaintiff has failed to allege that the Authority made or enforced a rule, policy or regulation that prevented him

23    from disclosing violations of law, as required by Labor Code section 1102.5(a) (FAC ¶ 38);

• Plaintiff has failed to allege that he disclosed certain purported ethical violations (FAC ¶ 37);

24    • The Authority is immune from liability for its actions in connection with the investigation of potential Ethics Code violations under Government Code sections 821.6 and 815.2(b) (FAC ¶¶ 23-26, 28, 30, 38, 47-50, and 56-61);

25    • The Authority is immune from liability for its discretionary acts under Government Code sections 820.2 and 815.2(b) (FAC ¶¶ 23-26, 28, 30, 38, 47-50, and 56-61);

26    • Plaintiff did not have a reasonable expectation of privacy in his car repair records (FAC ¶ 25);

• Plaintiff did not have a reasonable expectation of privacy in third parties' observations of his marital relationship

27    (FAC ¶¶ 26 and 48); and

28    • Plaintiff may not pursue a private right of action for violations of the Authority's Ethics Code (FAC ¶¶ 37-42).

PAUL, PLEVIN,
SULLIVAN &
CONNAUGHTON LLP

MEMO OF POINTS AND AUTHORITIES IN
SUPPORT OF DEMURRER/MOTION TO STRIKE

3

CASE NO. GIC 871979

17-248

1    § 430.10.) Although leave to amend is typically granted liberally, it should be denied where the

2    nature of the claim is clear, but no liability exists under substantive law. (*Lawrence v. Bank of Am.*

3    (1985) 163 Cal.App.3d 431, 436.) Thus, denial of leave to amend is proper where the Plaintiff

4    cannot show in what manner he can amend and how the amendment will change the legal effect of

5    his pleading. (*CAMSI IV v. Hunter Technology Corp.* (1991) 230 Cal.App.3d 1525, 1539.) The

6    burden of showing a reasonable possibility of successful amendment "is squarely on the Plaintiff."

7    (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.) Moreover, when a plaintiff is given an opportunity

8    to amend the complaint, strict construction of the complaint is required and it must be presumed

9    that plaintiff has stated the strongest possible case. (*Gonzales v. State* (1977) 68 Cal.App.3d 621.)

10   **B.    Plaintiff Must Plead with Specificity Because the Authority is a Public Entity.**

11          A plaintiff's burden is more difficult when he seeks to impose liability on a public entity, as

12   is the case here, because every fact material to the existence of the public entity's liability "must be

13   pled with particularity." (*Lopez v. Southern Cal. Rapid Transit Dist.* (1985) 40 Cal.3d 780, 795.)

14   This heightened pleading requirement allows courts to evaluate the presence or absence of statutory

15   immunities at the earliest possible stage in the litigation so as to avoid any unnecessary waste of

16   time and expense. (*See, County of Sacramento v. Superior Court* (1972) 8 Cal.3d 479, 481 ["it is

17   desirable that an important jurisdictional question presented by the defense of sovereign immunity

18   from suit should be speedily determined"]; *Keyes v. Santa Clara Valley Water Dist.* (1982) 128

19   Cal.App.3d 882, 885-86 [Plaintiffs must plead facts sufficient to show that their claims lie "outside

20   the breadth of any applicable statutory immunity"].)

21          The FAC at issue here falls short of meeting this elevated pleading standard and, as a result,

22   should be dismissed without leave to amend.

23   **C.    In the Alternative, this Court May Strike any Improper or Irrelevant Material**

24          In the event that this Court does not sustain the Authority's demurrer to each cause of action,

25   the Court has the authority to strike any improper or irrelevant matter from the pleadings pursuant to

26   California Code of Civil Procedure sections 435 and 436(a).

27   ///

28   ///

PAUL, PLEVIN,
SULLIVAN &
CONNAUGHTON LLP

MEMO OF POINTS AND AUTHORITIES IN
SUPPORT OF DEMURRER/MOTION TO STRIKE

4

CASE NO. GIC 871979

17-249

## III. EACH OF PLAINTIFF'S CAUSES OF ACTION IS BARRED BY IMPORTANT GOVERNMENTAL IMMUNITIES

In 1963, the California Legislature enacted several interrelated laws known as the Government Claims Act ("Act"). (*Tokeshi v. State of California* (1990) 217 Cal.App.3d 999, 1004; Gov. Code §§ 810-895.8.) It is well settled under the Act that a public entity is not liable for tortious injury unless the liability is specifically imposed by statute or the Constitution. (*Colome v. State Athletic Com.* (1996) 47 Cal.App.4th 1444, 1454-1455.) Here, Plaintiff's claims are barred by the discretionary act immunity (Gov. Code § 820.2), the investigatory immunity (Gov. Code § 821.6), and the immunity from common law claims (Gov. Code § 815(a).)

**A.  Government Code Sections 815.2(b) and 820.2 Bar Plaintiff's Second, Third and Fourth Causes of Action.**

Government Code section 820.2 provides that "except as otherwise provided by statute, a public employee is not liable for an injury resulting from his act or omission where the act or omission was the result of the exercise of the discretion vested in him, whether or not such discretion be abused." A "discretionary act" is any act that requires the exercise of "judgment or choice," or that emanates from the employee's decision as to what is "just and proper under the circumstances." (*Burgdorf v. Funder* (1966) 246 Cal.App.2d 443, 449.) This immunity applies to a wide variety of claims, including retaliatory discharge. (See *Caldwell v. Montoya* (1995) 10 Cal.4th 972, 978, 989 [820.2 bars claim for retaliatory discharge]; *Kemmerer v. County of Fresno* (1988) 200 Cal.App.3d 1426, 1438-39 [County immune under 820.2 for breach of the covenant of good faith and fair dealing and intentional infliction of emotional distress claims]; *Kim v. Walker* (1989) 208 Cal.App.3d 375, 382-383 [defamation occurring within course of discretionary acts held immune under 820.2]; *Hardy v. Vial* (1957) 48 Cal.2d 577, 584 [affidavits sworn by state college officials regarding actions of Plaintiff held absolutely privileged because statements were made within their discretionary authority].) Further, this immunity extends to the Authority by virtue of Government Code section 815.2(b). (*Kemmerer, supra*, 200 Cal.App.3d at p. 1435 ["Though sections 821.6 and 820.2 expressly immunize only the employee, if the employee is immune, so too is the [public entity]."].)

1    In *Caldwell v. Montoya, supra*, the California Supreme Court upheld the trial court's

2 sustaining of defendants' demurrer to a complaint alleging retaliation. The Court held that the

3 school board's decision to terminate the school's superintendent was a discretionary act under

4 section 820.2 because it involved a basic governmental policy decision entrusted to the broad

5 official judgment of the school board. In so holding, the Court explained that it is well settled that

6 discretionary immunity "extends to fundamental decisions within the executive or administrative

7 authority of the agency or official." (*Caldwell, supra,* 10 Cal.4th at p. 983, fn. 5.) Further, an

8 allegation that the standards used to evaluate an employee were wrong and impermissible (even

9 retaliatory) cannot divest a discretionary policy decision of its immunity. (*Id.* at p. 984.) Finally,

10 the Court concluded that section 820.2 applies to common law and statutory claims and an

11 "immunity cannot be abrogated by a statute which simply imposes a general legal duty or liability

12 on persons, including public employees." (*Id.* at p. 986.)

13    *Caldwell* controls here. As the President and CEO, Thella Bowens had broad responsibility

14 for overseeing operation of the Authority, including investigating any alleged misconduct by one of

15 the Authority's directors. Plaintiff's FAC focuses entirely on the motives of the Authority in

16 initiating an investigation against him and his ultimate termination, both of which are discretionary

17 acts. Bowens and the former Vice President of Operations' decision to terminate Plaintiff's

18 employment necessarily involved the exercise of analysis and judgment as to what was proper in the

19 circumstances. Therefore, much like the school board's decision in *Caldwell,* the Authority's

20 decision to terminate Plaintiff was a policy decision and discretionary in nature, immunizing the

21 Authority from suit under Government Code sections 820.2 and 815.2(b).

22    Moreover, although Plaintiff characterizes his termination as "retaliatory," the Authority

23 cannot be divested of its immunity merely because Plaintiff asserts that the investigation and

24 termination were unfair. The immunity applies regardless of whether the Authority allegedly

25 abused its discretion. As a result, Plaintiff's second, third and fourth causes of action are barred as a

26 matter of law by the discretionary immunity found in Government Code section 820.2 and

27 applicable to the Authority under section 815.2(b).

