

1  FRED M. PLEVIN (SBN 126185)
   SANDRA L. MCDONOUGH (SBN 193308)
2  ALBERT R. LIMBERG (SBN 211110)
   **PAUL, PLEVIN, SULLIVAN &**
3  **CONNAUGHTON LLP**
   401 B Street, Tenth Floor
4  San Diego, California 92101-4232
   Telephone: 619-237-5200
5  Facsimile: 619-615-0700

6  AMY S. GONZALEZ (SBN 181745)
   **SAN DIEGO COUNTY REGIONAL AIRPORT**
7  **AUTHORITY**
   3225 N. Harbor Drive
8  San Diego, CA 92138
   Telephone: (619) 400-2425
9  Facsimile: (619) 400-2428

10
   Attorneys for Defendant
11 SAN DIEGO COUNTY REGIONAL AIRPORT
   AUTHORITY

12

13              UNITED STATES DISTRICT COURT

14            SOUTHERN DISTRICT OF CALIFORNIA

15 JOSE HERNANDEZ,                    | CASE NO.

16          Plaintiff,                | **NOTICE OF REMOVAL OF ACTION:**
                                       | **UNDER 28 U.S.C. § 1442(B)**
17      v.                            | **(FEDERAL QUESTION)**

18 SAN DIEGO COUNTY
   REGIONAL AIRPORT
19 AUTHORITY, a public entity; and    | **EXHIBITS 76-96**
   DOES 1 through 12, inclusive,
20
            Defendants.
21

22 ///

23 ///

24 ///

25

26

27

28

'08 CV 0184 L CAB

FILED
JAN 3 0 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                    DEPUTY

PAUL, PLEVIN,
SULLIVAN &
CONNAUGHTON LLP

NOTICE OF REMOVAL                    1

Recycled Paper

BLUEBIRD
(310) 477-0700

EXHIBIT 76

1  Lawrence J. Kouns, State Bar No. 095417
   LUCE, FORWARD, HAMILTON & SCRIPPS LLP
2  600 West Broadway, Suite 2600
   San Diego, California 92101-3372
3  Telephone No.: 619.236.1414
   Fax No.: 619.232.8311
4  E-Mail:   lkouns@luce.com

5  Attorneys for Edward P. Swan, Jr.

6

7

8                  SUPERIOR COURT OF THE STATE OF CALIFORNIA

9         FOR THE COUNTY OF SAN DIEGO, SAN DIEGO JUDICIAL DISTRICT

10

11 JOSE HERNANDEZ,                          Case No. GIC 871979

12         Plaintiff,                       **NOTICE OF MOTION AND MOTION
                                            FOR PROTECTIVE ORDER [CCP**
13 v.                                       **§ 2025.420]**

14 SAN DIEGO COUNTY REGIONAL               Date:    December 19, 2007
   AIRPORT AUTHORITY, a public entity and  Time:    9:00 a.m.
15 DOES 1 through 12, inclusive,           Dept:    75
                                            Judge:   Hon. Richard E. L. Strauss
16         Defendants.
                                            Trial Date: January 4, 2008
17

18         TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

19         PLEASE TAKE NOTICE that on December 19, 2007 at 9:00 a.m. in Department 75 of the

20 above-entitled Court, located at 303 West Broadway, San Diego, California  92101, third party

21 Edward P. Swan, Jr. will and hereby does move for a protective order with regard to the Deposition

22 Subpoena For Personal Appearance and Production of Documents And Things.

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

---

                                        1
        NOTICE OF MOTION AND MOTION FOR PROTECTIVE ORDER [CCP § 2025.420]

1       This motion is made pursuant to California Code of Civil Procedure Section 2025.420 on the

2 grounds set forth in the accompanying memorandum of points and authorities in support of this

3 motion, the declarations of Lawrence J. Kouns and Edward P. Swan, Jr., the Notice of Lodgment of

4 Exhibits, and whatever additional evidence and argument may be submitted before or during the

5 hearing.

6

7 DATED: November 26, 2007       LUCE, FORWARD, HAMILTON & SCRIPPS LLP

8

9       By:

10              Lawrence J. Kouns
             Attorneys for Edward P. Swan, Jr.

11

12

101054156.1

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

NOTICE OF MOTION AND MOTION FOR PROTECTIVE ORDER [CCP § 2025.420]

1   Lawrence J. Kouns, State Bar No. 095417
    LUCE, FORWARD, HAMILTON & SCRIPPS LLP
2   600 West Broadway, Suite 2600
    San Diego, California 92101-3372
3   Telephone No.: 619.236.1414
    Fax No.: 619.232.8311
4   E-Mail:    lkouns@luce.com

5   Attorneys for Edward P. Swan, Jr.

6

7

8                   SUPERIOR COURT OF THE STATE OF CALIFORNIA

9          FOR THE COUNTY OF SAN DIEGO, SAN DIEGO JUDICIAL DISTRICT

10

11  JOSE HERNANDEZ,,                          Case No. GIC 871979

12          Plaintiff,
                                              **PROOF OF SERVICE**
13  v.

14  SAN DIEGO COUNTY REGIONAL
    AIRPORT AUTHORITY, a public entity and
15  DOES 1 through 12, inclusive,,

16          Defendants.

17

18          I, Renee' M. Evans, declare as follows:

19          I am employed with the law firm of Luce, Forward, Hamilton & Scripps LLP, whose address is

20  600 West Broadway, Suite 2600, San Diego, California 92101-3372.  I am over the age of eighteen

21  years, and am not a party to this action.

22          On November 26, 2007, I served the following:

23          **(1) NOTICE OF MOTION AND MOTION FOR PROTECTIVE ORDER [CCP
    § 2025.420]; (2) MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
24  MOTION FOR PROTECTIVE ORDER [CCP § 2025.420]; (3) DECLARATION OF
    LAWRENCE J. KOUNS IN SUPPORT OF MOTION FOR PROTECTIVE ORDER [CCP
25  § 2025.420]; (4) DECLARATION OF EDWARD PATRICK SWAN, JR. IN SUPPORT OF
    MOTION FOR PROTECTIVE ORDER [CCP § 2025.420]; (5) [PROPOSED] ORDER
26  GRANTING MOTION FOR PROTECTIVE ORDER [CCP § 2025.420];**

27  on the interested parties in this action by:

28  _____   **U. S. MAIL:** I placed a copy in a separate envelope, with postage fully prepaid, for
              each address named on the attached service list for collection and mailing on the below

                                              1
                                       PROOF OF SERVICE

indicated day following the ordinary business practices at Luce, Forward, Hamilton & Scripps LLP. I certify I am familiar with the ordinary business practices of my place of employment with regard to collection for mailing with the United States Postal Service. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit or mailing affidavit.

_____    **OVERNIGHT MAIL:** I sent a copy via overnight mail, Airbill No. _____.

_____    **OVERNIGHT COURIER SERVICE:** I placed a copy in a separate envelope addressed to each addressee as indicated below, and caused such envelope(s) to be delivered via _____.

__XX__    **HAND DELIVERY:** I placed a copy in a separate envelope addressed to each addressee as indicated below, and delivered it to Cal Express for personal service.

_____    **FACSIMILE:** I sent a copy via facsimile transmission to the telefax number(s) indicated below. The facsimile machine I used complied with California Rules of Court, Rule 2003 and no error was reported by machine. Pursuant to California Rules of Court, Rule 2006(d), I caused the machine to print a transmission record of the transmission, a copy of which is attached to this declaration.

Cathryn Chinn
1901 First Avenue, Suite 400
San Diego, CA 92101
Tel: (619) 234-9000
Fax: (619) 699-1159

Peter Friesen
1901 First Avenue, Suite 400
San Diego, CA 92101
Tel: (619) 234-9000

Sandra McDonough
Paul, Plevin, Sullivan & Connaughton
401 B Street, Tenth Floor
San Diego, California 92101
Tel: 619.744.3641

__XX__    **(STATE):** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

_____    **(FEDERAL):** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed at San Diego, California on November 26, 2007.

_____
Renee' M. Evans

101054213.1

2
PROOF OF SERVICE

76-1071

1   Lawrence J. Kouns, State Bar No. 095417
    LUCE, FORWARD, HAMILTON & SCRIPPS LLP
2   600 West Broadway, Suite 2600
    San Diego, California 92101-3372
3   Telephone No.: 619.236.1414
    Fax No.: 619.232.8311
4   E-Mail:    lkouns@luce.com

5   Attorneys for Edward Patrick Swan, Jr.

6

7

8                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

9              FOR THE COUNTY OF SAN DIEGO, SAN DIEGO JUDICIAL DISTRICT

10

11  JOSE HERNANDEZ,                          Case No. GIC 871979

12          Plaintiff,                       **MEMORANDUM OF POINTS AND**
                                             **AUTHORITIES IN SUPPORT OF**
13  v.                                       **MOTION FOR PROTECTIVE ORDER**
                                             **[CCP § 2025.420]**
14  SAN DIEGO COUNTY REGIONAL
    AIRPORT AUTHORITY, a public entity and   Date:    December 19, 2007
15  DOES 1 through 12, inclusive,            Time:    9:00 a.m.
                                             Dept:    75
16          Defendants.                      Judge:   Hon. Richard E. L. Strauss

17  _____         Trial Date: January 4, 2008

18          **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

19                                     **I.**

20                               **INTRODUCTION**

21          By this motion, Defendant's former attorney and third party witness, Pat Swan, seeks to avoid

22  being deposed by Plaintiff (1) on a date when he has other pre-commitments and (2) unnecessarily as

23  the deposition may be rendered moot by a pending summary judgment ruling.  If the deposition

24  subpoena is quashed or mooted by summary judgment, the parties will not be required to debate, nor

25  the Court to adjudicate complex issues regarding the scope of permissible deposition questions to the

26  adverse party's former attorney and which documents in Mr. Swan's files are protected by the

27  attorney-client privilege and work product doctrine.

28  ///

                                            1
    _____
    MEMORANDUM OF P&As IN SUPPORT OF MOTION FOR PROTECTIVE ORDER [CCP § 2025.420]

1    The summary judgment hearing has been continued to December 14.  Mr. Swan files this

2    motion to request that his deposition be postponed until after the Court rules on that potentially

3    dispositive motion, and that the scope of the documents required and questions asked be limited.

4    ## II.

5    ### FACTUAL BACKGROUND

6    This is a wrongful termination case filed by a former employee of Defendant San Diego

7    County Regional Airport Authority ("Defendant").  Movant Edward Patrick Swan, Jr. ("Swan") is a

8    Luce Forward attorney previously hired by Defendant to conduct a confidential internal investigation

9    into allegations that Plaintiff was accepting benefits from vendors, contractors and airlines doing

10   business with Defendant.   Mr. Swan and a private investigator conducted several interviews and

11   submitted a written report to Defendant in January of 2006.  Plaintiff was later terminated by

12   Defendant and filed this lawsuit.

13   As early as its demurrer to the complaint, Defendant raised Government Code section 821.6 as

14   a defense to this lawsuit.   In essence, this defense claims that Defendant is immune from Plaintiff's

15   claim because its decision to terminate him was an administrative proceeding.  Defendant filed a

16   motion for summary judgment on August 31, 2007.  It attached Mr. Swan's report to its motion.  The

17   motion was scheduled for hearing on November 16, 2007.  Plaintiff sought no additional discovery

18   before filing his opposition brief on November 2, 2007.  He did not attempt to subpoena Mr. Swan's

19   files regarding his investigation, nor try to depose him.  Then, seven days _after_ filing his opposition,

20   Plaintiff served Mr. Swan with a deposition subpoena scheduling the deposition for November 27 and

21   requesting numerous categories of documents.  Before serving the subpoena, Plaintiff did not bother

22   asking Mr. Swan if he was available on that date.  As it turns out, he is not.

23   At the summary judgment hearing on November 16, the Court requested further briefing on the

24   applicability of Government Code section 821.6 and continued the hearing  to December 14.  If the

25   motion is granted, Mr. Swan's deposition and document production will be moot.  On November 20,

26   his counsel attempted to meet and confer with Plaintiff's counsel to continue the deposition and

27   document production until after the motion is decided.  On the eve of the Thanksgiving holiday, the

28   voicemail response from Plaintiff's counsel was essentially "produce the documents requested in the

2

MEMORANDUM OF P&As IN SUPPORT OF MOTION FOR PROTECTIVE ORDER [CCP § 2025.420]

77-1073

1     subpoena on November 26 (one day early) and then we'll discuss whether the deposition will be

2     continued beyond November 27." The fact that Mr. Swan had pre-commitments on November 27

3     was ignored. Due to his other commitments and the fact that the documents requested are subject to

4     the attorney-client privilege and attorney work product protection, this motion became necessary.