28

PAUL, PLEVIN,
SULLIVAN &
CONNAUGHTON LLP

MEMO OF POINTS AND AUTHORITIES IN
SUPPORT OF DEMURRER/MOTION TO STRIKE

6

CASE NO. GIC 871979

17-251

**B.    Government Code section 821.6 and 815.2(b) Immunize the Authority From Suit for Instituting Administrative Proceedings.**

As a separate matter, Government Code sections 821.6 and 815.2(b) immunize the Authority from liability for instituting an investigation. Government Code section 821.6 provides that "[a] public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, even if he acts maliciously and without probable cause." This immunity applies to the Authority as well. (Gov. Code § 815.2(b).)

Courts have applied this investigatory immunity to all public employees, and their respective public entities, who institute, investigate or are otherwise involved in an employee's termination. (*Kemmerer, supra,* 200 Cal.App.3d at pp. 1436-37 [holding public employees immune based upon their investigation of, and recommendation to terminate, Plaintiff]; *Summers v. City of Cathedral City* (1990) 225 Cal.App.3d 1047, 1064 [same].) Like section 820.2, section 821.6 immunity has been specifically applied to whistle-blower allegations and other wrongful termination claims. (*Shoemaker v. Myers* (1992) 2 Cal.App.4th 1407, 1425 [applying section 821.6 immunity to a common law "whistleblower" wrongful discharge claim]; and *Caldwell, supra,* 10 Cal.4th at p. 982.)

Here, Plaintiff alleges that defendant instituted an unfair investigation, which ultimately resulted in his termination. (FAC ¶¶ 7 and 23-30.) The allegedly unfair investigation is an administrative proceeding under section 821.6 and cases interpreting that section. As a result, the Authority is immune from Plaintiff's claims arising out of the Authority's investigation and Plaintiff's resulting termination. The Authority's demurrer should therefore be sustained without leave to amend and/or the motion to strike allegations of the FAC related to the investigation and subsequent termination should be granted.

**C.    The Authority is Immune from Liability for Non-Statutory Claims.**

The Authority is also immune from the second, third and fourth causes of action because

PAUL, PLEVIN,
SULLIVAN &
CONNAUGHTON LLP

MEMO OF POINTS AND AUTHORITIES IN
SUPPORT OF DEMURRER/MOTION TO STRIKE

7

CASE NO. GIC 871979

17-252

1  they are common law claims.[5]  Government Code section 815(a) expressly states "[e]xcept as

2  otherwise provided by statute, a 'public entity' is not liable for an injury, whether such injury arises

3  out of an act or omission of the public entity or a public employee or any other person." Public

4  entity liability is limited because "[s]overeign immunity is the rule in California." (*Colome*, 47 Cal.

5  App. 4th at 1454-1455.) Thus, the Act provides that all public entities, including the Authority, are

6  immune from liability *unless* the Legislature expressly provides for such liability.  (Gov. Code §§

7  811.2 and 815.)

8        Therefore, common law claims may not, as a matter of law, be brought against public

9  entities. (Govt. Code § 815(a)); see *Harshbarger v. City of Colton* (1988) 197 Cal.App.3d 1335,

10  1339 ["Government Code section 815, enacted in 1963, abolished all common law or judicially

11  declared liabilities for public entities"]; *Michael J. v. County Department of Adoptions* (1988) 201

12  Cal.App.3d 859, 866 [claims against public entities must be based on statutes, not common law tort

13  theories of liability].)  This immunity applies as well to claims for wrongful discharge in violation

14  of public policy and privacy claims. ·(See *Palmer v. Regents of University of California* (2003) 107

15  Cal.App.4th 899 [explaining that a claim for wrongful termination in violation of public policy is a

16  "common law, judicially created tort" that is "not authorized by statute"]; *Shoemaker, supra*, 2

17  Cal.App.4th at p. 1425 [stating that a claim of wrongful termination in violation of public policy

18  "does not escape the effect of" immunity under Gov. Code section 821.6.]; *Marich v. MGM/UA*

19  *Telecommunications, Inc.* (2003) 113 Cal.App.4th 415, 421 [privacy cause of action is a common

20  law claim].)

21        The Authority is a "public entity" both under the Act (Gov. Code § 811.2) and as created by

22  California Public Utilities Code section 170002.  The Authority is therefore immune from liability

23  for the second, third and fourth causes of action, which are all common law claims, and the

24  Authority's demurrer to these causes of action should be sustained, without leave to amend.

25

26

27

28

---

[5] Since there is no statutory authority for the second cause of action entitled "Pretextual Investigation of Violation of Ethics Code" [See Section IV(C), *infra*], the Authority assumes that Plaintiff is trying to plead a common law claim in his second cause of action.

PAUL, PLEVIN,
SULLIVAN &
CONNAUGHTON LLP

MEMO OF POINTS AND AUTHORITIES IN
SUPPORT OF DEMURRER/MOTION TO STRIKE

8

CASE NO. GIC 871979

17-253

# IV. EACH OF PLAINTIFF'S CLAIMS IS BARRED ON SUBSTANTIVE GROUNDS AS WELL

Not only are Plaintiff's causes of action barred by the governmental immunities set forth above, each of the causes of action also fail on its merits.

## A.    Plaintiff's First, Second and Fourth Causes of Action for Retaliation Fail as a Matter of Law.

Plaintiff's first, second and fourth causes of action all allege under different legal theories that Plaintiff was retaliated against for complaining about the Authority's actions. To establish a *prima facie* case of retaliation under the common law or Labor Code section 1102.5(b), as with FEHA and Title VII, Plaintiff must allege that (1) he engaged in a "protected activity," (2) the Authority took an adverse employment action against him, and (3) a causal link exists between his protected activity and the adverse employment action. (*Morgan v. Regents of University of Cal.* (2000) 88 Cal.App.4th 52, 69.) In order to allege that Plaintiff engaged in a protected activity, as required by the first prong of the prima facie case, Plaintiff must allege that he disclosed, to a government or law enforcement agency, information that he reasonably believed disclosed a violation of state or federal statute, rule, or regulation. (Lab. Code § 1102.5, subd. (b).) It is not enough for Plaintiff to allege mere conclusions of law to support his retaliation claims. (*Ankeny v. Lockheed Missiles and Space Co.* (1979) 88 Cal.App.3d 531, 537.) Instead, he must allege facts that support those claims. (*Ibid.*)

Plaintiff's claim cannot even get off the ground because he did not, and could not have, reasonably believed that he disclosed violations of a state or federal statute, rule, or regulation. Even though Plaintiff amended his complaint to reference federal and state statutes, he either knew, or as a matter of law he should have known, that the alleged wrongful acts were permissible. As a result, he could not have reasonably believed that the Authority violated a state or federal law, rule or regulation, and his retaliation claims fail.

### 1.    Alleged Violations of the Authority's Ethics Code Cannot Support a Retaliation Claim

By its very terms, Labor Code section 1102.5 requires a Plaintiff to disclose a violation of a

1    state or federal law, rule or regulation.  (See Labor Code § 1102.5(b).)  Plaintiff's amended

2    complaint focuses primarily on alleged violations of the Authority's own Ethics Code, which is

3    simply an internal guideline and not a state or a federal law, rule[6] or regulation.[7]  Accordingly, the

4    Authority moves to strike all references to the Ethics Codes violations in the FAC (see footnote 3

5    for a listing of alleged violations) because those allegations cannot support a Labor Code section

6    1102.5 cause of action.

7         **2.    Plaintiff Could Not Have Had a Reasonable Belief That He Was Disclosing a**

8              **Violation of a State or Federal Law, Rule or Regulation.**

9         Even *assuming arguendo* that the Ethics Code falls within the definition of a federal or state

10   law under Labor Code section 1102.5, Plaintiff still could not have had a reasonable belief that the

11   Authority was violating the law because the Authority's actions were permissible and known to the

12   public.