5          Accordingly, Mr. Swan asks that his deposition be postponed until after the hearing on the

6     motion for summary judgment.

7          The Court should grant this motion because: (1) Plaintiff and his counsel have known since

8     December 2005 that Mr. Swan conducted the investigation that preceded Plaintiff's termination

9     (2) Plaintiff has had Mr. Swan's written investigative report and his declaration since August 31,

10    2007, (3) Plaintiff did not seek Mr. Swan's deposition or documents until <u>after</u> filing his opposition to

11    the motion for summary judgment, (4) Mr. Swan's report does not make any recommendations

12    regarding whether to terminate Plaintiff and (5) the document request accompanying the deposition

13    notice seeks documents clearly protected by the work product protection and attorney-client privilege.

14                                   **III.**

15                          **LEGAL STANDARD**

16          This Court may issue a protective order to prevent the deposition as scheduled or at all. "The

17    court, for good cause shown, may make any order concerning a deposition that justice requires to

18    protect any . . . deponent . . . from unwarranted annoyance, embarrassment, or oppression, <u>or undue</u>

19    <u>burden and expense.</u>" (Code Civ. Proc. § 2025.420(b)(emphasis added.) The protective order may

20    provide that the deposition not be taken at all, be taken at a different time, or be taken subject to

21    certain specified terms and conditions or that certain of the writings or tangible things designated in

22    the deposition notice not be produced, inspected or copied. (Code Civ. Proc. §§ 2025.420(b)(1),

23    2025.420(b)(2), 2025.420(b)(11).)

24          Plaintiff was unreasonable for not clearing the deposition date with Mr. Swan's schedule. He

25    was also unreasonable for not postponing the document production.[1] He was further unreasonable for

26

27    _____

      [1] The privileges that cover the subject documents may be further discussed either at the hearing or in

28    a supplemental brief(s) to be filed by Mr. Swan and/or Defendant before the *ex parte* hearing on this
      motion scheduled for December 19, 2007.

MEMORANDUM OF P&As IN SUPPORT OF MOTION FOR PROTECTIVE ORDER [CCP § 2025.420]

77-1074

1 | not communicating whether he would continue the deposition until _after_ the documents were

2 | produced.

3 |      A court must impose a monetary sanction against any party, person, or attorney who

4 | unsuccessfully opposes a motion for protective order under Code of Civil Procedure section 2025.420,

5 | absent a finding that the party subject to the sanction acted with substantial justification or that other

6 | circumstances render the imposition of sanctions unjust. (Code Civ. Proc. §§ 2023.030(a), 2025.420,

7 | 2025.470.)

8 |                                    **IV.**

9 |           **THE COURT SHOULD QUASH THE DEPOSITION NOTICE**

10 |      If the motion for summary judgment is granted on December 14, this case is over and the

11 | subject deposition moot.  If the motion is denied, the protective order should issue nevertheless.

12 | Plaintiff has the written report that Mr. Swan authored and delivered to Defendant.  It says what it

13 | says.  Thereafter, Defendant terminated Plaintiff.  If Plaintiff wants to know why, he could have

14 | previously propounded interrogatories or deposed representatives of Defendant.  If he doubted that

15 | Mr. Swan's sources said what the report attributes to them, he could have asked them.  He did none of

16 | this.  The requested deposition of Mr. Swan is nothing more than a red herring designed to create an

17 | 11th hour response to Defendant's defenses.

18 |      Similarly, the documents that Plaintiff requests from Mr. Swan are either subsumed in the

19 | report or are privileged.  Yet another red herring.

20 |      The fact that Plaintiff did not notice Mr. Swan's deposition or request his documents until after

21 | filing his opposition to the motion for summary judgment speaks volumes.

22 | ///

23 | ///

24 | ///

25 | ///

26 | ///

27 | ///

28 | ///

MEMORANDUM OF P&As IN SUPPORT OF MOTION FOR PROTECTIVE ORDER [CCP § 2025.420]

77-1075

1

## V.

2

## CONCLUSION

3        For all of the foregoing reasons, Mr. Swan requests that a protective order issue and that the

4    subpoena for and notice of his deposition be quashed.  If the deposition is permitted to go forward,

5    Mr. Swan requests that it be severely limited as to both scope and duration.

6

7    DATED:  November 26, 2007        LUCE, FORWARD, HAMILTON & SCRIPPS LLP

8

9                            By: _____
                                 Lawrence J. Kouns
10                               Attorneys for Edward Patrick Swan, Jr.

11    101054187.2

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5

MEMORANDUM OF P&As IN SUPPORT OF MOTION FOR PROTECTIVE ORDER [CCP § 2025.420]

**EXHIBIT 78**

1  Lawrence J. Kouns, State Bar No. 095417
   LUCE, FORWARD, HAMILTON & SCRIPPS LLP
2  600 West Broadway, Suite 2600
   San Diego, California 92101-3372
3  Telephone No.: 619.236.1414
   Fax No.: 619.232.8311
4  E-Mail:   lkouns@luce.com

5  Attorneys for Edward P. Swan, Jr.

6

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9         FOR THE COUNTY OF SAN DIEGO, SAN DIEGO JUDICIAL DISTRICT

10

| 11 | JOSE HERNANDEZ, | Case No. GIC 871979 |
|---|---|---|
| 12 | Plaintiff, | **DECLARATION OF EDWARD PATRICK SWAN, JR. IN SUPPORT OF MOTION FOR PROTECTIVE ORDER** |
| 13 | v. | **[CCP § 2025.420]** |
| 14 | SAN DIEGO COUNTY REGIONAL AIRPORT AUTHORITY, a public entity and | |
| 15 | DOES 1 through 12, inclusive, | Date:    December 19, 2007<br>Time:    9:00 a.m.<br>Dept:    75 |
| 16 | Defendants. | Judge:  Hon. Richard E. L. Strauss |
| 17 | | Trial Date: January 4, 2008 |

18      I, Edward Patrick Swan, Jr., declare as follows:

19      1.      I am an attorney duly licensed to practice law before all the courts of this state and

20  am a partner at Luce, Forward, Hamilton & Scripps LLP.  I have personal knowledge of the facts

21  set forth herein.

22      2.      I was previously hired by Defendant San Diego County Regional Airport Authority

23  ("Defendant") to conduct a confidential internal investigation into allegations that Plaintiff

24  Hernandez was accepting benefits from vendors, contractors and airlines doing business with

25  Defendant.  A private investigator named John Gamberzky and I conducted several interviews,

26  and I prepared a written report to my client dated January 19, 2006.  I understand that the report

27  was attached to the Defendant's motion for summary judgment filed in this case.

28

1

DEC OF EDWARD P. SWAN, JR. IN SUPPORT OF MOTION FOR PROTECTIVE ORDER [CCP § 2025.420]

78-1077

3.      Plaintiff served me with a deposition subpoena on November 9, 2007.  A true and correct copy of the deposition subpoena is attached to the Notice of Lodgment as Exhibit 1.  The subpoena set a deposition date of November 27, 2007 and asked that I bring a number of categories of documents.  Almost every one of the categories of documents requested calls for information covered by the attorney client privilege and/or work product doctrine.  On November 21, 2007 my office served objections to the document requests.

4.      Before selecting the deposition date of November 27, 2007, Plaintiff did not contact me to clear the date.  I have pre-commitments on November 27, 2007.

5.      I would prefer that the deposition be rescheduled for a date after December 14, 2007, so that the Defendant's motion for summary judgment can first be decided.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration is executed this 26th day of November, at San Diego, California.

_____
Edward Patrick Swan, Jr.

101054203.1

2

DEC OF EDWARD P. SWAN, JR. IN SUPPORT OF MOTION FOR PROTECTIVE ORDER [CCP § 2025.420]

78-1078

Recycled Paper

BLUEBIRD
(310) 477-0700

1  Lawrence J. Kouns, State Bar No. 095417
   LUCE, FORWARD, HAMILTON & SCRIPPS LLP
2  600 West Broadway, Suite 2600
   San Diego, California 92101-3372
3  Telephone No.: 619.236.1414
   Fax No.: 619.232.8311
4  E-Mail:    lkouns@luce.com

5  Attorneys for Edward P. Swan, Jr.

6

7

8                 SUPERIOR COURT OF THE STATE OF CALIFORNIA

9          FOR THE COUNTY OF SAN DIEGO, SAN DIEGO JUDICIAL DISTRICT

10

11  JOSE HERNANDEZ,                        Case No. GIC 871979

12        Plaintiff,                       **DECLARATION OF LAWRENCE J.
                                            KOUNS IN SUPPORT OF MOTION FOR
13  v.                                      PROTECTIVE ORDER [CCP § 2025.420]**

14  SAN DIEGO COUNTY REGIONAL             Date:    December 19, 2007
    AIRPORT AUTHORITY, a public entity and Time:    9:00 a.m.
15  DOES 1 through 12, inclusive,          Dept:    75
                                           Judge:   Hon. Richard E. L. Strauss
16        Defendants.
                                           Trial Date: January 4, 2008
17

18        I, Lawrence J. Kouns, declare as follows:

19        1.    I am an attorney duly licensed to practice law before all the courts of this state and

20  am a partner at Luce, Forward, Hamilton & Scripps LLP.  In this matter, I am representing my

21  partner, Edward Patrick Swan, Jr.  Unless indicated otherwise, I have personal knowledge of the

22  facts set forth herein.

23        2.    I am informed and believe that Defendant filed a motion for summary judgment on

24  August 31, 2007.  Plaintiff's opposition was filed and served on November 2, 2007.  The reply

25  brief was filed and served on November 9, 2007.  The hearing was scheduled for November 16,

26  2007.

27  ///

28  ///

                                        1
─────────────────────────────────────────────────────────
DEC OF LAWRENCE J. KOUNS IN SUPPORT OF MOTION FOR PROTECTIVE ORDER [CCP § 2025.420]

**79-1079**

3.      Seven days after filing his opposition, Plaintiff served a deposition subpoena on Mr. Swan on November 9, 2007. The deposition date unilaterally selected by Plaintiff was November 27, 2007 (eleven days after the original hearing on the motion for summary judgment). A true and correct copy of the deposition subpoena is attached to the Notice of Lodgment as Exhibit 1. The subpoena asked that Mr. Swan bring a number of categories of documents. Almost every one of the categories of documents requested calls for information covered by the attorney client privilege and/or work product doctrine. The deposition date was not convenient for Mr. Swan, due to other commitments.

4.      I tried to resolve this informally. On November 20, 2007, I telephoned Attorney Chinn's office to request that the deposition be rescheduled. She was not available so I spoke with her assistant, Sylvia. I explained that November 27, 2007 was not a convenient date for the deposition and requested that a new date be selected. I suggested it be after December 14, 2007, the date the summary judgment motion is now scheduled to be heard. I explained that if the Defendant's motion is granted, the case will be over and the deposition will not be necessary. I said that if the motion is denied, I would make Mr. Swan available within a couple of days after December 14, 2007. Sylvia called me back later in the day and left a voicemail. The voicemail stated that Ms. Chinn wanted Mr. Swan to produce the documents on November 26, 2007 and then she would let him know whether she would agree to a rescheduling of his deposition set for November 27, 2007. That proposal was not acceptable. It would require us to spend the Thanksgiving Holiday reviewing all of the documents for privilege and then finding out on the 26th whether the deposition is going forward on the 27th, a date that is not good for Mr. Swan.

5.      On November 21, 2007 I served objections to the document requests. A true and correct copy of the objections is attached to the Notice of Lodgment as Exhibit 2.

6.      On November 26, 2007 I messengered a letter to Ms. Chinn informing her that the deposition noticed for November 27, 2007 would not go forward. A true and correct copy of the objections is attached to the Notice of Lodgment as Exhibit 3.