13        Plaintiff's FAC also adds references to Plaintiff's disclosures of alleged violations of the

14   ADA, Public Utilities Code, and the "California Code of Contracts" (which does not exist).  But the

15   facts, as alleged do not support Plaintiff's ultimate conclusion that he reasonably believed that the

16   Authority's actions violated any of these statues, nor can these facts reasonably be interpreted to

17   amount to any such violation.  (See *Ankeny, supra,* 88 Cal.App.3d at p. 537 [complaint must be

18   supported by more than conclusory allegations].)  Without facts supporting Plaintiff's alleged

19   reasonable belief that the Authority's actions violated a federal or state law, Plaintiff's claims must

20   fail.

21         **a.    The General Dynamics Lease.**

22        One of Plaintiff's alleged protected disclosures involved uncovering the financial problems

---

23   [6] In *Patten v. Grant Joint Union High School Dist.* (2005) 134 Cal.App.4th 1378, 1384, the court recognized that the
24   2003 Amendment to Labor Code section 1102.5, which added that the plaintiff could disclose a violation of a "rule"
     as a protected activity, made it clear that the alleged violated "rule" must be a "state or federal 'rule'". (*Ibid.*)

25   [7] The only referenced federal law in the FAC is the Americans with Disabilities Act ("ADA"). (See FAC ¶¶ 10, 11
     and 58.)  However, even those paragraphs in the FAC only allege that compliance with the ADA would be more
26   expensive as a result of the Authority's actions; not that Plaintiff complained about actual ADA violations.  (*Ibid.*)
     Plaintiff also vaguely alleges that the Authority's actions violated "state law" and that he believed LPi violated the
27   Public Contracting Law.  Such allegations are uncertain and do not meet Plaintiff's burden of pleading his causes of
     action with particularity.

28

PAUL, PLEVIN,
SULLIVAN &
CONNAUGHTON LLP

MEMO OF POINTS AND AUTHORITIES IN
SUPPORT OF DEMURRER/MOTION TO STRIKE

10

CASE NO. GIC 871979

17-255

1   with the General Dynamics Lease. (FAC ¶ 12.) However, the terms of the General Dynamics Lease

2   were mandated by Public Utilities Code section 170056(f). As a result, Enarson's and the

3   Authority's acceptance of those lease terms cannot be a violation of law. If anything, Plaintiff's

4   FAC alleges compliance with Public Utilities Code section 170056(f), not a violation of that statute.

5   (FAC ¶12.) Plaintiff therefore could not have had a reasonable belief that the Authority was

6   violating the law by accepting the General Dynamics lease terms.

7          b.     **The Teledyne Ryan Lease.**

8          Plaintiff also alleges that he disclosed findings related to the environmental contamination

9   on the Teledyne Ryan Parking Lot and disclosed the amount of money that the Authority negotiated

10  for the lease. (FAC ¶ 13.) Curiously, Plaintiff contends he reasonably believed the Authority's

11  conduct regarding the Teledyne Ryan lease violated Public Utilities Code section 170056(a)(1)(B).

12  However, this section merely states that the Teledyne sublease shall not be transferred to the

13  Authority, and shall remain the property of the San Diego Unified Port District. This section has

14  absolutely nothing to do with environmental contamination or the negotiated price for the lease.

15  Plaintiff could not have had a reasonable belief that he was reporting a statutory violation when the

16  referenced statute is in no way connected to the complained of conduct.

17         Even if the Authority's conduct is considered a violation of Public Utilities Code section

18  170056(a)(1)(B), there can be no "disclosure" under section 1102.5 when the complainant merely

19  republishes public information. A disclosure requires that the employee "expose to view" or "make

20  known" a violation of the law. (See e.g. *Holmes v. General Dynamics Corp.* (1993) 17 Cal.App.4th

21  1418, 1433 [analyzing meaning of "disclosure" under wrongful termination in violation of public

22  policy doctrine].) Here, Plaintiff's "disclosures" seem to consist of merely talking about

23  "information" that was already known to employees of the Authority. (FAC ¶ 13.) If republication

24  of publicly known information could constitute a protected activity under section 1102.5, any

25  employee of a company who has been sued for any statutory violation could send a copy of that

26  complaint to a government official and thus become a "protected" employee under section 1102.5,

27  even if that employee was not the Plaintiff. Such a result is absurd. A republication does not "make

28  known" violations of law and cannot be a disclosure under section 1102.5 as a matter of law.

PAUL, PLEVIN,
SULLIVAN &
CONNAUGHTON LLP

MEMO OF POINTS AND AUTHORITIES IN
SUPPORT OF DEMURRER/MOTION TO STRIKE

11

CASE NO. GIC 871979

17-256

1     As a result of the foregoing, neither the disclosure regarding the GD Lease, nor the

2   disclosure regarding the Teledyne Ryan Lease, can support Plaintiff's section 1102.5 causes of

3   action, and therefore any reference to those leases must be stricken from the First Amended

4   Complaint.

5          **c.     Lindbergh Parking**

6     As discussed above, the Authority's internal rules are not the equivalent of a state or federal

7   statute, rule or regulation.  Thus, whether Plaintiff had a reasonable belief that he was disclosing

8   violations of the Authority's Contract Code is immaterial and cannot support a claim under Labor

9   Code section 1102.5.  Plaintiff also looks to the non-existent "California Code of Contracts" to

10  support his claim.  Because it does not exist, Plaintiff's reliance upon the "California Code of

11  Contracts" cannot be reasonable and cannot be the basis for a Labor Code section 1102.5 claim.[8]

12         **d.     The Restroom**

13    Plaintiff also claims that there was a "side deal" between Host and Bryan Enarson that

14  increased the restroom project cost by more than $2 million.  However, Plaintiff's sparse factual

15  allegations do not support his ultimate conclusion that he reasonably believed an ADA violation had

16  occurred.  Plaintiff conveniently omits any specificity as to which ADA provision he believed was

17  violated.  Plaintiff also fails to allege how "side deal" and increased costs associated with the

18  restroom project purportedly violated the ADA.  Thus, Plaintiff could not have a reasonable belief

19  that any such violation occurred.

20    **3.     Plaintiff's Belief Could Not Have Been Reasonable as a Matter of Law Because**

21         **Defendant is Immune From Liability.**

22    In addition, Plaintiff could not have had a reasonable belief that the Authority was engaged

23  in any unlawful acts because the Authority is immune from suit for its actions.  Primarily, as

24  discussed herein, the Government Claims Act provides public entities with immunity for their

25

26  [8] If Plaintiff's reference to the "California Code of Contracts" is meant to refer to the California Public Contract
    Code, his claim still fails.  Section 100(b) of the Public Contract Code merely states the legislature's intent in enacting
    that code, to "ensure full compliance with competitive bidding statutes as a means of protecting the public from
27  misuse of public funds."  None of Plaintiff's alleged disclosures could reasonably be interpreted as a disclosure of a
    "violation" of this statement of legislative intent.

28

PAUL, PLEVIN,
SULLIVAN &
CONNAUGHTON LLP    MEMO OF POINTS AND AUTHORITIES IN         12              CASE NO. GIC 871979
                   SUPPORT OF DEMURRER/MOTION TO STRIKE

17-257

1  employees' discretionary acts. (Gov. Code §§ 820.2 and 815.2, subd.(b.).) In addition to those cases

2  already listed in Section III(A) above, this discretionary act immunity has been applied in situations

3  where a public administrator determines how assets of an estate should be handled (*Saltares v.*

4  *Kristovich* (1970) 6 Cal.App.3d 504, 515), and where city officials chose one ambulance provider

5  over another within their power under a legislative directive to develop rules for administration of

6  the hospital. (*Widdows v. Koch* (1968) 263 Cal.App.2d 228, 239-240).

7       In this case, a Vice President's determination of how to negotiate certain long-term leases

8  and other contracts undoubtedly is a discretionary decision. Additionally, "a public employee is not

9  liable for his act or omission, exercising due care, in the execution or enforcement of any law."