///

///

2

DEC OF LAWRENCE J. KOUNS IN SUPPORT OF MOTION FOR PROTECTIVE ORDER [CCP § 2025.420]

1       I declare under penalty of perjury under the laws of the State of California that the

2 foregoing is true and correct and that this declaration is executed this 26th day of November, at San

3 Diego, California.

4

5

               Lawrence J. Kouns

6   101054195.1

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEC OF LAWRENCE J. KOUNS IN SUPPORT OF MOTION FOR PROTECTIVE ORDER [CCP § 2025.420]

**79-1081**

Recycled Paper

BLUEBIRD
(310) 477-0700

EXHIBIT 80

1  Lawrence J. Kouns, State Bar No. 095417
   LUCE, FORWARD, HAMILTON & SCRIPPS LLP
2  600 West Broadway, Suite 2600
   San Diego, California 92101-3372
3  Telephone No.: 619.236.1414
   Fax No.: 619.232.8311
4  E-Mail:    lkouns@luce.com

5  Attorneys for Edward P. Swan, Jr.

6

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9        FOR THE COUNTY OF SAN DIEGO, SAN DIEGO JUDICIAL DISTRICT

10

11  JOSE HERNANDEZ,                        Case No. GIC 871979

12        Plaintiff,                       **NOTICE OF LODGMENT RE MOTION
                                           FOR PROTECTIVE ORDER [CCP
13  v.                                     § 2025.420]**

14  SAN DIEGO COUNTY REGIONAL              Date:    December 19, 2007
    AIRPORT AUTHORITY, a public entity and Time:    9:00 a.m.
15  DOES 1 through 12, inclusive,          Dept:    75
                                           Judge:   Hon. Richard E. L. Strauss
16        Defendants.
                                           Trial Date: January 4, 2008
17

18        TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

19        PLEASE TAKE NOTICE that third party Edward P. Swan, Jr. hereby lodges the following

20  exhibits in support of his motion for protective order with regard to the Deposition Subpoena For

21  Personal Appearance and Production of Documents And Things.

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

                                          1
           NOTICE OF LODGMENT RE MOTION FOR PROTECTIVE ORDER [CCP § 2025.420]

1    Exhibit 1:    Deposition Subpoena For Personal Appearance and Production of Documents

2    And Things;

3    Exhibit 2:    Third Party Edward P. Swan, Jr.'s Objections to Plaintiff Jose Hernandez'

4    Deposition Subpoena for Personal Appearance and Production of Documents and Things.

5    Exhibit 3:    Lawrence J. Kouns' letter dated November 26, 2007 to Cathryn Chinn.

6

7    DATED: November 26, 2007        LUCE, FORWARD, HAMILTON & SCRIPPS LLP

8

9                                   By:
                                         Lawrence J. Kouns
10                                       Attorneys for Edward P. Swan, Jr.

11

12    101054270.1

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

NOTICE OF LODGMENT RE MOTION FOR PROTECTIVE ORDER [CCP § 2025.420]

# Exhibit 1

SUBP-020

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| CATHRYN CHINN, ESQ. (State Bar 93340)<br>1901 First Avenue, Ste. 400<br>San Diego, CA 92101<br><br>TELEPHONE NO.: (619) 234-9000  FAX NO. *(Optional)*: (619) 699-1159<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: Plaintiff JOSE HERNANDEZ | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SAN DIEGO
STREET ADDRESS:  330 W. Broadway
MAILING ADDRESS:  San Diego, CA 92101
CITY AND ZIP CODE:
BRANCH NAME:  Central Branch

PLAINTIFF/PETITIONER:  JOSE HERNANDEZ
DEFENDANT/RESPONDENT:  SAN DIEGO COUNTY REGIONAL AIRPORT AUTHORITY

| DEPOSITION SUBPOENA<br>FOR PERSONAL APPEARANCE AND PRODUCTION OF DOCUMENTS AND THINGS | CASE NUMBER:<br>GIC 871979 |
|---|---|

THE PEOPLE OF THE STATE OF CALIFORNIA, TO *(name, address, and telephone number of deponent, if known)*:

(619) 699-2415      Edward P. Pat Swan Jr
                     Luce Forward Hamilton & Scripps, 600 W. Broadway #2600
                     San Diego, CA 92101
1. YOU ARE ORDERED TO APPEAR IN PERSON TO TESTIFY AS A WITNESS in this action at the following date, time, and place:

Date: Nov. 27, 2007  Time: 10:00 a.m.  Address: 530 B St., Ste. 350, San Diego, CA 92101

a. ☐  As a deponent who is not a natural person, you are ordered to designate one or more persons to testify on your behalf as to the matters described in Item 4. (Code Civ. Proc., § 2025.220(a)(6)).

b. ☒  You are ordered to produce the documents and things described in Item 3.

c. ☒  This deposition will be recorded stenographically  ☐ through the instant visual display of testimony, and by ☐ audiotape  ☐ videotape

d. ☐  This videotape deposition is intended for possible use at trial under Code of Civil Procedure section 2025.620(d).

2. The personal attendance of the custodian or other qualified witness and the production of the original records are required by this subpoena. The procedure authorized by Evidence Code sections 1560(b), 1561, and 1562 will not be deemed sufficient compliance with this subpoena.

3. The documents and things to be produced and any testing or sampling being sought are described as follows:

SEE ATTACHED NOTICE OF DEPOSITION

☐ Continued on Attachment 3.

4. If the witness is a representative of a business or other entity, the matters upon which the witness is to be examined are described as follows:

☐ Continued on Attachment 4.

5. IF YOU HAVE BEEN SERVED WITH THIS SUBPOENA AS A CUSTODIAN OF CONSUMER OR EMPLOYEE RECORDS UNDER CODE OF CIVIL PROCEDURE SECTION 1985.3 OR 1985.6 AND A MOTION TO QUASH OR AN OBJECTION HAS BEEN SERVED ON YOU, A COURT ORDER OR AGREEMENT OF THE PARTIES, WITNESSES, *AND* CONSUMER OR EMPLOYEE AFFECTED MUST BE OBTAINED BEFORE YOU ARE REQUIRED TO PRODUCE CONSUMER OR EMPLOYEE RECORDS.

6. *At the deposition, you will be asked questions under oath. Questions and answers are recorded stenographically at the deposition; later they are transcribed for possible use at trial. You may read the written record and change any incorrect answers before you sign the deposition. You are entitled to receive witness fees and mileage actually traveled both ways. The money must be paid, at the option of the party giving notice of the deposition, either with service of this subpoena or at the time of the deposition.*

| DISOBEDIENCE OF THIS SUBPOENA MAY BE PUNISHED AS CONTEMPT BY THIS COURT. YOU WILL ALSO BE LIABLE FOR THE SUM OF FIVE HUNDRED DOLLARS AND ALL DAMAGES RESULTING FROM YOUR FAILURE TO OBEY. |
|---|

Date issued: November 5, 2007

CATHRYN CHINN
_____
(TYPE OR PRINT NAME)

► *Cathryn Chinn*
_____
(SIGNATURE OF PERSON ISSUING SUBPOENA)

Attorney for Plaintiff JOSE HERNANDEZ
_____
(TITLE)

| | |
|---|---|
| | (Proof of service on reverse) | Page 1 of 2 |

Form Adopted for Mandatory Use
Judicial Council of California
SUBP-020 [Rev. January 1, 2007]

DEPOSITION SUBPOENA FOR PERSONAL APPEARANCE
AND PRODUCTION OF DOCUMENTS AND THINGS

Code of Civil Procedure,
§§ 2020.510, 2025.220, 2025.620;
Government Code, § 68097.1
www.courtinfo.ca.gov
American LegalNet, Inc.

80-1085

1   Cathryn Chinn, Esq. (State Bar 93340)
     1901 First Avenue, Suite 400
2   San Diego, California 92101
     Telephone (619) 234-9000
3   Facsimile (619) 699-1159

4

5   Attorney for Plaintiff
     JOSE HERNANDEZ

6

7

8           **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9     **COUNTY OF SAN DIEGO, CENTRAL BRANCH, GENERAL UNLIMITED**

| | |
|---|---|
| 10  JOSE HERNANDEZ, | Case No. : GIC 871979 |
| 11         Plaintiff, | PLAINTIFF JOSE HERNANDEZ' NOTICE OF DEPOSITION OF WITNESS EDWARD |
| 12  v. | P. PAT SWAN, JR., AND DOCUMENTS TO BE PRODUCED AT DEPOSITION |
| 13  SAN DIEGO COUNTY REGIONAL AIRPORT AUTHORITY, a public entity | |
| 14  and DOES 1 through 12, Inclusive, | |
| 15        Defendants. | |

16

17

18

19

20  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

21       PLEASE TAKE NOTICE that Plaintiff JOSE HERNANDEZ will take the deposition of

22  witness Edward P. Pat Swan, Jr., address Luce, Forward, Hamilton & Scripps, LLP, 600 West

23  Broadway, Ste. 2600, San Diego, California 92101, telephone (619) 699-2415.

24       The deposition will be taken at the offices of Peterson Court Reporting, 530 B St., Ste. 350,

25  San Diego, California 92101, telephone (619) 234-9000, before the presence of a certified court

26  reporter. The deposition will be taken on **November 27, 2007, at 10:00 a.m.**

27       The deposition will continue from day to day, weekends and holidays excluded, until

28  completed. The deposition may be recorded by audiotape or videotape, in addition to recording the

**80-1086**

1    testimony by a certified stenographic reporter.

2        NOTICE IS FURTHER GIVEN that if an interpreter is required to translate testimony, notice

3    of same must be given to this noticing party at least five (5) working days prior to the deposition

4    date, and the specific language and/or dialect designated.

5        The deposition will be taken pursuant to the provisions of Code of Civil Procedure §

6    2025.010, et seq., and is based on the files, records and papers in the above-entitled action.

7        Also, deponent is required to produce the following **ORIGINAL** documents at the

8    deposition:

9    **I.**

10   **DEFINITIONS AND INSTRUCTIONS**

11       As used herein, the following definitions shall apply:

12       **"DOCUMENTS"** means, without limitation, all media on which information is stored or

13   recorded including, but not limited to, writings, drawings, graphs, charts, maps, studies, photographs,

14   phone records, memoranda, insurance policy, certificates of insurance, endorsements, manuals,

15   claims file entries, log books, ledgers, handwritten notes, interoffice memoranda, letters,

16   computerized records, electronic mail entries, electronic diary entries, and other data compilations

17   from which information can be obtained, translated, if necessary, by the respondent through detection

18   devices into reasonably usable form.

19       **"YOU," "YOUR"** and **"YOURS"** refer to Defendant SAN DIEGO COUNTY REGIONAL

20   AIRPORT AUTHORITY and its present or former employees, agents, officers, directors,

21   representatives, attorneys, and all other persons acting or purporting to act on its behalf.

22       It is not Plaintiff's intention to request the production of privileged materials.  If any

23   materials requested are claimed to be privileged, please describe:

24       a.    The nature and contents of the matter claimed to be privileged;

25       b.    The name and job title of the person(s) from whom the alleged privileged matter was

26   directed;

27       c.    The name and job title of the person(s) to whom the alleged privileged matter was

28   directed;

- 2 -

d.    The date of the item; and

e.    The legal basis for the claim or privilege.

## II.

### DOCUMENTS / ITEMS TO BE PRODUCED

1.    All notes, memoranda, reports, letters, and audio recordings, including those of John Gambersky, reflecting, mentioning or otherwise pertaining to an investigation of Jose Hernandez' alleged violation(s) of ethical rules.

2.    All notes, memoranda, electronic mail, reports, letters, or other oral communications, and audio recordings reflecting, mentioning or otherwise pertaining to conversations with all officers, directors, agents and/or employees of the Airport Authority including, but not limited to, Thella Bowens, Ted Sexton, Brian Enarson, Jeffrey Woodson, John Gamberzky Diane Richards, Clifforine Massey, and Jim Prentice.

3.    All time records **YOU** have generated or maintained referencing or reflecting the time **YOU** have spent working on, investigating, research and/or evaluating the conduct of Jose Hernandez.

4.    All time records **YOU** have generated or maintained referencing or reflecting the time **YOU** have spent working on, investigating, research and/or evaluating Airport Authority individuals other than Jose Hernandez for possible ethical violations.

5.    The complete electronic folder(s) and/or subdirectory(s) which contain(s) the computerized record of the final version of **YOUR** report on Hernandez, as well as all rough drafts of that report.

6.    All transcripts of audio recordings of any and all conversations pertaining to the investigation of Jose Hernandez.