10 (Gov. Code § 820.4.) At best, Plaintiff seeks to assert that the execution or enforcement of the

11 leases was unlawful. Under section 820.4 and 815.2(b), a public entity enjoys immunity for such

12 execution or enforcement. Since Government Code sections 820.2 and 820.4 provide immunities

13 for the alleged activities of the Authority, Plaintiff could not have reasonably believed that the

14 Authority's actions were unlawful.

15 **B.   Plaintiff Has Not Alleged a Right to Privacy Claim as a Matter of Law.**

16      Not only does Plaintiff's "right to privacy" claim fail because it is a common law claim and

17 subject to the investigatory and discretionary act immunities, it also fails on its merits. "Common

18 law invasion of privacy actions require the Plaintiff to show: (1) [intentional] intrusion into a

19 private place, conversation or matter, (2) in a manner highly offensive to a reasonable person."

20 (*Marich, supra,* 113 Cal.App.4th at p. 421.) Further, the Court must make a preliminary

21 determination of "offensiveness" in determining whether an intrusion of privacy claim exists in the

22 first instance. (*Sanchez-Scott v. Alza Pharmaceuticals* (2001) 86 Cal.App.4th 365, 376;

23 *Wilkins v. National Broadcasting Co., Inc.* (1999) 71 Cal.App.4th 1066, 1075-1076; *Miller v.*

24 *National Broadcasting Co,* (1986) 187 Cal.App.3d 1463 at pp. 1483-1484.)

25      Here, Plaintiff has alleged two privacy violations by the investigator: (1) obtaining

26 Plaintiff's vehicle repair records; and (2) asking third parties about Plaintiff's marriage. (FAC, ¶

27 47-51.) However, Plaintiff cannot show that the Authority intruded into either of these alleged

28 personal matters in a manner highly offensive to a reasonable person.

PAUL, PLEVIN,
SULLIVAN &
CONNAUGHTON LLP

MEMO OF POINTS AND AUTHORITIES IN
SUPPORT OF DEMURRER/MOTION TO STRIKE

13

CASE NO. GIC 871979

**17-258**

1    First, Plaintiff did not have a reasonable expectation of privacy in his vehicle repair records,

2    especially when the repairs were done at an on-site vendor.  Similarly, inquiries to third parties

3    regarding the nature of Plaintiff's marital relationship did not invade Plaintiff's reasonable

4    expectation of privacy.  Any of the co-workers' observations of Plaintiff and his wife are not

5    confidential or private on their face because they are merely outsiders' opinions and observations.

6    If the co-workers shared information with the investigators beyond simple observations, then this

7    information would be based on details provided by Plaintiff to the witnesses.  Plaintiff would thus

8    have waived any right to assert a privacy objection to the extent that he shared with his co-workers

9    personal details about his relationship with his wife.

10    Without demonstrating a reasonable expectation of privacy in either the vehicle repair

11    records, or the nature of his relationship with his wife, Plaintiff's right of privacy claim fails as a

12    matter of law.

13    **C.    The Authority's Ethics Code Does Not Create a Private Right of Action.**

14    In addition to the various immunities and substantive issues described above, Plaintiff's

15    second cause of action is also barred to the extent that Plaintiff seeks to create a private right of

16    action out of the Authority's Ethics Code.  As discussed previously, the Ethics Code does not rise to

17    the level of a state law or regulation, but even if it did, Plaintiff may not seek damages unless the

18    code specifically confers a private right of action for damages.  As the Court explained in *Vikco*

19    *Insurance Services, Inc. v. Ohio Indemnity Company* (1999) 70 Cal.App.4th 55:

20    [a]doption of a regulatory statute does not automatically create a private right to
       sue for damages resulting from violations of the statute. Such a private right of
21    action exists only if the language of the statute or its legislative history clearly
       indicates the Legislature intended to create such a right to sue for damages. If the
22
       Legislature intends to create a private cause of action, we generally assume it will
23    do so directly [,] ... in clear, understandable, unmistakable terms.... [Citation.]

24
(*Id.* at 62-63, citing *Moradi-Shalal v. Fireman's Fund Ins. Companies* (1988) 46 Cal.3d 287, 294-
25
295 [internal quotes omitted]. *See also Crusader Ins. Co. v. Scottsdale Ins. Co.* (1997) 54
26
Cal.App.4th 121, 125-37 [judge may not insert what has been omitted from a statute; legislative
27
intent alone determines whether statute creates new private right to sue]; *Arriaga v. Loma Linda*
28

PAUL, PLEVIN,
SULLIVAN &
CONNAUGHTON LLP

MEMO OF POINTS AND AUTHORITIES IN
SUPPORT OF DEMURRER/MOTION TO STRIKE

14

CASE NO. GIC 871979

17-259

1   *University* (1992) 10 Cal.App.4th 1556, 1563-1564 [applying *Moradi-Shalal* and holding

2   provisions of Government Code do not create private right of action where statute showed no such

3   intent].)

4        The Authority did not provide, in "clear, understandable, unmistakable terms," a right to sue

5   for damages under the Ethics Code, nor is there such a right created by the Legislature. Accordingly,

6   Plaintiff may not maintain a private right of action for individual damages under the Authority's

7   Ethics Code.

8            **V. THE FIRST AMENDED COMPLAINT IS UNCERTAIN**

9        A demurrer should be sustained when a pleading is uncertain, ambiguous or unintelligible.

10   (Code of Civ. Proc., § 430.10(f).)  To survive a demurrer based on uncertainty, a complaint must

11   contain factual allegations sufficient to give a defendant notice as to the issues of the action. (See

12   *Williams v. Beechnut Nutrition Corp.* (1986) 185 Cal.App.3d 135, 139 fn. 2.)  Plaintiff's First

13   Amended Complaint does not meet that burden.

14        Here, Plaintiff's FAC still contains duplicative and frivolous allegations.  In addition, the

15   second cause of action combines several different legal theories in one cause of action.  The

16   Authority therefore requests a more certain statement of the allegations and legal theories in the

17   event that Plaintiff is given leave to amend his FAC.

18               **VI. CONCLUSION**

19        For the foregoing reasons, the Authority respectfully requests that this court sustain its

20   demurrer to all causes of action in the First Amended Complaint.  In the alternative, the Authority

21   requests that the court strike improper allegations from the First Amended Complaint, as further

22   detailed in the accompanying notice of motion and motion to strike.

      Dated: January 10, 2007            PAUL, PLEVIN, SULLIVAN &
23                                     CONNAUGHTON LLP

24

25                                   By:

25                                   FRED M. PLEVIN

26                                   SANDRA L. MCDONOUGH
                                  ALBERT R. LIMBERG

27                                   Attorneys for Defendant
                                  SAN DIEGO COUNTY REGIONAL

28                                   AIRPORT AUTHORITY

MEMO OF POINTS AND AUTHORITIES IN        15                            CASE NO. GIC 871979
SUPPORT OF DEMURRER/MOTION TO STRIKE

**17-260**

**PROOF OF SERVICE**

I, the undersigned, hereby declare that I am over the age of eighteen years and not a party to this action. I am employed, or am a resident of, the County of San Diego, California, and my business address is: Paul, Plevin, Sullivan & Connaughton LLP, 401 B Street, Tenth Floor, San Diego, California 92101.

On January 10, 2007, I caused to be served the following document(s):

1. **NOTICE OF MOTION AND MOTION TO STRIKE PLAINTIFF'S FIRST AMENDED COMPLAINT;**
2. **NOTICE OF HEARING ON DEMURRER AND DEMURRER TO PLAINTIFF'S FIRST AMENDED COMPLAINT;**
3. **DEFENDANT SAN DIEGO COUNTY REGIONAL AIRPORT AUTHORITY'S DEMURRER TO PLAINTIFF'S FIRST AMENDED COMPLAINT; AND**
4. **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT SAN DIEGO COUNTY REGIONAL AIRPORT AUTHORITY'S DEMURRER TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND/OR MOTION TO STRIKE.**

on the interested party (ies) in this action by placing ☑ a true copy ☐ the original thereof and addressed as follows:

Cathryn Chinn, Esq.
3990 Old Town Avenue, Suite A109
San Diego, CA 92110
Tel: 619-295-4190 / Fax: 619-295-9529
**Attorney for Plaintiff Jose Hernandez**

☑ (By **MAIL SERVICE**) I then sealed each envelope and, with postage thereon fully prepaid postage, I placed each for deposit with United States Postal Service, this same day, at my business address shown above, following ordinary business practices.