7.    The complete contents of all files regarding **YOUR** investigation of Jose Hernandez.

8.    All **DOCUMENTS** that reflect **YOUR** training, education and certification as an investigator.

DATED: November 5, 2007

CATHRYN CHINN, Attorneys for
Plaintiff JOSE HERNANDEZ

- 3 -

# Exhibit 2

80-1089

1  Lawrence J. Kouns, State Bar No. 095417
   LUCE, FORWARD, HAMILTON & SCRIPPS LLP
2  600 West Broadway, Suite 2600
   San Diego, California 92101-3372
3  Telephone No.: 619.236.1414
   Fax No.: 619.232.8311
4  E-Mail:   lkouns@luce.com

5  Attorneys for Edward P. Swan, Jr.

6

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9         FOR THE COUNTY OF SAN DIEGO, SAN DIEGO JUDICIAL DISTRICT

10

11 JOSE HERNANDEZ,,                          Case No. GIC 871979

12        Plaintiff,                         **THIRD PARTY EDWARD P. SWAN,
                                             JR.'S OBJECTIONS TO PLAINTIFF**
13 v.                                        **JOSE HERNANDEZ' DEPOSITION
                                             SUBPOENA FOR PERSONAL**
14 SAN DIEGO COUNTY REGIONAL                 **APPEARANCE AND PRODUCTION OF
   AIRPORT AUTHORITY, a public entity and    DOCUMENTS AND THINGS**
15 DOES 1 through 12, inclusive,,
                                             Date:   November 27, 2007
16        Defendants.                        Time:   10:00 a.m.

17

18        Third Party Edward P. Swan, Jr. ("Swan") hereby objects to the Plaintiff's Deposition

19 Subpoena for Personal Appearance and Production of Documents and Things:

20                              **GENERAL OBJECTIONS**

21        1.      Swan objects generally to each and every request on the grounds that it is vague,

22 ambiguous, overly broad, burdensome, oppressive, harassing and not reasonably calculated to lead the

23 discovery of admissible evidence.

24        2.      Swan objects generally to each and every request on the grounds that the subpoena is

25 burdensome and oppressive in that it is overly broad and fails to identify with sufficient specificity the

26 documents sought.

27 ///

28 ///

                                               1
   THIRD PARTY EDWARD P. SWAN, JR.'S OBJECTIONS TO PLAINTIFF JOSE HERNANDEZ' DEPOSITION
     SUBPOENA FOR PERSONAL APPEARANCE AND PRODUCTION OF DOCUMENTS AND THINGS

3.    Swan objects generally to each and every request on the grounds that the subpoena is overbroad and calls for the production of documents that are protected by the attorney/client and/or work product privilege.

**RESPONSE TO SPECIFIC REQUESTS**

REQUEST FOR PRODUCTION NO. 1:

All notes, memoranda, reports, letters, and audio recordings, including those of John Gamberzky, reflecting, mentioning or otherwise pertaining to an investigation of Jose Hernandez' alleged violation(s) of ethical rules.

RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

This request is objected to on the grounds stated in the general objections set forth above and on the basis that the request seeks documents and information subject to and protected by the attorney client privilege and attorney work product doctrine.

REQUEST FOR PRODUCTION NO. 2:

All notes, memoranda, electronic mail, reports, letters, or other oral communications, and audio recordings reflecting, mentioning or otherwise pertaining to conversations with all officers, directors, agents and/or employees of the Airport Authority including, but not limited to, Thella Bowens, Ted Sexton, Brian Enarson, Jeffrey Woodson, John Gamberzky, Diane Richards, Clifforine Massey, and Jim Prentice.

RESPONSE TO REQUEST FOR PRODUCTION NO. 2:

This request is objected to on the grounds stated in the general objections set forth above and on the basis that the request seeks documents and information subject to and protected by the attorney client privilege and attorney work product doctrine. In addition, this request is overbroad, seeks confidential information and is not reasonably calculated to lead to the discovery of admissible evidence as it is not limited to communications regarding plaintiff in this case.

REQUEST FOR PRODUCTION NO. 3:

All time records YOU have generated or maintained referencing or reflecting the time YOU have spent working on, investigating, research and/or evaluating the conduct of Jose Hernandez.

///

2

80-1091

1  RESPONSE TO REQUEST FOR PRODUCTION NO. 3:

2         This request is objected to on the grounds stated in the general objections set forth above and

3  on the basis that the request seeks documents and information subject to and protected by the attorney

4  client privilege and attorney work product doctrine.  In addition, the subject time records contain

5  information involving clients other than those involved in this case.

6  REQUEST FOR PRODUCTION NO. 4:

7         All time records YOU have generated or maintained referencing or reflecting the time YOU

8  have spent working on, investigating, research and/or evaluating Airport Authority individuals other

9  than Jose Hernandez for possible ethical violations.

10  RESPONSE TO REQUEST FOR PRODUCTION NO. 4:

11         This request is objected to on the grounds stated in the general objections set forth above and

12  on the basis that the request seeks documents and information subject to and protected by the attorney

13  client privilege and attorney work product doctrine.  In addition, the subject time records contain

14  information involving clients other than those involved in this case.

15  REQUEST FOR PRODUCTION NO. 5:

16         The complete electronic folder(s) and/or subdirectory(s) which contain(s) the computerized

17  record of the final version of YOUR report on Hernandez, as well as all rough drafts of that report.

18  RESPONSE TO REQUEST FOR PRODUCTION NO. 5:

19         This request is objected to on the grounds stated in the general objections set forth above and

20  on the basis that the request seeks documents and information subject to and protected by the attorney

21  client privilege and attorney work product doctrine.

22  REQUEST FOR PRODUCTION NO. 6:

23         All transcripts of audio recordings of any and all conversations pertaining to the investigation

24  of Jose Hernandez.

25  RESPONSE TO REQUEST FOR PRODUCTION NO. 6:

26         This request is objected to on the grounds stated in the general objections set forth above and

27  on the basis that the request seeks documents and information subject to and protected by the attorney

28  client privilege and attorney work product doctrine.

3

THIRD PARTY EDWARD P. SWAN, JR.'S OBJECTIONS TO PLAINTIFF JOSE HERNANDEZ' DEPOSITION
SUBPOENA FOR PERSONAL APPEARANCE AND PRODUCTION OF DOCUMENTS AND THINGS

1    REQUEST FOR PRODUCTION NO. 7:

2         The complete contents of all files regarding YOUR investigation of Jose Hernandez.

3    RESPONSE TO REQUEST FOR PRODUCTION NO. 7:

4         This request is objected to on the grounds stated in the general objections set forth above and

5    on the basis that the request seeks documents and information subject to and protected by the attorney

6    client privilege and attorney work product doctrine.

7    REQUEST FOR PRODUCTION NO. 8:

8         All DOCUMENTS that reflect YOUR training, education and certification as an investigator.

9    RESPONSE TO REQUEST FOR PRODUCTION NO. 8:

10        This request is objected to on the grounds stated in the general objections set forth above and

11   on the basis that the request is unlimited as to time or breadth and may seek documents and

12   information subject to and protected by the attorney client privilege and attorney work product

13   doctrine.

14

15   DATED: November 21, 2007          LUCE, FORWARD, HAMILTON & SCRIPPS LLP

16

17                              By _____

18                                 Lawrence J. Kouns
                                   Attorneys for Edward P. Swan, Jr.

19
     101053713.1
20

21

22

23

24

25

26

27

28

---

4

THIRD PARTY EDWARD P. SWAN, JR.'S OBJECTIONS TO PLAINTIFF JOSE HERNANDEZ' DEPOSITION
SUBPOENA FOR PERSONAL APPEARANCE AND PRODUCTION OF DOCUMENTS AND THINGS

1  | Lawrence J. Kouns, State Bar No. 095417
   | LUCE, FORWARD, HAMILTON & SCRIPPS LLP
2  | 600 West Broadway, Suite 2600
   | San Diego, California 92101-3372
3  | Telephone No.: 619.236.1414
   | Fax No.: 619.232.8311
4  | E-Mail:    lkouns@luce.com

5  | Attorneys for Edward P. Swan, Jr.

6

7

8  | SUPERIOR COURT OF THE STATE OF CALIFORNIA

9  | FOR THE COUNTY OF SAN DIEGO, SAN DIEGO JUDICIAL DISTRICT

10

11 | JOSE HERNANDEZ,,                        Case No. GIC 871979

12 |        Plaintiff,
                                            **PROOF OF SERVICE**
13 | v.

14 | SAN DIEGO COUNTY REGIONAL
   | AIRPORT AUTHORITY, a public entity and
15 | DOES 1 through 12, inclusive,,

16 |        Defendants.

17

18 |        I, Renee' M. Evans, declare as follows:

19 |        I am employed with the law firm of Luce, Forward, Hamilton & Scripps LLP, whose address is

20 | 600 West Broadway, Suite 2600, San Diego, California 92101-3372.  I am over the age of eighteen

21 | years, and am not a party to this action.

22 |        On November 21, 2007, I served the following:

23 | **THIRD PARTY EDWARD P. SWAN, JR.'S OBJECTIONS TO PLAINTIFF JOSE
   | HERNANDEZ' DEPOSITION SUBPOENA FOR PERSONAL APPEARANCE AND
   | PRODUCTION OF DOCUMENTS AND THINGS**

24 | on the interested parties in this action by:

25

26 | _____   **U. S. MAIL:** I placed a copy in a separate envelope, with postage fully prepaid, for
   |           each address named on the attached service list for collection and mailing on the below
   |           indicated day following the ordinary business practices at Luce, Forward, Hamilton &
27 |           Scripps LLP.  I certify I am familiar with the ordinary business practices of my place of
   |           employment with regard to collection for mailing with the United States Postal Service.
28 |           I am aware that on motion of the party served, service is presumed invalid if postal

-1-

PROOF OF SERVICE

80-1094

1    cancellation date or postage meter date is more than one day after date of deposit or mailing affidavit.

2

3    _____   **OVERNIGHT MAIL:** I sent a copy via overnight mail, Airbill No. _____.

4    _____   **OVERNIGHT COURIER SERVICE:** I placed a copy in a separate envelope addressed to each addressee as indicated below, and caused such envelope(s) to be

5    delivered via _____.

6    __XX__   **HAND DELIVERY:** I placed a copy in a separate envelope addressed to each addressee as indicated below, and delivered it to Cal Express for personal service.

7

8    _____   **FACSIMILE:** I sent a copy via facsimile transmission to the telefax number(s) indicated below. The facsimile machine I used complied with California Rules of Court, Rule 2003 and no error was reported by machine. Pursuant to California Rules

9    of Court, Rule 2006(d), I caused the machine to print a transmission record of the transmission, a copy of which is attached to this declaration.

10

11    Cathryn Chinn                Sandra McDonough
     1901 First Avenue, Suite 400       Paul, Plevin, Sullivan & Connaughton

12    San Diego, CA 92101           401 B Street, Tenth Floor
     Tel: (619) 234-9000            San Diego, California 92101
     Fax: (619) 699-1159            Tel: 619.744.3641

13

14    __XX__   **(STATE):** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

15

16    _____   **(FEDERAL):** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

17    Executed at San Diego, California on November 21, 2007.

18

19

20

21    Renee' M. Evans

22    101054213.1

23

24

25

26

27

28

**80-1095**

# Exhibit 3

# LUCE FORWARD
ATTORNEYS AT LAW  •  FOUNDED 1873
LUCE, FORWARD, HAMILTON & SCRIPPS LLP

600 West Broadway
Suite 2600
San Diego, CA 92101
619.236.1414
619.232.8311 fax
www.luce.com

LAWRENCE J. KOUNS, PARTNER
DIRECT DIAL NUMBER 619.699.2437
DIRECT FAX NUMBER 619.645.5359
EMAIL ADDRESS lkouns@luce.com

November 26, 2007

## HAND-DELIVERED

Cathryn Chinn
1901 First Avenue, Suite 400
San Diego, CA 92101

Re:    Hernandez v. San Diego County Regional Airport Authority, et. al.,

Dear Ms. Chinn:

I represent Pat Swan in connection with the deposition subpoena you served on him in the above-referenced case.

You subpoenaed him for a date on which he had other commitments. You also requested that he produce privileged documents. I telephoned your office on November 20th to attempt to resolve this informally. You were out so I spoke with your assistant, Sylvia. I suggested we reschedule the deposition to a date after the Defendant's motion for summary judgment is heard on December 14. I said the ruling on the motion might moot the deposition. If it did not, I said Mr. Swan could be deposed within a couple of days of the hearing.