☐ (By **FACSIMILE**) I transmitted the documents by facsimile machine, pursuant to California Rules of Court, Rule 2006. The facsimile machine I used complied with Rule 2003 and no error was reported by the machine. The transmitting facsimile machine number is 619-615-0700. The fax number of the party being served is 619-295-9529. Pursuant to Rule 2006.

☐ (By **OVERNIGHT DELIVERY**) I caused to be delivered such envelope by hand to the office of the addressee. I then sealed each envelope and, with postage thereon fully prepaid, I placed each for deposit this same day, at my business address shown above, following ordinary business practices for overnight delivery.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed January 10, 2007, at San Diego, California.

_C. Brzezinski_
Christie Brzezinski

1  CATHRYN CHINN, ESQ. #93340
   3990 Old Town Avenue, Ste. A109
2  San Diego, California 92110
   Telephone: 619-295-4190
3
   Attorney for Plaintiff
4       JOSE HERNANDEZ

5

6              SUPERIOR COURT OF THE STATE OF CALIFORNIA

7                   FOR THE COUNTY OF SAN DIEGO

8

9  _____

10
   JOSE HERNANDEZ,                      ) Case No. GIC 871979
11                                       )
              Plaintiff,                 ) PLAINTIFF'S OPPOSITION TO
12                                       ) DEFENDANT SAN DIEGO COUNTY
         v.                              ) REGIONAL AIRPORT AUTHORITY'S
13                                       ) DEMURRER AND/OR MOTION TO
   SAN DIEGO COUNTY REGIONAL            ) STRIKE
14 AIRPORT AUTHORITY, a public entity;  )
   and DOES 1 through 10, inclusive,    ) _____
15                                       )
              Defendants.                ) Date:          April 6, 2007
16                                       ) Time:          9:30 p.m.
                                         ) Dept:          71
17                                       ) Judge:         Hon. Richard E. Strauss
                                         ) Complaint Filed: September 1, 2006
18                                       ) Trial Date:    None Set
                                         )
19 _____)

20

21

22

23

24

25

26

27

28

                                    -1-
   _____
   PLAINTIFF'S .OPPOSITION TO DEFENDANTS DEMURRER AND/OR MOTION TO STRIKE........

# I.

## INTRODUCTION AND SUMMARY OF FACTS

Defendant San Diego County Regional Airport Authority ("Authority") has informed the court that they have demurred on specific grounds. The grounds stated and the plaintiff's response to those grounds are:

Defendant Authority:

"1)    The second cause of action fails because there is no private right of action for violation of the Authority's Ethics Code."

Plaintiff's response:

The Second Amended Complaint contains no cause of action for violation of the Authority's Ethics Code.

Defendant Authority:

"2)    The second fourth [sic] causes of action are all common law claims and are barred by Government Code section 815(a);"

Plaintiff's response:

The Second Amended Complaint contains no second or fourth causes of action.

Defendant Authority:

"3)    Each cause of action is barred by discriminatory act immunity and investigatory immunity found in Government Code sections 820.2 [second through fourth causes of action] and 821.6 [all causes of action], which apply to the Authority through Government Code section 815.2(b);"

Plaintiff's Response:

There is no second or fourth cause of action in the Second Amended Complaint. The acts contained in the Second Amended Complaint do not fit within the type of policy decisions determined to be immune.

Defendant Authority:

"4)    The first, second and fourth causes of action, which allege retaliation and violations of Labor Code section 1105.2, fail as a matter of law because

-2-

PLAINTIFF'S OPPOSITION TO DEFENDANTS DEMURRER AND/OR MOTION TO STRIKE........

19-263

1    Plaintiff has not alleged facts supporting a prima facie case showing that he

2    reasonably believed that the Authority's actions violated a state or federal law,

3    rule or regulation;"

4    Plaintiff's Response:

5    There are no second and fourth causes of action in the Second Amended Complaint.

6    The Second Amended Complaint contain facts showing violations of the ADA

7    prohibition on denying reasonable access to disabled persons to public facilities;

8    violations of the California Public Utilities Code section 17000, et seq, and violations

9    of the California Code of Contracts section 100 et seq.

10   Defendant Authority:

11   "5)   The third cause of action for invasion of privacy fails as a matter of law because

12   Plaintiff did not have any reasonable expectation of privacy in his motor vehicle

13   repair records or in third parties' opinions regarding his marriage."

14   Plaintiff's Response:

15   The Second Amended Complaint contains no third cause of action.

16

17   To state cause of action under California Labor Code Section 1102.5 requires that (1) the

18   plaintiff establish a prima facie case of retaliation, (2) the defendant provide a legitimate,

19   nonretaliatory explanation for its acts, and (3) the plaintiff show this explanation is merely a

20   pretext for the retaliation.  The statute covers public sector employees.  The first question is

21   whether the employee disclosed activities covered under the Act.  Section 1102.5 describes the

22   covered disclosure as the reporting of "a violation of state or federal statute, or a violation or

23   noncompliance with a state or federal rule or regulation."  (California Labor Code Section 1102.5

24   (a)-©)).  This broad category of employer misconduct covers a multitude of violations and

25   noncompliance that qualify as a protected disclosures.  When making the disclosures that are the

26   subject of this Complaint, the plaintiff Jose Hernandez had specific statutes and regulations in

27   mind when he made the disclosures that he believed violated laws.

28   California Labor Code Section 1102.5 only requires that the plaintiff have reasonable

-3-

PLAINTIFF'S .OPPOSITION TO DEFENDANTS DEMURRER AND/OR MOTION TO STRIKE........

1  cause to believe there was a violation or noncompliance by the Airport Authority.  (The

2  "Authority") Specifically, Labor Code Section 1102.4(b) provides:

3      "An employer may not retaliate against an employer for disclosing information
       to a government or law enforcement agency, where the employee has ***reasonable***
4      ***cause*** to believe that the information discloses a violation of state and federal
       statute, or a violation or noncompliance with a state or federal regulation."
5      [California Labor Code Section 1102.5(b)]

6      Whether or not an employee has "reasonable cause" to believe the disclosure was a

7  protected disclosure is a question for the trier of fact.  *(Green v.  Ralee Engineering* (1998) 19

8  Cal.4th 66).  In *Green* the plaintiff was not required to prove an actual violation as long as he

9  reported his "reasonably based suspicions" of the illegal activity.  The plaintiff, Jose Hernandez,

10  was the Director of Landside Operations for the Authority.  Throughout his experience as a

11  Director Hernandez disclosed numerous activities that he believed were violations contained in

12  the Authority's governing statutes.  The Authority is a public entity created by state law,

13  California Public Utilities Code sections 170000 - 170084.  As a Director, the plaintiff was

14  intimately familiar with these statutes and their enabling legislation.  Hernandez knew the

15  content of these laws and regulations and he referenced them constantly in his work.  The

16  plaintiff reasonably believed that the Authority's activities violated the statutes and the

17  regulations. [Complaint paragraphs 11; 41]

18      While Section 1102.5 requires an employee make a disclosure to a specific entity, this

19  plaintiff works for a "government agency".  Public sector employees may satisfy this requirement

20  simply by complaining to their supervisor.  Hernandez satisfies this requirement by his

21  complaints to his supervisor, the Vice President of Operations Ted Sexton.  Hernandez also

22  voiced his complaints in numerous private meetings, including committee members and

23  management meetings. [Complaint paragraphs 11; 12; 13; 18; 28; 37 ] In this respect, Section

24  1102.5 provides:

25      "A report made by an employee of a government agency to his or her employer is a
       disclosure of information to a government or law enforcement agency pursuant to
26      subdivisions (a) and (b)." [California Labor Code Section 1102.5(e)]

27      Employees who do not report illegal activities, but refuse to participate in them are also

28  protected by Section 1102.5. (See Cal.  Labor Code Section 1102.5(e).  This section makes a

-4-

PLAINTIFF'S .OPPOSITION TO DEFENDANTS DEMURRER AND/OR MOTION TO STRIKE........