Sylvia discussed this with you and then left me a voicemail. Your response was that we should produce the requested documents today and you would then let us know if you would postpone tomorrow's deposition. That was not acceptable. Sylvia phoned back this morning and said that Mr. Friesen plans to go ahead with the deposition tomorrow. I am filing a motion for a protective order today. The first available hearing on the Court's calendar is December 19, 2007. The deposition you noticed for tomorrow will not go forward as scheduled.

Very truly yours,

Lawrence J. Kouns
of
LUCE, FORWARD, HAMILTON & SCRIPPS LLP

LJK/rme
cc:    Peter Friesen
       Sandra McDonough
101054367.1

80-1097

Recycled Paper

**BLUEBIRD**
(310) 477-0700

EXHIBIT 81

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN DIEGO, SAN DIEGO JUDICIAL DISTRICT

| | |
|---|---|
| JOSE HERNANDEZ,<br><br>    Plaintiff,<br><br>v.<br><br>SAN DIEGO COUNTY REGIONAL<br>AIRPORT AUTHORITY, a public entity and<br>DOES 1 through 12, inclusive,<br><br>    Defendants. | Case No. GIC 871979<br><br>**[PROPOSED] ORDER GRANTING<br>MOTION FOR PROTECTIVE ORDER<br>[CCP § 2025.420]**<br><br>Date:    December 19, 2007<br>Time:   9:00 a.m.<br>Dept:   75<br>Judge:  Hon. Richard E. L. Strauss<br><br>Trial Date: January 4, 2008 |

Third Party witness Edward P. Swan, Jr.'s Motion for Protective Order came on regularly for hearing before the above-entitled Court on December 19, 2007 at 9:00 a.m. Luce, Forward Hamilton & Scripps LLP appeared on behalf of Swan, Cathryn Chinn, appeared on behalf of Plaintiff Jose Hernandez and Sandra McDonough of Paul, Plevin, Sullivan & Connaughton appeared on behalf of San Diego County Regional Airport Authority.

After considering the motion, the opposition, and all other matters presented to the Court, and good cause appearing,

IT IS HEREBY ORDERED that the motion for protective order is GRANTED. The deposition notice and accompanying document requests propounded by Plaintiff on Swan are quashed.

Dated: _____       _____

101054226.1                         Judge of the Superior Court

1

[PROPOSED] ORDER GRANTING MOTION FOR PROTECTIVE ORDER [CCP § 2025.420]

81-1098

BLUEBIRD OFFICE SUPPLIES
(888) 477-0700
www.bluebirdonline.com

1  FRED M. PLEVIN (SBN 126185)
   SANDRA L. MCDONOUGH (SBN 193308)
2  ALBERT R. LIMBERG (SBN 211110)
   **PAUL, PLEVIN, SULLIVAN & CONNAUGHTON** LLP
3  401 B Street, Tenth Floor
   San Diego, California 92101-4232
4  Telephone: 619-237-5200
   Facsimile: 619-615-0700
5
   AMY S. GONZALEZ (SBN 181745)
6  **SAN DIEGO COUNTY REGIONAL AIRPORT
   AUTHORITY**
7  3225 N. Harbor Drive
   San Diego, CA 92138
8  Telephone:  (619) 400-2425
   Facsimile: (619) 400-2428
9

10 Attorneys for Defendant
   SAN DIEGO COUNTY REGIONAL AIRPORT
11 AUTHORITY

12

13                SUPERIOR COURT OF THE STATE OF CALIFORNIA

14                          COUNTY OF SAN DIEGO

15 JOSE HERNANDEZ,                      CASE NO. GIC871979

16        Plaintiff,                    **DEFENDANT SAN DIEGO COUNTY
                                        REGIONAL AIRPORT AUTHORITY'S
17     v.                               SUPPLEMENTAL BRIEF REGARDING
                                        GOVERNMENT CODE SECTION 821.6 IN
18 SAN DIEGO COUNTY REGIONAL            SUPPORT OF ITS MOTION FOR
   AIRPORT AUTHORITY, a public entity;  SUMMARY JUDGMENT OR, IN THE
19 and DOES 1 through 12, inclusive,    ALTERNATIVE, SUMMARY
                                        ADJUDICATION**
20        Defendants.

21                                      Date:          December 14, 2007
                                        Time:          1:30 p.m.
22                                      Dept:          75
                                        Judge:         Hon. Richard E. Strauss
23                                      Complaint Filed: September 1, 2006
                                        Trial Date:    January 4, 2008
24

25                                          **EXEMPT FROM FEES
                                             GOVT. CODE § 6103**

26

27

28

PAUL, PLEVIN,
SULLIVAN &          SUPPLEMENTAL BRIEF IN SUPPORT OF
CONNAUGHTON LLP     SUMMARY JUDGMENT MOTION

F I L E D
Clerk of the Superior Court

NOV 2 3 2007

By: M. WONG-JIMENEZ, Deputy

NOV 26 '07 PM 4:22

RETURN
TO ATTORNEY

82-1099

# I.

## INTRODUCTION AND SUMMARY OF ARGUMENT

Defendant San Diego County Regional Airport Authority (the "Authority") submits this supplemental brief pursuant to the Court's order on November 16, 2007. This brief, as ordered by the Court, addresses the narrow issue of the applicability of Government Code section 821.6[1] to the Authority's official investigation of Hernandez' conduct of improperly receiving benefits from Authority vendors. Since the Authority's investigation was an "administrative proceeding" as defined by the case law interpreting Section 821.6, the immunity of Section 821.6 applies.

Hernandez bases this entire action on his contention that the Authority initiated an unfair investigation, which ultimately resulted in his termination. (Second Amended Complaint ¶¶ 23-30.) The Authority's actions in initiating the investigation and ultimately terminating Hernandez, however, are protected by Section 821.6's immunity, which immunizes a public employer from liability for instituting an administrative proceeding, including an investigation that results in termination from public employment. Since the investigation falls within the scope of Section 821.6, Hernandez' entire cause of action is eliminated and summary judgment is appropriate.

# II.

## STATEMENT OF RELEVANT UNDISPUTED FACTS[2]

A.  **The Authority may Prosecute Violations of its Codes.**

The Authority is a public entity created by the California legislature. (Pub. Util. Code § 170002.) It has powers to adopt rules and regulations for its administration. (Pub. Util. Code § 170042.)[3] Pursuant to those powers, the Authority enacted a series of Codes and Policies, including an Ethics Code, to govern and regulate the conduct of Authority employees and ensure compliance with state law regarding benefits received by public officials under the California

---

[1] All further statutory references are to the Government Code, unless otherwise noted.

[2] For a more complete version of the undisputed facts, please see the Authority's moving papers and the separate statement of undisputed facts submitted by the Authority.

[3] While this section was repealed on October 5, 2007, it was in effect during the 2005 and 2006 investigation of Mr. Hernandez.

PAUL, PLEVIN,
SULLIVAN &
CONNAUGHTON LLP

SUPPLEMENTAL BRIEF IN SUPPORT OF
SUMMARY JUDGMENT MOTION

1

1  Political Reform Act. (Exh. 3.)[3]  The Legislature and the Authority have also provided that a

2  violation of the Codes may be prosecuted as a misdemeanor.  (Pub. Util. Code § 170042, subd.

3  (c); Exh. 7, p. 12.)

4        Under the Authority's Ethics Code, employees of the Authority are prohibited from

5  accepting benefits aggregating more than one-half the amount permitted under the California

6  Political Reform Act in any calendar year ($180 in 2005; $170 in 2003 or 2004) from any source

7  that the employee knows or should know is doing business with the Authority, or intends to do

8  business with the Authority, or has done business with the Authority during the previous 12

9  months, or that the employee knows or should know has or is seeking a license, permit, grant or

10  benefit from the Authority, or that the employee knows or should know is an agent of such a

11  person or entity.  (See Exh. 3, pp. 12-13 [Ethics Code, Art. 2, Part 2.0, Section 2.10(b)(3)].)  In

12  addition, the Code prohibits an employee from accepting anything of value from anyone, other

13  than the Authority or another board member or employee, for "doing his or her job."  (*Id.* at

14  Section 2.10(b)(2).)

15  **B.**    **Certain Authority Employees Must Also Comply With the California Political**

16        **Reform Act.**

17        The California Political Reform Act (Gov. Code, § 81000, et seq.) requires that certain

18  public employees file public, personal financial disclosure reports known as "statements of

19  economic interests" on a form known as Form 700.  Each government agency is required to adopt

20  and implement a separate conflict of interest code under the California Political Reform Act.  The

21  Authority's Ethics Code contains such a Conflict of Interest code.  (See Section 2.30 of

22  Authority's Code [Exh. 3, pp. 25-29].)

23        Under the California Political Reform Act and Section 2.30 of the Authority's Ethics

24  Code, Hernandez was required, as a Director at the Authority, to report annually on Form 700 all

25  income and gifts received from vendors.  (See Exh. 3, pp. 25-29; Russell Dec. ¶ 5.)  Hernandez

26

27  [3] All referenced exhibits are attached to the Notice of Lodgment of Exhibits filed by the Authority with its moving papers in support of the Authority's motion for summary judgment on August 31, 2007.

28

PAUL, PLEVIN,
SULLIVAN &
CONNAUGHTON LLP

SUPPLEMENTAL BRIEF IN SUPPORT OF
SUMMARY JUDGMENT MOTION

2

82-1101

1    only filed one Form 700 during his employment, and he checked the box that he had no

2    "reportable interests" for the period of 12/14/2004 through 12/31/04. (Exh. 8.) Hernandez did

3    not file another Form 700 until after the Authority terminated his employment following its

4    investigation of Hernandez for accepting gifts in violation of the Ethics Code. (Exh. 9.)

5    **C.**      **The Authority Investigates Hernandez for Alleged Violations of the Ethics Code.**

6        In November or December 2005, Thella Bowens, the President and Chief Executive

7    Officer of the Authority, received complaints from two different Authority employees about

8    potential violations by Hernandez of the Authority's Ethics Code. (Bowens Dec. ¶ 4.)

9        Bowens, as President and CEO of the Authority, initiated an investigation into the

10   allegations against Hernandez by hiring an outside law firm to conduct the investigation.

11   (Authority's Undisputed Material Fact ("AUMF") ¶ 4.) Pat Swan, a former Assistant U.S.

12   Attorney from Luce, Forward, conducted the investigation with assistance from a former FBI

13   agent, John Gamberzky.[4] (Swan Dec. ¶ 2; Gamberzky Dec. ¶ 2.) Swan and Gamberzky

14   interviewed over one dozen individuals and reviewed numerous documents in connection with the

15   investigation. (Exh. 4.) Swan summarized his findings from the investigation in a 19-page report

16   to the Authority's CEO, Bowens. (Exh. 4.) In those findings, Swan concluded that Hernandez'

17   actions violated the Authority's Ethics Code and that Hernandez did not report all benefits that he

18   received on Form 700. (*Ibid.*) The very purpose of the Ethics Code is to ensure public

19   confidence in the integrity of the Authority's practices, and Hernandez had violated that

20   confidence through his receipt of benefits. (Exh. 3, p. 1 [Section 2.01(b)].) Hernandez was

21   thereafter terminated as a result of the findings of the investigation (Bowens Dec. ¶ 9), and he

22   brought this action based on the Authority's investigation of his alleged violations of the

23   Authority's Codes.

24

25

26

27   [4] Bowens has the authority to delegate that investigation to another person, such as Pat Swan. (Exh. 7, p. 6.)

28

SUPPLEMENTAL BRIEF IN SUPPORT OF
SUMMARY JUDGMENT MOTION

            3

### III.

### GOVERNMENT CODE SECTION 821.6 IMMUNIZES PUBLIC EMPLOYEES
### INVOLVED IN EMPLOYEE DISCIPLINARY PROCEEDINGS

Government Code section 821.6 immunizes public employees for injuries caused by their "instituting or prosecuting any judicial or administrative proceeding within the scope of [their] employment, even if [they] act maliciously and without probable cause." (Gov. Code, § 821.6.) Where the public employee is immune under Section 821.6, the employer is also immune. (See Gov. Code § 815.2(b).) As more fully stated below, the definition of an "administrative proceeding" is broad and includes official investigations, such as the Ethics Code investigation regarding Hernandez.