19-265

1  refusal and retaliation for that refusal actionable.  While Hernandez did not refuse to participate

2  in an unlawful act, he can show covered disclosures that protect him from suffering the adverse

3  employment action that the Authority took against him for his reports of the illegal conduct.

4      The complaint details that Hernandez suffered adverse employment action following his

5  disclosures that resulted in the Authority singling him out and "investigating" him for

6  accusations that the Authority refused to reveal to him.  The plaintiff was terminated without any

7  opportunity to refute any allegations.  He suffered employment actions that materially affected

8  his employment in retaliation for voicing his complaints and opposition under the Authority's

9  governing statutes, (*Patten v.  Grant Joint Union High School District* (2005) 134 Cal.App.4th

10  1378) The adverse employment action for Labor Code whistleblowing retaliation purposes

11  requires that, "the adverse action materially affect the terms and conditions of employment; the

12  test encompasses not only ultimate employment decisions, but also the entire spectrum of

13  employment actions that are reasonably likely to adversely and materially affect an employee's

14  job performance or opportunity for advancement in his or her career." (*Id.*  At 121)

15      Hernandez can demonstrate that the Authority knew about the disclosures and he

16  documents that knowledge in the Complaint. [Complaint paragraphs 11; 12; 13; 18; 28; 38; 39]

17  The burden will then shift to the Authority to show *by clear and convincing evidence* that the

18  Authority would have occurred for legitimate, independent reasons outside of the disclosures.

19  Hernandez will be able to prevail because he can show that the Authority investigated him for

20  allegations that pale compared to the routine violations and gross abuse of the Authority's own

21  policies and codes that the CEO Bowens, her Vice Presidents, and General Counsel all engaged

22  in and directed other employees to engage in as well.  At the very least nothing the plaintiff did

23  during his employment would call for adverse action as severe as termination if he had not been a

24  whistleblower.  Whether or not there is a causal link between the adverse action and the

25  disclosures is a fact specific inquiry that will be evidenced as this case proceeds to trial.

26      It is a separate violation of California Labor Codes section 1102.5(a) (even where an

27  employer took no adverse employment action against an employee) for an employer to "make,

28  adopt or enforce any rule, regulation, or policy preventing an employee from disclosing

-5-

PLAINTIFF'S .OPPOSITION TO DEFENDANTS DEMURRER AND/OR MOTION TO STRIKE........

1  information to a government or law enforcement agency." Hernandez made repeated attempts to

2  report unlawful acts by Bowens, her Vice Presidents and General Counsel to the Authority's

3  investigators and was prevented from doing so.  This means that an employee may file a claim

4  even where there has been no disclosure or adverse employment action.  The mere existence of

5  the rule that he cannot disclose information to the investigators about unlawful conduct violates

6  the statute.

7                                              II

8  **A. DISCRETIONARY ACTS BY THE AUTHORITY**

9        The Authority makes a blanket claim of governmental immunity as "the result of the

10  exercise of the discretion" vested in it. [Demurrer 5:15] In fact, the opposite is true.  Under

11  Government Code section 820.2 (except as otherwise provided by statute):

12       "The entity is not immune from liability when it is under a statutory obligation . . .
        or when the decision is a nondiscretionary, ministerial act."*Island Health Plan v.*
13      *Superior Court* (2003) 108 Cal.App.4th 588, 593

14  Further, under Section 820.2:

15       "[i]mmunity is reserved for those '*basic policy decisions which have been [expressly]
        committed to coordinate branches of the government, and as to which judicial*
16      *interference would be thus 'unseemly'* . . . there is no basis for immunizing lower
        level decisions that merely implement a basic policy decision already formulated."
17      *Barnes v. Leeds* (2004) 24 Cal. 676, 685

18  The scope of discretionary immunity is limited to giving government policymakers room 'in

19  which to perform their vital policymaking functions.'  When "[T]he California Legislature has not

20  clearly provided for discretionary act immunity . . . they remain subject to liability . . . until the

21  Legislature chooses to extend such immunity." *Id.* p. 682.

22       Defendant relies on an older case, *Caldwell v. Montoya* (1995) 10 Cal.4th 972, for legal

23  authority to support an argument regarding discretionary immunity. *Caldwell* involves a decision

24  by an elected school board to replace the school districts highest appointed official.  It is not

25  factually relevant to this case, but even *Caldwell*, p.96, states that under Section 820.2

26  discretionary act immunity extends to 'basic' governmental policy decisions.  It states:

27       ". . . [i]mmune discretionary acts distinguish between 'planning' and 'operational'
        functions of a government.' Thus immunity applies to "basic policy decisions" but
28      not to "ministerial" decisions that merely implement a basic policy already

                                        -6-

1   formulated." *Id.* p. 981.

2   In *Barnes,* supra, p. 685, the Supreme Court ruled that "For immunity to apply, the defendants

3   must show that the decisions in question are properly considered as "basic policy decisions"

4   made at the "planning " stage of [the entity's] operations," rather than "routine duties incident to

5   the normal operations" of the employee's office operation. The acts alleged in the Complaint do

6   not fit within the type of policy decisions that the Supreme Court determined would be immune

7   under the statute. The routine decision to investigate any report of allegations of ethics policy

8   violations may not be characterized as a "quasi-legislative policy-making [decision which] is

9   sufficiently sensitive" to call for judicial abstention from interference that "might . . . affect the

10  coordinate body's decision making process" of a coordinate branch of government. *Id.* p.685

11

12                                          **III.**

13                        **PLAINTIFF'S CLAIM FOR RETALIATION**

14  **A. PROTECTED DISCLOSURES**

15          The Plaintiff's Complaint is replete with factual allegations that show the disclosures that

16  he believed were unlawful violations of numerous activities by the Authority. [Complaint

17  paragraphs 11; 12; 13; 18; 28; 38; 39 ] Hernandez complained to his supervisor on a daily basis

18  about the unlawful activity the Authority was engaged in, and he complained in private meetings

19  both in committee meetings he was required to attend, and in management meetings and staff

20  meetings.

21          Time after time the plaintiff voiced his opposition to the unlawful acts that he believed

22  were violations of the governing statutes of the Authority, and finally with the last project he

23  oversaw, he complained about the violations of the San Diego County Regional Airport

24  Authority's Code of Contracting that is codified in the state's Code of Contracts. [Complaint

25  paragraph 40]

26          The plaintiff disclosed each and every one of his complaints about the Authority's acts that

27  gave him reasonable cause to believe that the Authority violated statutes and failed to comply with

28  statutes of the California Public Utilities Code and the California Contracts Code. These

                                          -7-

**19-268**

1   disclosures were made exclusively to members of the Authority as he learned of them while

2   performing his job as a Director.  None of the information of which he complained was made

3   public information by the Authority prior to the plaintiff's disclosure of it to the Authority.

4   [Complaint paragraphs 3; 10; 11; 12; 13; 14] The information learned and disclosed by the

5   Plaintiff was accumulated through his direct involvement in the production of the development

6   plans for each of the four projects to which he voiced his serious opposition because he believed

7   the Authority was engaging in unlawful acts.  As a Director for the Authority and having direct

8   oversight for each of the four properties that are the subject of his disclosures, nothing happened

9   on any of those properties without his knowledge of it.  From project development to

10  environmental assessment, to cash flow analysis, the Plaintiff was involved in every step of the

11  operations, and all findings he disclosed were made prior to any public dissemination of the

12  information.

13          During the negotiations of the General Dynamics site the Plaintiff produced the revenue

14  and expense analysis for the property with historical, actual, and projected revenue streams: along

15  with possible short-term development options.  The same was done by him with the acquisition of

16  the Teledyne Ryan property.  With regard to the Lpi contract, the Plaintiff had direct oversight and

17  approval of the monthly profit and loss statements for the parking operations.  And finally, with

18  regard to the improvements to the Southwest Airlines restroom facilities, the Plaintiff had an

19  overarching responsibility to the traveling passengers to ensure public safety and health standards

20  were met.