Courts have widely applied Section 821.6 immunity not only to peace officers and prosecutors, but also to public school officials (*Hardy v. Vial* (1957) 48 Cal.2d 577, 583), heads of administrative departments (*White v. Towers* (1951) 37 Cal.2d 727, 731), social workers (*Gensburg v. Miller* (1994) 31 Cal.App.4th 512, 518), county coroners (*Stearns v. County of Los Angeles* (1969) 275 Cal.App.2d 134, 137), members of county boards of supervisors (*Dawson v. Martin* (1957) 150 Cal.App.2d 379, 382) and county directors (*Kemmerer v. County of Fresno* (1988) 200 Cal.App.3d 1426, 1435-1437), all of whom have participated in either the initial, middle, or final stages of an administrative proceeding, including the investigations that can lead up to a prosecutorial proceeding. (*Tur v. City of Los Angeles* (1996) 51 Cal.App.4th 897, 901.)

Section 821.6 immunity promotes the efficient operation of government by allowing public employees to effectively investigate and take whatever additional personnel action necessary in the proper discharge of their duties. Under Section 821.6, "immunity, even from wrongfully motivated action, is granted, as a matter of public policy, to avoid the risk of public officers avoiding their public duty for fear of the burden of trial and risk of its outcome." (*Citizen's Capital Corp. v. Spohn* (1982) 133 Cal.App.3d 887, 889, quoting *Hardy v. Vial* (1957) 48 Cal.2d 577, 572-583.) Without such protection, not only would the courts be clogged with lawsuits such as those brought by Hernandez, but only the most fearless or foolish of public employees would: (1) accept government employment; and (2) complete their duties relating to

1    discipline, demotion or discharge.

2    　　Here, it is undisputed that Bowens received reports from two different employees that

3    Hernandez may have been accepting gifts from vendors, in violation of the Authority's Ethics

4    Code and potentially, state law.  As the Authority's CEO, she had to decide whether to launch an

5    investigation of Hernandez' conduct, and what action to take in response to the investigatory

6    findings.  As noted by the wide variety of cases in which Section 821.6 immunity has been

7    applied, these are exactly the types of decisions that Bowens, as a public official, should be

8    encouraged to make without the "constant dread" of being sued.  (*Hardy, supra,* 48 Cal.2d at 582-

9    583.)  Accordingly, the investigation and resulting discipline of Hernandez are, in and of

10    themselves, "administrative proceedings" as that term is defined in Section 821.6.

11    　　However, even if this Court finds that there must be a more formal "proceeding" beyond

12    the investigation itself in order to qualify as an administrative proceeding under Section 821.6, the

13    investigation is part of the prosecutorial process available under the Authority's Codes or the

14    California Political Reform Act and, as such, the immunity applies to the investigation as part of a

15    larger prosecutorial process.  Either way, the immunity applies to Hernandez' investigation and

16    termination, and summary judgment is appropriate.  Further, application of the immunity serves

17    the broader purpose of Section 821.6 in that it encourages the Authority to investigate possible

18    violations of its own Codes and the Political Reform Act, without fear of retaliation or reprisal.

19    **A.    An Administrative or Judicial Proceeding Includes Employee Investigations.**

20    　　Courts have routinely held that an investigation of a public employee, and any resulting

21    discipline or termination, qualifies as an "administrative proceeding" under Section 821.6, and

22    therefore the immunity applies.  (E.g., *Kemmerer v. County of Fresno, supra,* 200 Cal.App.3d at

23    pp. 1435-1437 [county and its employees immune from tort liability for alleged defamatory

24    statements made in investigation, disciplinary notices and during disciplinary hearing]; *Summers

25    v. City of Cathedral City* (1990) 225 Cal.App.3d 1047, 1064-1065 [city and its employees

26    immune from tort liability for actions in connection with employee's termination]; *Kayfetz v.

27    State of Cal.* (1984) 156 Cal.App.3d 491, 496-499 [state and public employee immune from libel

28    for publishing employee's disciplinary action after proceeding].)

SUPPLEMENTAL BRIEF IN SUPPORT OF
SUMMARY JUDGMENT MOTION

5

1    Notably, "[c]ourts liberally construe 'administrative proceeding' to include investigatory

2    and other activities in preparation for more formal proceedings." (*Richards v. Department of*

3    *Alcoholic Beverages Control* (2006) 139 Cal.App.4th 304, 318.) In addition, Section 821.6

4    applies to all investigations that could lead to an administrative or judicial proceeding, even if that

5    proceeding never takes place. (*Ingram v. Flippo* (1999) 74 Cal.App.4th 1280, 1293 [district

6    attorney's conduct was an exercise of prosecutorial discretion immunized under section 821.6

7    even though he decided not to prosecute an action]; *Gillan v. City of San Marino* (2007) 147

8    Cal.App.4th 1033, 1047.) Finally, Section 821.6 "'is not restricted to legally trained personnel

9    but applies to all employees of a public entity....' [Citation.]" (*Asgari v. City of Los Angeles*

10   (1997) 15 Cal.4th 744, 756-757.)

11   *Kemmerer* is directly on point. In *Kemmerer*, several of the County's employees

12   investigated a county employee who was accused of using his official position and access to

13   confidential information to harass a resident, and thereafter initiated disciplinary action against

14   him. (*Kemmerer, supra*, at pp. 1430-31.) The investigation led to the employee's termination

15   (although he was later reinstated), and the employee sued the County and individual employees on

16   various contract and tort theories. The Court of Appeal held that the investigation came within

17   the scope of an "administrative proceeding" as that term is used in Government Code section

18   821.6, and defendants were therefore immune from liability. (*Id.* at p. 1437.)

19   Section 821.6 has not only been applied to investigations in the civil service setting, but

20   the Courts have also applied it in numerous other governmental entity settings where the

21   investigation was performed by a person charged with, or the delegee of the person charged with,

22   investigating potential violations of codes, policies, rules or regulations. (See e.g. *Jacqueline T.*

23   *Alameda County Child Protective Services* (2007) 155 Cal.App.4th 456, 466-468 [a social

24   worker's decisions relating to an investigation regarding sexual abuse is a prosecutorial or quasi-

25   prosecutorial decision subject to immunity under Section 821]; *Richards v. Department of*

26   *Alcoholic Beverages Control, supra*, 139 Cal.App.4th 304 [the Department of Alcoholic

27   Beverages Control was immune under Section 821.6 for its actions undertaken in an investigation

28   related to alleged transfer of a liquor license to a new owner]; and *Javor v. Taggart* (2002) 98

PAUL, PLEVIN,
SULLIVAN &
CONNAUGHTON LLP

SUPPLEMENTAL BRIEF IN SUPPORT OF
SUMMARY JUDGMENT MOTION                    6

82-1105

1  Cal.App.4th 795, 809 [defendants who were responsible for seeking reimbursement from illegally

2  insured employers under the Workers' Compensation Act were immune under Section 821.6 for

3  an investigation that they conducted in the course and scope of their employment].)

4        Similarly, the investigation here was initiated by a public employer to investigate potential

5  violations of the Authority's Codes.  Bowens was specifically authorized to take any action to

6  ensure the proper administration of the Authority, including investigating potential violations of

7  the Ethics Code by Hernandez, a public employee.  (Authority Policy No. 1.40.)[5]  Thus, the

8  investigation, and Hernandez' resulting termination, falls squarely within the definition of an

9  administrative proceeding as set forth in the cases above.  (See also *Braun v. Chronicle*

10 *Publishing Co.* (1997) 52 Cal.App.4th 1036, 1049 [an "official proceeding" is any "authorized,

11 public proceeding" that is "government-sponsored."].)[6]

12 **B.    Both the California Political Reform Act and the Authority's Codes Allow for**

13 **Prosecution of Violations.**

14       The Authority contends that the investigation, standing alone, under *Kemmerer* and its

15 progeny, qualifies as an administrative proceeding.   However, if this court finds that the

16 investigation must be ancillary to a more formal proceeding, the investigation in this case still

17 falls under Section 821.6 because it was a precursor, and could be used for, a prosecution under

18 either the Authority's Codes or the California Political Reform Act.

19       Under the California Political Reform Act ("the Act"), each agency such as the Authority

20 is required to adopt a Conflict of Interest Code for purposes of complying with the Act.  (Gov.

21 Code § 87300.)  That Conflict of Interest Code has the force and effect of law, and a violation of

22 that Code constitutes a violation of the California Political Reform Act.  (*Ibid.*)  Here, the

---

[5] Bowens also has the authority to delegate that investigation to another person, such as Pat Swan. (Exh. 7, p. 6.)

[6] *Braun* applies a statute with analogous language, Code of Civil Procedure section 425. 16.  However, as noted in *Braun*, California Code of Civil Procedure section 425.16 is even narrower than Section 821.6 because it requires that the official proceeding be "authorized by law."  Section 821.6 does not require that the judicial or administrative proceeding be "authorized by law".  (Compare CCP § 421.16 to Gov. Code § 821.6.)

1    Authority has enacted such a code as part of its Ethics Code. (Exh. 3, pp. 9-10 and 25-29.) The

2    Act specifically provides that a knowing or willful violation of the Act (or Codes promulgated

3    under the Act) is a misdemeanor and a proceeding to prosecute a violation of the Act is called an

4    "administrative proceeding." (Gov. Code §§ 91000 and 91000.5.)

5        Similarly, the Public Utilities Code and the Authority's Code provide that any violation of

6    the Authority's Code is a misdemeanor and may be prosecuted as a criminal action within four

7    years of the violation. (Pub. Util. Code § 170042; Exh. 7, p. 12.)

8        Here, the Authority investigated whether Hernandez violated the Authority's Ethics Code,

9    which includes the Conflict of Interest Code required by the Act, and also looked at whether

10   Hernandez had complied with his requirements under the Act. (Exh. 4.) Although the Authority

11   has not yet prosecuted any violation of the Code or the Act, the investigation that it conducted

12   into the benefits that Hernandez received could serve as the precursor to any such prosecution in

13   that it establishes the Authority's basis for initiating, or referring, such an action to the

14   prosecuting agency. Since the investigation was ancillary to a judicial proceeding, such as a

15   criminal proceeding to prosecute a violation of the Authority's Codes or the Act, the investigation

16   and the resulting termination fall within the ambit of Section 821.6. (See *Amylou R. v. County of*

17   *Riverside* (1994) 28 Cal.App.4th 1205, 1211 ["Since the acts of which *Amylou* complains are

18   incidental to the investigation of the crimes, and since investigation is part of the prosecution of a

19   judicial proceeding, those acts were committed in the course of the prosecution of that

20   proceeding. Thus, each of the three elements of the immunity provided by section 821.6 is

21   present."].)

22                                          **IV.**

23                                    **CONCLUSION**

24       Since the purpose and character of the Authority's investigation was to investigate

25   potential violations of its Ethics Code and the Act, the investigation falls within the ambit of

26   Section 821.6 and the immunity must apply. As a result, summary judgment for the Authority is

27   appropriate. The Authority also urges the Court to grant summary judgment and/or adjudication

28

PAUL, PLEVIN,
SULLIVAN &
CONNAUGHTON LLP

SUPPLEMENTAL BRIEF IN SUPPORT OF
SUMMARY JUDGMENT MOTION

8

1 based on the additional grounds set forth in the moving and reply papers already on file with the

2 Court.

3

4 Dated: November 26, 2007              PAUL, PLEVIN, SULLIVAN &
                                       CONNAUGHTON LLP

5

6 By: _____
                                       FRED M. PLEVIN

7                                      SANDRA L. MCDONOUGH
                                       ALBERT R. LIMBERG

8                                      Attorneys for Defendant
                                       SAN DIEGO COUNTY REGIONAL
                                       AIRPORT AUTHORITY

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

82-1108

# PROOF OF PERSONAL SERVICE

1

2       I, the undersigned, certify and declare that I am a citizen of the United States, over the age

3  of eighteen, employed in the County of San Diego, State of California, and not a party to the

4  within-entitled action. My business address is 4665 Park Blvd., San Diego, CA 92116.