21          The Plaintiff disclosed to members of the Authority that the refusal to annex space needed

22  to enlarge the women's restroom was in violation of the ADA. [Complaint 4:22-27-5:1-13] The

23  Authority's failure to follow an ADA regulation qualifies as a protected disclosure.  The Plaintiff

24  had a sound reasonable cause to believe he was reporting an unlawful.

25          The Plaintiff disclosed to members of the Authority that the terms of the General

26  Dynamics lease were improperly negotiated by the Authority and that the lease payments were too

27  expensive and out of line. [Complaint 5:14-27] The governing statutes of the California Public

28  Utilities Code section 170056(f) requires that:

-8-

PLAINTIFF'S .OPPOSITION TO DEFENDANTS DEMURRER AND/OR MOTION TO STRIKE........

"...[t]he port shall agree to lease for a period of 66 years, commencing on January 1, 2003, to the authority parcels 1, 2, and 3 of the property originally leased to General Dynamics ... consisting of approximately 89.75 acres west of the Pacific Highway ... subject to the following terms:

(1) The rent shall be paid monthly in arrears at the rate of four million seven hundred thousand dollars ($4,700,000) for calendar year 2003, six million seven hundred thousand dollars ($6,700,000) for calendar year 2004, and eight million seven hundred thousand dollars ($8,700.000) for calendar year 2005. Thereafter the annual rent shall be level, for the balance of the term, *based on the fair market value of the property as of January 1, 2006, and a market rate of return on that date.*

(2) The authority shall lease to the port the *same fair market value per square foot* a total of not to exceed 250 parking spaces ...The parties shall first meet and confer to determine by appraisal and negotiation, *the fair market value rent.* If the authority and port do not reach agreement within 60 days after commencement of meetings for that purpose, either party may submit the matter to binding arbitration in San Diego in accordance with the Commercial Arbitration Rules of the American Arbitration Association.

(3) All other terms of the ground lease **shall be in accordance with reasonable commercial practice in the San Diego area for long-term real property ground leases.**"

The Plaintiff's disclosure that the Authority was failing to follow the requirements of the California Public Utilities Code sections, of which all managing members of the Authority were presumed to be familiar with as the statutory scheme for its very existence, qualifies as protected disclosures. The Plaintiff had more than a reasonable belief that he was reporting unlawful acts: he was certain of it.

The Plaintiff also disclosed to members of the Authority that the terms of the Teledyne Ryan lease were improperly negotiated by the Authority and the failure of the Authority to properly inspect and analyze the contamination of the property resulted in an increase of monetary expenses by the Authority from $10 to $30 million dollars *after the lease was signed* to remediate the environmental contaminated and the unexpected severe limitation of the use of the property. California Public Utilities Code section 170056(a)(1)(B) specifies that the property subleased by the port from Teledyne Ryan Aeronautical shall not be transferred and shall remain under the ownership and control of the port. The Authority then leased 46.77 acres of that property to develop parking spaces to contribute revenue to the Authority. Because of the contamination the restricted development would net the Authority only $500,000.00. The Plaintiff adamantly

-9-

19-270

1  opposed paying the grossly overcharged rent for the land the Authority could not use, and

2  suggested pro-rating the rent for the useable land.  Once again, the terms of the ground lease was

3  not in accordance with reasonable commercial practice in the San Diego area for long-term real

4  property ground leases, as required by statute.  Once again, the Authority did not meet and confer

5  on the fair market value rent by submitting the matter to arbitration.  The Authority did no

6  environmental appraisal before signing the lease and should have sought to arbitrate the fair

7  market value rent after discovering the true cost of the remediation of the contamination.  The

8  Plaintiff's disclosures of the unlawful acts qualify as protected disclosures.

9       The Plaintiff then disclosed to members of the Authority that a contractor, Lindbergh

10  Parking, Inc. [Lpi] had submitted unattainable expense numbers in their contract bid to falsely

11  bolster their bid proposal.  The Plaintiff also disclosed that Lpi was double billing the Authority

12  for Workers Compensation insurance and had failed to competitively bid for renewal of the

13  insurance. [Complaint 7:18-27-8:1-2, 15-27-9:1-2, 25-27-10:1-5] The Plaintiff believed these acts

14  violated provisions of both the Authority's Contracting and Debarment Code, Article 5, Part 5.1,

15  section 5.11 (a)(3)(4)(5)(6)(8) and section 5.18(a); and the California Public Contract Code as

16  defined in section 1100 and in violation of California Public Contract Code section 100(b).  The

17  Plaintiff's disclosure that the Authority was failing to follow the provisions of these laws and

18  regulations qualify as protected disclosures.  The Plaintiff had reasonable cause to believe he was

19  reporting unlawful acts.

20  **B. THERE WAS NO 'REPUBLICATION' OF THE DISCLOSURES**

21       None of the information which Plaintiff learned during the course of his employment as a

22  Director of the Authority was public information .The Plaintiff disclosed each and every one of

23  his complaints about the Authority's acts that gave him reasonable cause to believe that the

24  Authority violated statutes and regulations and failed to comply with statutes and regulations only

25  to members of the Authority as he learned of them.  None of the acts of which the Plaintiff

26  complained was made public information by the Authority prior to the Plaintiff's disclosures to

27  the Authority.  The information learned and disclosed by the Plaintiff was accumulated by the

28  Plaintiff through his direct involvement in the production of plans for each of the four projects

-10-

1 about which he complained. The Defendant cites no factual or legal authority for its unfounded
2 claim that any of the information disclosed by the Plaintiff was in the public arena prior to the
3 disclosures made by him.

4 **C.    THE ETHICS INVESTIGATION IS RETALIATION**

5     Throughout the Plaintiff's experience as a Director for the Authority it had always been
6 common practice to provide an employee full disclosure of any and all allegations to be
7 investigated. After disclosure of the allegations, the employee was then walked through the steps
8 that would be taken in the investigation and given an option as to possible outcomes. The
9 Plaintiff was never told what he was being "accused" of doing; he was never afforded an
10 opportunity to refute any allegations; the parties charged with the initial investigation cannot be
11 charged as being fair and impartial (among other reasons they their fees were paid by the
12 Authority); the Authority did not follow its own investigatory policy; did not provide for a final
13 evidentiary disclosure or determination hearing by an impartial investigatory party, but by a Vice
14 President of Operations who had consistently violated the Ethics Code and policy himself; and
15 finally, the investigation concluded that any allegations of quid pro quo were unsubstantiated and
16 could never be substantiated because nothing of that nature ever occurred. It cannot be construed
17 that the Plaintiff had ever accepted any gifts or goods as additional compensation received in
18 addition to his salary and benefits. Plaintiff never, at any time, did anything in return for
19 something else throughout his entire employment with the Authority.

20     It has always been the practice of the Authority to follow its own progressive discipline
21 policy, including the following steps: (step 1) verbal warning; (step 2) written warning; (step 3)
22 final written warning; (step 4) notice of suspension; and (step 5) notice of intention to terminate.
23 At no point did any of the Plaintiff's actions warrant the failure to follow any of these steps. Prior
24 to this action, he had always received exemplary performance evaluations, numerous letters of
25 commendation and had never been the subject of disciplinary action. [Complaint paragraph 7 ]
26 On the day the Plaintiff was removed from his office he was at no time asked if the allegations
27 (whatever they were) were true, or if he even knew anything about them. The decision to
28 "investigate" had already been made by Bowens, the CEO and a major violator of the Ethics Code

PLAINTIFF'S .OPPOSITION TO DEFENDANTS DEMURRER AND/OR MOTION TO STRIKE........

1   and policy herself, even though there were no specific allegations to investigate. [Complaint

2   paragraphs 23; 27; 40] If there had been specific allegations to investigate the investigators would

3   have presented them to the Plaintiff to get his response. They did not present them because they

4   did not need his response. Bowens' intent was to get rid of the Plaintiff.

5   When the protected disclosures began to be made about LPI, it hit too close to home for Bowens:

6   her best friend is the lobbyist for LPI and they are constantly seen together, lunching and

7   conversing.