5       On November 26, 2007 at 4:30 ~~a.m.~~/p.m., I served a true copy of the within:

6

7  •    **DEFENDANT SAN DIEGO COUNTY REGIONAL AIRPORT
       AUTHORITY'S SUPPLEMENTAL BRIEF REGARDING GOVERNMENT
       CODE SECTION 821.6 IN SUPPORT OF ITS MOTION FOR SUMMARY
8      JUDGMENT OR, IN THE ALTERNATIVE, SUMMARY ADJUDICATION**

9  by delivering for personal service to the following:

10
       Cathryn Chinn / Peter G. Friesen
11     1901 First Avenue, Suite 400
       San Diego, CA 92101
12     Tel: 619-294-9183 / Fax: 619-295-4190
       **Attorneys for Plaintiff Jose Hernandez**
13
       I hereby certify that I am employed by Diversified Legal Services, at whose direction the
14  personal service was made.

15     Executed November 26, 2007, at San Diego, California.

16

17

18                                     DIVERSIFIED LEGAL SERVICES
                                       MESSENGER
19

20

21

22

23

24

25

26

27

28

PAUL, PLEVIN,     _____
SULLIVAN &        PROOF OF PERSONAL SERVICE              1
CONNAUGHTON LLP

82-1109

BLUEBIRD
OFFICE SUPPLIES
(888) 477-0700
www.bluebirdonline.com

**EXHIBIT 83**

1   Cathryn Chinn, Esq. (State Bar 93340)
Peter G. Friesen, Esq. (State Bar 107631)
2   1901 First Avenue, Suite 400
San Diego, California 92101
3   Telephone (619) 234-9000
Facsimile (619) 699-1159
4

5

Attorney for Plaintiff
6   JOSE HERNANDEZ

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9        COUNTY OF SAN DIEGO, CENTRAL BRANCH, GENERAL UNLIMITED

10  JOSE HERNANDEZ,                    | Case No. : GIC 871979

11                   Plaintiff,        | PLAINTIFF JOSE HERNANDEZ'
                                       | SUPPLEMENTAL MEMORANDUM OF
12  v.                                 | POINTS AND AUTHORITIES IN
                                       | OPPOSITION TO DEFENDANT SAN
13  SAN DIEGO COUNTY REGIONAL          | DIEGO COUNTY REGIONAL AIRPORT
    AIRPORT AUTHORITY, a public entity | AUTHORITY'S MOTION FOR SUMMARY
14  and DOES 1 through 12, Inclusive,  | JUDGMENT OR, IN THE ALTERNATIVE,
                                       | SUMMARY ADJUDICATION
15                   Defendants.
                                       | DATE:      December 14, 2007
16                                     | TIME:      1:30 p.m.
                                       | DEPT.:     75
17                                     | JUDGE:     HON. RICHARD E. STRAUSS
                                       | ACTION FILED:   9/1/06
18                                     | TRIAL DATE:     1/4/08

19

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28

            PL'S SUPPL. MEMO OF P'S & A'S IN OPPOS. TO DEF SDCRAA'S MSJ OR SUMM. ADJUD.

                                                                        83-1110

1    Plaintiff JOSE HERNANDEZ hereby submits his Supplemental Memorandum of Points and

2   Authorities in Opposition to Defendant SAN DIEGO COUNTY REGIONAL AIRPORT

3   AUTHORITY's Motion for Summary Judgment or, in the Alternative, Summary Adjudication:

4                                                                      I.

5                                                         **INTRODUCTION**

6           Government Code § 821.6 is a statute designed to shield those charged with a specific duty

7   to prosecute judicial or administrative actions. The problem with the Airport Authority's attempted

8   use of this statute is that the legislature has assigned no prosecutorial function to it, and the act taken

9   against Hernandez was not a prosecution. His employment was terminated and, since his

10   employment was not governed by a civil service administrative process, the Authority's

11   "investigation" of him was not part of the commencement of an administrative proceeding.

12          All of the investigations cases cited by the Airport Authority as supportive of its position

13   involve the acts of public officials engaged in real judicial or administrative proceedings.  The

14   investigation of some public employees' potential misconduct presents immunity issues because

15   some such investigations are preparatory to the commencement of civil service proceedings against

16   employees under civil service protection, an activity which *Kemmerer v. City of Fresno* (1988) 200

17   Cal.App.3d 1426 includes under § 821.6 protection.  *Kemmerer* is, for a number of reasons,

18   inapplicable to this situation.

19          The Authority's current spin on § 821.6, while creative, invites the Court to apply blanket

20   immunity to all disciplinary action against public employees. Under the Airport Authority's reading

21   of the statute, a public employer may claim absolute immunity for even the most craven retaliatory

22   behavior, provided such behavior is characterized as an "official" investigation. But, as this response

23   will explain, there is a world of difference [under § 821.6] between the Airport Authority's

24   investigation of alleged misconduct and a prosecuting officer's investigation of a matter to be

25   brought in formal judicial or administrative proceedings.

26                                                                     II.

27                              **STATEMENT OF RELEVANT UNDISPUTED FACTS**

28   Hernandez takes exception with a misleading characterization of the Airport Authority's

PL'S SUPPL. MEMO OF P'S & A'S IN OPPOS. TO DEF SDCRAA'S MSJ OR SUMM. ADJUD.

- 1 -

83-1111

1   Code of Ethics.  While he does not dispute that the Airport Authority is empowered to promulgate

2   an ethics code, Hernandez rejects the implication that the termination of Hernandez was part of an

3   ethics proceedings against him.  It is unclear what the "fact" is the Airport claim with regard to an

4   administrative or judicial proceeding.   The situation is similar to the law enforcement officer

5   who–for personal reasons–arrests and incarcerates an innocent citizen, and then decides not to report

6   the matter to the prosecuting agency.  As argued below, such acts are not immune, because the act

7   of prosecution normally engages a "process" subject to standards of accountability. It seems the

8   Airport's fuzzy rendition of the facts reflects a "have your cake and eat it too" philosophy of

9   personnel management, i.e., to take statutory protections without acknowledging concurrent

10   obligations.

### III.

### ARGUMENT

**A.**   **The Airport Authority's Claim of Immunity Perverts Notions of Fundamental Fairness Normally Associated with an Administrative Proceeding**

15       The Airport Authority accomplished the termination of Hernandez' employment without

16   having to conform to any rule or to the standards normally accompanying a fair administrative

17   process.  Having treated him arbitrarily, it now seeks protection of a statute which presumes the

18   commencement of proceedings imbued with due process protections. Indeed, if Hernandez had been

19   protected by civil service, Ms. Bowens would probably have refrained from harming him.

20       The case of *Payne v. Anaheim Memorial Medical Center, Inc.* (2005)130 Cal.App.4th 729,

21   examined internal, non-mandatory grievance procedures–considerably more rigorous than those

22   which protected Hernandez–and ruled they do not rise to the level of an administrative proceeding.

23   In that case defendants sought to dismiss plaintiff's claim based on his failure to exhaust

24   "administrative" remedies available through a grievance procedure.   The court noted an

25   administrative remedy implies a "meaningful opportunity to be heard in his defense. Every one of

26   the numerous common law precedents in the area establishes that this element is indispensable to

27   a fair procedure." [*Id.* at 740] "At a minimum, ... fair procedure requires adequate notice of the

28   administrative action proposed or taken by the group or institution and a reasonable opportunity to

)

1    be heard." [*Id.* at 741]

2          In this case Hernandez was informed of his termination upon the completion of the

3    investigation of counsel retained as his adversary to represent the interests of the Airport Authority.

4    That was the end of the "administrative" process through which the Airport Authority seeks

5    immunity. This "proceeding" was no more than a grotesque parody of due process, and certainly

6    made no effort to comply with the fundamental rules of an administrative process–real or imaginary.[1]

7    **B.    Government Code § 821.6 Immunizes Only Those Who Prosecute Administrative or**

8    **Judicial Proceedings**

9          Occasionally, it is helpful to examine the words of a given statute before attempting to

10   interpret it, even at the risk of redundancy or repetition. Section 821.6 reads as follows:

11          "A public employee is not liable for injury caused by his instituting
            or prosecuting any judicial or administrative proceeding within the
12          scope of his employment, even if he acts maliciously and without
            probable cause."
13

14         It would, therefore, seem that the plain meaning of the statute would exclude those from

15   immunity who are not engaged in the institution or prosecution of a judicial or administrative

16   proceeding. This strongly suggests that public officers who discharge a prosecutorial function

17   receive a protection which officers who do not. The most typical application of this distinction is

18   in the function of a police officer and a district attorney. A police officer is not immune from

19   making an arrest without probable cause, while a prosecutor is immune from instituting the

20   prosecution. Those who make misleading disclosures to prosecuting officials have no immunity.

21   [*See Jackson v. City of San Diego* (1981) 121 Cal.App.3d 579, 583-589; *Harden v. San Francisco*

22   *Bay Area Rapid Transit Dist.* (1989) 215 Cal.App.3d 7, 16-17] The police may benefit from a §

23   821.6 immunity if and only if it results in a prosecution, and even then the immunity applies only

24   to damages commencing with the arraignment proceeding (a judicial event). Damages for

25

26   [1]     Even now there is a motion for a protective order filed to protect the secrecy of deliberative processes
     of Mr. Patrick Swan, the attorney hired by the Airport Authority to render opinions forming the basis of Hernandez'
27   termination. Thella Bowens–the Airport CEO–claims to have relied on his opinions. In his motion for protective order,
     Swan presently claims the Airport Authority was his client, and that he has a right to protect his work product and client
28   communications from discovery even after his opinions have been offered as evidence in this case.

1  incarceration and arrest up to that moment are subject to no immunity.  *[Asgari v. City of Los*

2  *Angeles* (1997) 15 Cal.4th 744, 748, 758 n.10]

3      If a police officer–who has an explicit duty to investigate and report crime–is not shielded

4  by § 821.6 for false arrest and imprisonment, or for falsely reporting facts to a prosecutor, how is it

5  that the Airport Authority claims immunity?  The Airport Authority rests its case on the appellate

6  decision of *Kemmerer v. City of Fresno* (1988) 200 Cal.App.3d 1426, which it claims is "directly

7  on point." [See Authority's brief at 6:11]

8      The Airport Authority's reading of *Kemmerer* is flawed.  In *Kemmerer* the Court of Appeal

9  applied immunity to the investigation of employee misconduct which resulted in disciplinary action.

10  The Court there applied the immunity only because the investigation was tethered to a civil service

11  proceeding which the employer later commenced.  The *Kemmerer* decision relied heavily on the case

12  of *Kayfetz v. State of California* (1984) 156 Cal.App.3d 491, 496, where the defamatory publication

13  of an administrative proceeding was deemed immune.

14          In *Kayfetz*, the court applied Government Code section 821.6 to a
        situation in which plaintiff, a doctor, had sued the State of California,

15          the Board of Medical Quality Assurance, the Physicians Diversion
        Program and the diversion program administrator for damages arising

16          from the publication of disciplinary action taken against him. The
        court held the publication was an integral part of the prosecution

17          process and that " Government Code section 821.6 cloaks the action
        in immunity . . ." (*Id.* at 494) and therefore the trial court had properly

18          sustained the defendants' demurrer without leave to amend.
        [Kemmerer, *supra*, at 1436][Emphasis added.]

19

20      The *Kemmerer* decision, as in *Kayfetz*, emphasized that the employer's investigative conduct

21  was integrally related to the same employer's subsequent decision to institute a civil service

22  administrative proceeding:

23          In the instant case, Kelley initiated formal disciplinary proceedings
        against Kemmerer after Velasquez conducted an investigation and

24          filed an interoffice memorandum detailing the investigation and
        recommending dismissal of Kemmerer. The report was dated April

25          27, 1984. As the director of the department of social services, the
        institution of proceedings by Kelley would be within the scope of his

26          employment. The procedures included a formal notice and
        opportunity for hearing with full appeal rights to the Fresno County

27          Civil Service Commission. The investigation by Assistant Director
        Velasquez was an essential step to the institution of the disciplinary

28          process and is also cloaked with immunity. The investigation, the
        preliminary notice and the proceedings before the civil service

PL'S SUPPL. MEMO OF P'S & A'S IN OPPOS. TO DEF SDCRAA'S MSJ OR SUMM. ADJUD.

- 4 -

1    commission come within the scope of an "administrative proceeding"
     as that term is used in Government Code section 821.6. It follows
2    that pursuant to section 821.6, Kelley, Velasquez and the County are
     immune from tort liability for any acts done to institute and prosecute
3    the disciplinary proceeding.[*Id.* at 1426-1437][2] [Emphasis added.]