8          The decision to investigate the Plaintiff was made by Bowens and it was an arbitrary and

9   capricious decision that was an ultra vires act that took her decision to investigate outside the

10  scope of the Authority's enabling jurisdictional statute. Her behavior is not discretionary, whether

11  abusive or not. Defendant's demurrer correctly asserts that "Plaintiff's complaint focuses entirely

12  on the motives of the Authority in initiating an investigation against him." [Demurrer 6:16-17]

13  The Complaint shows that the Plaintiff did not "accept free goods and services from Authority

14  vendors", did not accept "free roundtrip tickets to Hawaii," did not accept "tickets to football and

15  baseball games" and did not accept "free parking passes." Each of those contentions is untrue.

16         Further, the Plaintiff did not "resign" "after the Authority informed him of its

17  conclusions." Ted Sexton, the Authority's Vice President and a continuous violator of the

18  Authority's Ethics Code (who was also the Plaintiff's supervisor) fired the Plaintiff and instructed

19  him he could not leave the room until he signed the resignation papers.

20

21  **D. LEAVE TO AMEND**

22         This Complaint contains factual allegations sufficient to give this Defendant notice as to

23  the issues of the action. It does not contain every single fact known to the Plaintiff, but enough

24  facts so that the Defendant is fully aware that the issues are the disclosures the Plaintiff made that

25  are protected under Labor Code section 1102, and that he suffered retaliation for reporting them.

26  Additionally, the Complaint contains facts that support the investigation conducted by the

27  Authority were capricious and arbitrary, and retaliatory and that none of the acts are subject to

28  immunity. None of the allegations in the Complaint are frivolous, they are factual. Additionally,

-12-

PLAINTIFF'S .OPPOSITION TO DEFENDANTS DEMURRER AND/OR MOTION TO STRIKE........

1  "Ordinarily, it is an abuse of discretion to sustain a general demurrer to a complaint without leave

2  to amend if there is a reasonable possibility the defect in the complaint can be cured by

3  amendment .*Smith v. County of Kern* (1993) 20 Cal.App.4th 1826, 1830  In the interest of

4  seeking to clarify the Defendant's concerns that it requires a more certain statement of the

5  allegations and legal theories the Plaintiff has attached a Second Amended Complaint.

6                                             **IV.**

7                                      **CONCLUSION**

8        For the foregoing reasons, the Plaintiff respectfully requests that this court deny the

9  Authority's demurrer to all causes of action in the complaint.  In the alternative, the Plaintiff

10 respectfully requests that the court deny the Authority's motion to strike allegations from the

11 complaint for the reasons stated in the accompanying response and opposition to that motion.

12

13 Dated:March 26, 2007

           CATHRYN CHINN, Attorney for
14          Plaintiff Jose Hernandez

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                          -13-

PLAINTIFF'S .OPPOSITION TO DEFENDANTS DEMURRER AND/OR MOTION TO STRIKE.......

19-274

**EXHIBIT 20**

1   CATHRYN CHINN, ESQ.  #93340
    3990 Old Town Avenue, Ste.  A109
2   San Diego, California 92110
    Telephone: 619-295-4190
3
    Attorney for Plaintiff
4       JOSE HERNANDEZ

5

6
                SUPERIOR COURT OF THE STATE OF CALIFORNIA
7
                      FOR THE COUNTY OF SAN DIEGO
8

9   _____

10
    JOSE HERNANDEZ,                    ) Case No.  GIC 871979
11                                     )
              Plaintiff,               ) **PLAINTIFF'S OPPOSITION TO**
12                                     ) **DEFENDANT SAN DIEGO COUNTY**
          v.                           ) **REGIONAL AIRPORT AUTHORITY'S**
13                                     ) **MOTION TO STRIKE**
    SAN DIEGO COUNTY REGIONAL          )
14  AIRPORT AUTHORITY, a public entity; )_____
    and DOES 1 through 10, inclusive,  )
15                                     ) Date:          April 6, 2007
              Defendants.              ) Time:          9:30 p.m.
16                                     ) Dept:          71
                                       ) Judge:         Hon.  Richard E.  Strauss
17                                     ) Complaint Filed: September 1, 2006
                                       ) Trial Date:    None Set
18                                     )
                                       )
19  _____

20

21

22

23

24

25

26

27

28
                                    -1-
    _____
          PLAINTIFF'S .OPPOSITION TO DEFENDANTS  MOTION TO STRIKE........

1    Defendant San Diego County Regional Airport Authority has submitted a "Table of Allegations

2    to Be Stricken from the Complaint." The Table contains repetitive, duplicative legal grounds for

3    their basis for asking the court to strike certain allegations made in the complaint.  These grounds

4    are as follows:

5    1.    "Improper and irrelevant allegations" that state that "The Authority's Ethics Code is not a

6         state or federal law, rule or regulation" should be denied.

7    The Authority's implementation of the Ethics Code is permitted as an enabling regulation under

8    the state statute found in the California Public Utilities Code, section 170000 et seq.  There is no

9    other jurisdiction for the Ethics Code.  All demands requested to be stricken on this basis should

10   be denied.

11   2.    "Local rules and internal regulations do not support a cause of action under Labor Code

12        section 1102.5, because they are not *state or federal laws*, rules or regulations":

13   The Authority's implementation of the Ethics Code is permitted as an enabling regulation under

14   the state statute found in the California Public Utilities Code, section 170000 et seq.  There is no

15   other jurisdiction for the Ethics Code.  All demands requested to be stricken on this basis should

16   be denied.

17   3.    "Plaintiff could not have had a reasonable belief that . . . violated a federal or state law

18        because":

19   The Plaintiff formed reasonable cause to believe that the governing statute of the Authority found

20   in California Public Utilities Code section 170000 et seq.  was being repeatedly violated by the

21   actions of the Authority.  The Plaintiff was very familiar with the content and requirements of the

22   Statute because he referred to its constantly in his work as a Director of the Authority.

23   4.    "A republication of publicly known information or findings does not support a Labor

24        Code section 1102.5 claim":

25   At the time the Plaintiff made his disclosures that he believed the Authority's activities were

26.  violative of the governing statute of the Authority none of the information contained in the

27   disclosures were available to the public.

28   5.    "The Authority is immune from its actions . . .":

PLAINTIFF'S .OPPOSITION TO DEFENDANTS MOTION TO STRIKE........

20-276

1  There is no immunity for the Authority's actions under California Government Code sections

2  820.2

3  6.    "Questioning third party witnesses regarding their observations of plaintiff and his wife is

4        not an unreasonable invasion into plaintiff's privacy":

5  Under California Government Code section 815.2(a) and the California constitution, Article I,

6  section 1, the Plaintiff, as a government employee, is protected from the Authority subjecting

7  him to having his marriage investigated by a paid investigator from the government.

8  7.    "Plaintiff has not set forth any violation of the Ethics Code":

9  The complaint is replete with references to the numerous violations of the Ethics Code by the

10 CEO of the Authority, the Vice Presidents of the Authority and the General Counsel of the

11 Authority.  The existence of the Ethics Code was a sham.  It was not followed, it was not applied

12 and it was not enforced by the Authority until the Authority decided to use it for the purpose of

13 finding a reason to terminate the Plaintiff.

14 8.    "Plaintiff has not sufficiently alleged that he refused to perform an activity that would

15       result in a violation of state or federal law";

16 There is no allegation because that is not one of the allegations that the plaintiff makes in the

17 complaint.

18 9.    "Plaintiff may not maintain a private right of action under the Ethics Code":

19 Plaintiff has not alleged a private right of action under the Ethics Code.  Plaintiff has alleged that

20 the "investigation" by Thella Bowens and the two "investigators" she hired was an arbitrary and

21 capricious decision that renders it an ultra vires act outside the scope of the Authority's enabling

22 statute, and is an operative and routine act that takes it outside of the immunity statutes.  The

23 decision to investigate was a retaliatory act directed at the plaintiff for his protected disclosures.

24       This opposition to the Motion to Strike is based on this response, the opposition to the

25 Plaintiff's demurrer, the entire file in this case, and any other evidence or argument properly

26 considered by the court in connection with this motion.

27 Dated:March 26, 2007

28                                CATHRYN CHINN,
                                 Attorney for plaintiff Jose Hernandez

-3-

PLAINTIFF'S .OPPOSITION TO DEFENDANTS MOTION TO STRIKE........

**EXHIBIT 21**