4    Neither the plain wording of § 821.6 nor the interpretative language of *Kemmerer* support

5    the application of a prosecutorial immunity to an individual or agency not charged with responsibility

6    to institute and sustain an administrative proceeding. It is certainly a misstatement for the Airport

7    Authority to contend that the "Courts have routinely held that an investigation of a public employee,

8    and any resulting termination qualifies as an "administrative proceeding" under § 821.6."

9    [Authority's brief at 5:20-22] The Airport Authority, therefore, presently asks the Court to charge

10   boldly into uncharted territory.[3]

11   **C.    Section 82.6 Does Not Immunize Conduct Untethered to an Administrative Proceeding**

12   All of the cases cited by the Airport Authority, such as *Kayfetz* and *Kemmerer* mentioned

13   above, involve the institution of administrative or judicial actions. The Authority cited *Summers v.*

14   *City of Cathedral City* (1990) 225 Cal.App.3d 1047, but there "At the time of this purported

15   termination, plaintiff was a regular, nonprobationary employee, and thus was entitled to notice and

16   the right to respond prior to any termination of his employment, and to an evidentiary hearing

17   subsequent to such a termination" [*Id.* at 1053] The Authority cites to *Richards v. Department of*

18

---

19

20   [2]    Civil Service proceedings described in *Kemmerer* are subject to procedural requirements and safeguards applicable to all administrative proceedings. Civil service employees having a statute-based property interest in continued employment may not be deprived of their employment without due process. [*Cleveland Bd. of Educ. v. Loudermill* (1985) 470 U.S. 532, 538-541] Before a state civil service employee can be deprived of employment, the employee must be given prior notice of any proposed disciplinary action and the reasons for it, a copy of the charges and materials on which the action is based, and the right to respond either orally or in writing to the official imposing the discipline. [*Skelly v. State Personnel Bd.* (1975) 15 Cal.3d 194, 215] These requirements have given rise to an administrative procedure known as a *Skelly* hearing, in which an employee has the opportunity to respond to the charges on which the proposed discipline is based. [*Flippin v. Los Angeles City Bd. of Civil Serv. Comm'rs* (2007) 148 Cal. App. 4th 272] The *Skelly* hearing and related rights are preremoval safeguards that are required even if the employer provides a full evidentiary hearing after imposing the discipline. [*Kirkpatrick v. Civil Serv. Comm'n* (1978) 77 Cal. App. 3d 940, 945; *see Flippin v. Los Angeles City Bd. of Civil Serv. Comm'rs* (2007) 148 Cal. App. 4th 272, 281-283 (at least when additional levels of administrative review are present, conduct of *Skelly* hearing by manager who initially recommended discharge does not violate employee's due-process rights)].

21

22

23

24

25

26

27   [3]    Counsel's confidence in this proposition does not appear to be sincere. Mr. Plevin, as here, is lead counsel of record in the case of *Chapin v. Aguirre* 2007 U.S. Dist. LEXIS 41459. In that case the Court ruled that § 821.6 was inapplicable to Aguirre's termination of deputy city attorneys because it did not involve the institution of an administrative proceeding. The opinion in that case was published only six months ago.

28

PL'S SUPPL. MEMO OF P'S & A'S IN OPPOS. TO DEF SDCRAA'S MSJ OR SUMM. ADJUD.

- 5 -

1  *Alcoholic Beverages* (2006) 139 Cal.App.4th 304, 318, but there the case involved a licensing

2  proceeding instituted by an entity charged with a duty to review licenses.  The Authority cited

3  *Ingram v. Filippo* (1994) 74 Cal.App.4th 1280, 1293, but there the case was against a district attorney

4  for public announcements tethered to his institution of judicial proceedings.  The Authority cited

5  *Asgari v. City of Los Angeles* (1997) 15 Cal. 744, 756-757, but that case was against a police officer

6  who engaged the district attorney to commence a criminal prosecution—i.e., a judicial proceeding.[4]

7  The Authority cited *Jacqueline v. Alameda County Child Protective Services* (2007) 155 Cal.App.4th

8  456, 466-468, but that case involved investigation in support of the institution of child custody

9  proceedings.  The Authority then cited *Javor v. Taggart* (2002) 98 Cal.App.4th 795, 809, but that

10  case involved public officials "charged with seeking reimbursement from illegally uninsured

11  employers after the state pays benefits to an injured employee.  Their decisions are made in the

12  course of investigations and also through formal administrative proceedings."  [*Id.*]  Finally, the

13  Authority cites to *Braun v. Chronicle Publishing* (1997) 52 Cal.App.4th 1036, 1049, for the

14  proposition that Thella Bowens' investigation of Hernandez was an administrative proceeding, but,

15  frankly speaking, the analysis associated with the *Braun* case is unintelligible.[5]

16       The dearth of legal support for the Airport Authority's claim that its ethics investigation was

17  an "administrative proceeding" should, at this juncture, be regarded as fatal to the Airport

18  Authority's burden of proof in asserting this defense.

19       *Kemmerer* is, at best, weak authority for the aggressive expansion of governmental immunity.

20  The *Kemmerer* decision actually applied two different governmental immunities: (1) a discretionary

21  immunity for government policy makers under § 820.5; and (2) a prosecutorial immunity under §

22  821.6.  *Kemmerer*'s analysis of § 820.5 does not represent the prevailing view, and has been openly

---

[4]     In *Asgari*, the California Supreme court applied immunity only as to damages incurred after formal arraignment on criminal charges because the police are charged with a duty to investigate crime and submit it for prosecution and because a prosecution actually occurred.  Otherwise, no immunity would have been applicable.  In Hernandez' case there was no prosecution and the purpose of the investigation was employment discipline—a non-administrative act.

[5]     The Airport Authority may be using *Braun*'s definition of "official proceeding"—which includes official audits—to fill in the missing link to its claim, i.e., that Bowens' investigation was part of an administrative proceeding, even though no such proceeding took place or was contemplated.  Since the *Braun* case embraced a different set of policies and priorities, the use of the case here is incomprehensible.

PL'S <u>SUPPL</u>. MEMO OF P'S & A'S IN OPPOS. TO DEF SDCRAA'S MSJ OR SUMM. ADJUD.

- 6 -

1  criticized. [*See Johnson v. State of California* (1968) 69 Cal. 2d 782, 794; *Harmston v. City &*

2  *County of San Francisco* 2007 U.S. Dist. LEXIS 74891; *Chapin v. Aguirre* 2007 U.S. Dist. LEXIS

3  41459]

4      *Kemmerer*'s analysis of immunities applicable to civil service administrative processes, while

5  still the law, has been ruled inapplicable where there is a statutorily imposed employee protection

6  for whistle-blowing. [*See Shoemaker v. Myers* (1992) 2 Cal.App.4th 1407, 1424-1425.] In reaching

7  its decision, the Court stated:

8      In interpreting legislative enactments, "we indulge in a presumption
   that constitutional and legislative provisions were not intended to

9  produce unreasonable results. [Citation.]" ( *Barber v. Blue* (1966) 65
   Cal.2d 185, 188 [52 Cal.Rptr. 865, 417 P.2d 401].) "Where a statute

10  is susceptible of two constructions, one leading to mischief or
   absurdity, and the other consistent with justice and common sense,

11  the latter must be adopted. [Citations.]" ( *Lampley v. Alvares* (1975)
   50 Cal.App.3d 124, 128- 129 [123 Cal.Rptr. 181]; *see Stanley v.*

12  *Justice Court* (1976) 55 Cal.App.3d 244, 253 [127 Cal.Rptr. 532].)
   CA[7c][7c] Recognition of section 821.6 immunity for cases falling

13  within section 19683 would largely emasculate the latter section and
   thereby frustrate the legislative purpose behind its enactment.

14

15      Similar policies apply here and support the limited application of the immunity statute. Its

16  expansive interpretation would tend to emasculate the protection offered to whistle-blowers

17  protected under § 1102.5 by allowing all public employers to shield themselves from liability by

18  merely claiming to be conducting a so-called "official" investigation. Since the *Shoemaker* case

19  precludes the application of immunity in the whistle-blower context, even where civil service

20  administrative procedures engage, it would be difficult to explain a statutory policy justifying the

21  expansion of § 821.6 where there is no such procedure engaged or contemplated.[6]

22  **D.**   **The Availability of a Non-Mandatory Labor Board Remedy Does Not Otherwise Place**

23      **Hernandez Claims Within the *Kemmerer* Decision**

24      When ordering further briefing, the Court indicated a concern over whether the jurisdiction

25  of the Labor Board might affect the applicability of the § 821.6 immunity. While the Court's interest

26

27      [6]   The expansion of such an immunity into non-administrative acts likewise runs afoul of long-standing
   constitutional principles (First Amendment) which preclude a public employer from retaliating against a public

28  employee for expressing views involving matters of public interest. [*See Gray v. Tulare* (1995) 32 Cal.App.4th 1079;
   *Waters v. Churchill* (1994) 511 U.S. 661]

83-1117

1   in this issue is appropriate, the authorities and analysis mentioned above suggest that the availability

2   of a Labor Board remedy would not affect the application of § 821.6. Since the invocation of a

3   Labor Board remedy would the consequence of an administrative proceeding instituted by

4   Hernandez, no prosecutorial immunity on behalf of the Airport Authority is engaged. Moreover, the

5   simple fact, that an administrative proceeding might follow with the Labor Board after the Airport

6   Authority's decision to terminate Hernandez' employment, cannot activate an immunity. If that were

7   the case, then the simple fact, that the Airport Authority could be sued for wrongful termination,

8   would place its wrongful act within the ambit of an immunized prosecution. But there is no

9   authority for the proposition that anticipated litigation–administrative or judicial–can be the basis

10   of a prosecutorial immunity. Not having pursued this issue, the Airport Authority apparently agrees.

11 **CONCLUSION**

12     What the Airport Authority has attempted to characterize as a routine application and

13   function of § 821.6, is far from it. It has, in fact, requested judicial "interpretation" of § 821.6, which

14   would more appropriately be characterized as "legislation." By its newly formulated definition of

15   "administrative proceeding," the Airport Authority appears to comprehend all government

16   employment actions within the class of administrative proceedings, despite constitutional principles

17   and legislative enactments which curtail the expansion of such immunities.

18   DATED: December 3, 2007

19                CATHRYN CHINN, ESQ.

20                PETER G. FRIESEN, Attorneys for
Plaintiff JOSE HERNANDEZ

21

22

23

24

25

26

27

28

83-1118

1  **Hernandez v. SD Regional Airport Authority**
   Diego County Superior Court Case No. GIC 871979

2  ## DECLARATION OF PERSONAL SERVICE

3      I, the undersigned, declare: That I am, and was at the time of service of the papers

4  herein referred to, over the age of eighteen years, and not a party to the action; and I am

5  employed in the County of San Diego, State of California, in which county the within-

6  mentioned service occurred. My business address is _____ , San

7  Diego, California.  I served the following document(s):

8                              see attached list

9  on the parties in said action by personal service on:

10 FRED M. PLEVIN (SBN 126185)
   SANDRA L. MCDONOUGH (SBN 193308)
11 ALBERT R. LIMBERG (SBN 211110)
   PAUL, PLEVIN, SULLIVAN & CONNAUGHTON LLP
12 401 B Street, Tenth Floor
   San Diego, California  92101-4232
13 Telephone: 619-237-5200
   Facsimile: 619-615-0700
14 **ATTORNEYS  FOR  DEFENDANT  SAN  DIEGO  COUNTY  REGIONAL  AIRPORT
   AUTHORITY**
15

16 by delivery to:

17     Name (and title) of person left with:      _____

18     Address where served:            same as above

19     Date of delivery:                December 3, 2007

20     Time of delivery:                ____ __.m.

21     I declare under penalty of perjury under the laws of the State of California that

22 the foregoing is true and correct. Executed on December 3, 2007, at San Diego, California.

23                                _____

24                                #____

25

**83-1119**

## LIST OF DOCUMENTS

PLAINTIFF JOSE HERNANDEZ' SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT SAN DIEGO COUNTY REGIONAL AIRPORT AUTHORITY'S MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, SUMMARY ADJUDICATION

PLAINTIFF JOSE HERNANDEZ' COMPENDIUM OF FOREIGN AUTHORITY IN OPPOSITION TO DEFENDANT SAN DIEGO COUNTY REGIONAL AIRPORT AUTHORITY'S MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, SUMMARY ADJUDICATION

BLUEBIRD
OFFICE SUPPLIES
(888) 477-0700
www.bluebirdonline.com